JUDGE ROBINSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 7359

---------------------------------------x
ACS RECOVERY SERVICES, INC.,            Civil Action No.:

              Plaintiff,

    -against-

MARIA B. FIGUEIREDO, as               COMPLAINT
Executrix of the Estate of
Antonio Figueiredo, Deceased,
and MARIA B. FIGUEIREDO,
Individually,

              Defendants.
---------------------------------------x



      Plaintiff ACS Recovery Services, Inc. ("ACS"), by its attorneys, Day Pitney LLP, as and for its complaint against defendants Maria B. Figueiredo, as Executrix of the Estate of Antonio Figueiredo, Deceased, and Maria B. Figueiredo, individually, ("defendants"), respectfully alleges:

### NATURE OF THE ACTION

      1.   This is an action under § 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(3), to enforce certain subrogation rights under an employee welfare benefit plan governed by ERISA. This action seeks equitable relief in accordance with the U.S. Supreme Court's decision in *Sereboff*

*v. Mid Atlantic Medical Services, Inc.*, ___ U.S. ___, 126 S. Ct. 1869 (2006).

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over the claims herein pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and pursuant to 28 U.S.C. § 1331 (federal question).

3.  Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), in that the benefit plan at issue herein is administered in this District and furthermore, upon information and belief, defendants reside or may be found in this District.

## PARTIES

4.  ACS is, and was, at all relevant times hereinafter mentioned, a Delaware corporation maintaining its headquarters at 1301 Basswood Road, Schaumburg, Illinois. ACS formerly did business as Primax Recoveries Incorporated.

5.  Upon information and belief, defendant Maria B. Figueiredo is a natural person residing at 46 Edgewood Avenue, Yonkers, New York.

6. Upon information and belief, defendant Maria B. Figueiredo is the executrix of the estate of Antonio Figueiredo, deceased.

7. Upon further information and belief, defendant Maria B. Figueiredo was the wife of Antonio Figueiredo, deceased, at the time of Mr. Figueiredo's death.

**FACTS COMMON TO ALL CAUSES OF ACTION**

A. **ACS's Business.**

8. ACS is an independent vendor of medical claims recovery and cost containment services to private healthcare payors, third-party administrators, self-funded employee benefit health plans and state and local government employee benefit health plans.

9. ACS's business is subrogation and reimbursement recovery, which involves the identification, investigation and recovery, by way of equitable enforcement of liens, of accident-related medical expenses paid or incurred by employee benefit health plans to or for the benefit of participants in such plans and their beneficiaries.

10. Pursuant to a contractual arrangement with non-party Great-West HealthCare ("Great-West"), ACS reviews and

3

pursues the equitable enforcement of plan liens arising as a result of the payment, by Great-West-administered plans, of medical expenses for illnesses or injuries sustained by individuals covered by such plans and for which other persons or entities have primary responsibility.

B.  **The ERISA Plan at Issue.**

11. One such Great-West-administered plan for which ACS is subrogation recovery specialist is The Health and Welfare Plan for Employees of Bus Associates, Inc. (the "Plan"), established and maintained by non-party Bus Associates, Inc. of Yonkers, New York.

12. The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1).

13. With respect to the claims asserted herein, ACS is a "fiduciary" of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

14. At all times relevant, Antonio Figueiredo was a participant in the Plan through his employer, Bus Associates, Inc.

### C.  Mr. Figueiredo's Accident, and the Plan's Advancement of Medical Expenses on His Behalf.

15. Upon information and belief, on or about January 22, 2003, Mr. Figueiredo sustained significant personal injuries to his head and torso as a result of an accident that occurred while performing construction work at premises known as 538 East 180th Street, Bronx, New York.

16. Upon information and belief, the circumstances surrounding the aforesaid accident and Mr. Figueiredo's injuries were such that persons other than Mr. Figueiredo were responsible, in whole or in part, for causing them.

17. As a result of the foregoing accident, the Plan incurred and paid expenses for the medical care and attention of Mr. Figueiredo in a total amount of $51,415.26.

18. Upon information and belief, on or about February 14, 2003, Mr. Figueiredo died as a result of the aforesaid injuries.

19. Upon information and belief, defendant Maria B. Figueiredo was thereafter appointed the executrix of the estate of Mr. Figueiredo.

### D. The Tort Action and Mrs. Figueiredo's Negotiation of a Settlement Amount.

20. Upon information and belief, defendant Maria B. Figueiredo, in her capacity as executrix of the estate of Antonio Figueiredo and individually, commenced a civil action in the Supreme Court of the State of New York, Bronx County, against non-parties New Palace Painters Supply Co., Inc., Fran-ju, Inc., and Gerardo Marchese Inc. (collectively, the "Tort Defendants").

21. Upon information and belief, in the aforesaid action, Mrs. Figueiredo alleged that the Tort Defendants were responsible, in negligence or otherwise, for Mr. Figueiredo's injuries and death.

22. Upon further information and belief, the aforesaid action remains pending in Supreme Court, Bronx County.

23. Upon information and belief, on or about May 31, 2007, defendant Maria B. Figueiredo, in her capacity as executrix and/or individually, and the Tort Defendants (or one or more of them) agreed to resolve the aforesaid civil litigation between them for the sum if $2,800,000.00.

24. Prior to the foregoing settlement, ACS, on behalf of the Plan, notified Mrs. Figueiredo, or her counsel, of the Plan's lien and demanded that she satisfy that lien out of, and upon her receipt of, proceeds, by way of settlement or otherwise, in the aforementioned lawsuit.

25. Mrs. Figueiredo, through her counsel, refused to recognized the Plan's lien.

26. ACS, on behalf of the Plan, now brings this action in equity pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), to enforce the Plan's lien.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### (ERISA § 502(e)(3), 29 U.S.C. § 1132(e)(2))

27. ACS repeats and realleges each and every allegation contained in paragraphs "1" through "26" hereof as if more fully set forth herein.

28. As a result of the Plan's payment of medical expenses to or for the benefit of Antonio Figueiredo, the Plan acquired a subrogation lien--to the extent of amounts so paid --upon any recovery that his estate or Mrs. Figueiredo individually might obtain from any third-party in connection with his injuries.

29. Upon information and belief, Mrs. Figueiredo, as executrix and individually, has reached a settlement agreement with the Tort Defendants in her civil litigation commenced against them, pursuant to which Ms. Figueiredo stands to receive approximately $2,800,000.00 on account of Mr. Figueiredo's injuries and death.

30. Prior to such settlement, ACS, on behalf of the Plan, provided notice to Mrs. Figueiredo or her counsel, of the Plan's lien and further demanded that she satisfy that lien upon her receipt of, and out of, the proceeds, by way of settlement or otherwise, of the aforementioned lawsuit.

31. Mrs. Figueiredo, through her counsel, has refused to recognized the Plan's lien.

WHEREFORE, plaintiff ACS Recovery Services, Inc. respectfully demands that this Court enter judgment in its favor and against defendants Maria B. Figueiredo, as executrix of the Estate of Antonio Figueiredo, deceased, and Maria B. Figueiredo, individually:

(a) adjudging and declaring that all proceeds received by Mrs. Figueiredo, as executrix or individually, as a result of or in connection with her lawsuit against New Palace Painters Supply Co., Inc., Fran-Ju, Inc., and Gerardo

Marchese Inc. is subject to a lien in favor of ACS to the extent of (i) the lesser of such proceeds, or (ii) $51,415.26, plus interest;

(b) ordering Mrs. Figueiredo, as executrix and individually, to pay over to ACS the amounts subject to said lien in discharge of same; and

(c) granting such other and further relief as this Court deems just and appropriate.

## AS AND FOR A SECOND CLAIM FOR RELIEF
(ERISA § 502(e)(3), 29 U.S.C. § 1132(e)(2))

32. ACS repeats and realleges each and every allegation contained in paragraphs "1" through "31" hereof as if more fully set forth herein.

33. As a result of the Plan's payment of medical expenses to or for the benefit of Antonio Figueiredo, the Plan acquired a subrogation lien--to the extent of amounts so paid --upon any recovery that his estate or Mrs. Figueiredo individually might obtain from any third-party in connection with his injuries.

34. Upon information and belief, Mrs. Figueiredo, as executrix and individually, has reached a settlement agreement with the Tort Defendants in her civil litigation commenced against them, pursuant to which Ms. Figueiredo

9

stands to receive approximately $2,800,000.00 on account of Mr. Figueiredo's injuries and death.

35. The Plan provides that, when benefits are paid in "relation to an Illness [as defined in the Plan], sickness or bodily injury,":

> [T]he Company [Great-West] may, at its option:
>
> - subrogate, that is, take over the Covered Person's right to receive payments from the Other Party. The Covered Person or his or her legal representative will transfer to the Company any rights he or she may have to take legal action arising from the Illness, sickness or bodily injury to recover any sums paid under the [Plan] on behalf of the Covered Person;
>
> - recover from the Covered Person or his or her legal representative any benefits paid under this [Plan] from any payment the [C]overed [P]erson is entitled to receive from the Other Party.
>
> The Covered Person or his or her legal representative must cooperate fully with the Company in asserting its subrogation and recovery rights. The Covered Person or his or her legal representative will, upon request from the Company, provide all information and sign and return all documents necessary to exercise the Company's rights under this provision.
>
> The Company will have a first lien upon any recovery, whether by settlement, judgment, mediation or arbitration, that the Covered Person receives or is entitled to receive from any of the sources listed above. This lien will not exceed:

10

- the amount of benefits paid by the Company for the Illness, sickness or bodily injury . . .; or

- the amount recovered from the Other Party.

\* \* \*

The Company's first lien rights will not be reduced due to the Covered Person's own negligence; or due to the Covered Person not being made whole; or due to attorney's fees and costs.

For clarification, this provision for subrogation and right of recovery applies to any funds recovered from the Other Party by or on behalf of:

- the Covered Person's minor covered Dependent;

- the estate of any Covered Person; or

- on behalf of any incapacitated person.

36. Pursuant to its contractual arrangement with Great-West, ACS is authorized to pursue the equitable enforcement of the aforesaid lien.

37. At all relevant times, Mr. Figueiredo was a "Covered Person" within the meaning of the Plan.

38. Upon information and belief, Mrs. Figueiredo is Mr. Figueiredo's "legal representative" within the meaning of the Plan.

39. Upon information and belief, Mrs. Figueiredo, as executrix and individually, has reached a settlement agreement with the Tort Defendants in her civil litigation commenced against them, pursuant to which Ms. Figueiredo stands to receive approximately $2,800,000.00 on account of Mr. Figueiredo's injuries and death.

40. Prior to such settlement, ACS, on behalf of the Plan, provided notice to Mrs. Figueiredo, or her counsel, of the Plan's lien and further demanded that she satisfy that lien upon her receipt of, and out of, the proceeds, by way of settlement or otherwise, of the aforementioned lawsuit.

41. Mrs. Figueiredo, through her counsel, has refused to recognized the Plan's lien.

WHEREFORE, plaintiff ACS Recovery Services, Inc. respectfully demands that this Court enter judgment in its favor and against defendants Maria B. Figueiredo, as executrix of the Estate of Antonio Figueiredo, deceased, and Maria B. Figueiredo, individually:

(a) adjudging and declaring that all proceeds received by Mrs. Figueiredo, as executrix or individually, as a result of or in connection with her lawsuit against New Palace Painters Supply Co., Inc., Fran-Ju, Inc., and Gerardo

Marchese Inc. is subject to a lien in favor of ACS to the extent of (i) the lesser of such proceeds, or (ii) $51,415.26, plus interest;

(b) ordering Mrs. Figueiredo, as executrix and individually, to pay over to ACS the amounts subject to said lien in discharge of same; and

(c) granting such other and further relief as this Court deems just and appropriate.

Date:   New York, New York       DAY PITNEY LLP
        August 17, 2007          Attorneys for Plaintiff,
                                 ACS Recovery Services, Inc.

By: _____/s/ Glenn Butash_____
    Glenn E. Butash (GB 4695)
    7 Times Square
    New York, NY 10036
    Telephone: (212) 297-5800
    Facsimile: (212) 916-2945
    Email: gbutash@daypitney.com

13