```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
ACS RECOVERY SERVICES, INC.,

               Plaintiff,                    07CV7359(CLB)(LMS)

     v.                                      NOTICE OF MOTION

MARIA B. FIGUEIREDO, as Executrix
of the Estate of Antonio Figueiredo,
Deceased, and MARIA B. FIGUEIREDO,
Individually,

               Defendant.
---------------------------------------X
```

      **PLEASE TAKE NOTICE** that, MARIA B. FIGUEIREDO, as Executrix of the Estate of Antonio Figueiredo, Deceased, and MARIA B. FIGUEIREDO, Individually, Defendant, by her attorney David P. Kownacki, Esquire, a member of the bar of this Court, moves for an order pursuant to FRCP 12(b)(6), seeking dismissal of the instant action at a courthouse located at 300 Quarropas Street, White Plains, New York.

      **PLEASE TAKE FURTHER NOTICE** that, responses and/or objections, if any, to the motion and the relief requested therein shall be in writing, shall conform to the United States District Court Rules, shall set forth the basis for the response and/or objection and the specific grounds therefor, shall be filed with the United States District Court electronically in accordance with the Court's directives on or by December 3, 2007.

```
Dated: New York, New York
       November 14, 2007
```

|                                   |                |
| --------------------------------- | -------------- |
| Signature                         |                |
| David P. Kownacki                 | DK2601         |
| Print Name                        | Bar Number     |
| 122 East 42nd Street, Suite 2112  |                |
| Address                           |                |
| New York     New York             | 10168          |
| City         State                | Zip Code       |
| (212) 557-4190                    | (212) 557-4188 |
| Phone Number                      | Fax Number     |

TO:
Mikhal Francois, Esq.
**DAY PITNEY, LLP**
Seven Times Square
New York, New York 10036

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
ACS RECOVERY SERVICES, INC.,

            Plaintiff,                  07CV7359(CLB)(LMS)

      v.                                **AFFIDAVIT**

MARIA B. FIGUEIREDO, as Executrix
of the Estate of Antonio Figueiredo,
Deceased, and MARIA B. FIGUEIREDO,
Individually,

            Defendant.
---------------------------------------X

State of New York   )
                    )   ss.:
County of New York  )
```

**David P. Kownacki, Esq.**, being duly sworn deposes and says:

1. I am the attorney for defendant in the above-entitled action and am familiar with the facts, circumstances and prior proceedings. This affidavit is submitted in support of the instant application, pursuant to FRCP 12(b)(6), seeking an order of dismissal.

2. This action is brought by ACS Recovery Services Inc., the fiduciary of Great-West Life Insurance Company, against Maria B. Figueiredo. It seeks to recover health care benefits allegedly paid in connection with medical and hospitalization expenses incurred by her husband, Antonio Figueiredo, prior to his death.

3. Mr. Figueiredo, a self-employed construction contractor, was severely injured in a workplace fall on January 22, 2003. He was hospitalized at two different institutions prior to his death from those injuries on February 14, 2003. The expenses for his medical care and hospitalizations were allegedly

paid pursuant to a plan of health insurance furnished to Maria B. Figueiredo through her employment. It is claimed by plaintiff here that those payments totaled $51,415.26.

4. This office was retained as trial counsel by Arnold I. Bernstein, Esq. to represent Maria B. Figueiredo, as Executrix of the Estate of Antonio Figueiredo, in an action for personal injuries and wrongful death against the owner and general contractor of the construction site where Mr. Figueiredo was injured. During the course of this litigation, we were contacted by ACS, who claimed to assert a lien on any recovery in the underlying state court action in the amount of $51,419.26. This office demanded to know the basis for this claim and that we be furnished with a copy of the contract of insurance. We have never been furnished with a copy of the contract and this office advised ACS that we did not recognize their right to a lien.

5. The underlying action, <u>Figueiredo v. New Palace Painters, et al</u>., Bronx County Index Number 8151/04, was settled recently for $2.8 million. Pursuant to New York State E.P.T.L. § 5-4.6,[1] an application was made, by Order to Show Cause, to approve the amount of the settlement and the attorneys' disbursements and fees, pending approval of the final distribution to Mrs. Figueiredo by Surrogate's Court, Westchester County. As part of that application, we also asked the state court to extinguish the claimed lien asserted by ACS on behalf of Great-West Life Insurance

---

[1] That statute permits the settlement to be collected, fees and disbursements paid and the remainder placed in an interest bearing account while the often lengthy Surrogate's Court proceeding moves forward.

Company (Copy of Order to Show Cause annexed as Ex. "A").

    6.    As directed by the court, the application was personally served upon ACS at its headquarters located at 2100 Manchester Road, Number 900, Wheaton, Illinois on July 2, 2007 (Copy of Affidavit of Personal Service annexed as Ex. "B"). The return date of the Order to Show Cause was Monday, August 6, 2007. During the afternoon of Friday August 3, 2007, this attorney received a telephone call from Glenn E. Butash, Esq., on behalf of ACS. He suggested that the motion be adjourned. No reason for the request for an adjournment was given. When that suggestion was rejected, he stated that he would appear before Justice Silver on Monday the 6th and seek an adjournment. On the return date, August 6, 2007, no one appeared in court on behalf of ACS. Instead, Mr. Butash sent a letter to Justice Silver and this office, via facsimile that morning, seeking to adjourn the motion (Copy annexed as Ex. "C"). Justice Silver was informed of my telephone conversation with Mr. Butash the previous Friday. The adjournment was not granted and the application on behalf of Mrs. Figueiredo was granted in its entirety and the claim by ACS extinguished (Copy of Orders[2] from Justice Silver annexed as Ex. "D").

    7.    ACS did not seek to have the court reconsider that application, vacate its default or appeal the order extinguishing its claim.

    8.    On August 24, 2007, this office received a package from

---

[2] At the request of Surrogate's Court, Westchester County, the original short form Order was clarified in a Second Order, dated September 19, 2007, to include the precise amount of disbursements and attorney's fees.

plaintiff's counsel that included the Summons and Complaint instituting the instant action, a "plan summary" and a letter, dated August 21, 2007, outlining plaintiff's claim (copies collectively annexed as Ex. "E").

    9.    The instant motion is made on a good faith basis. The application to extinguish the claim by ACS was granted. As discussed in the accompanying Memorandum of Law, it is of no moment that the motion was granted on default. The Order of Justice Silver is entitled to full faith and credit from this Court and plaintiff is collaterally estopped from instituting a Federal action after having the issue determined in state court. It makes no difference that counsel for ACS intentionally did not appear for oral argument on the motion and permitted a default to be entered against ACS.

    **WHEREFORE**, it is requested that this application be granted in its entirety, along with such other and further relief that this Court deems just, proper and equitable.

 

_____**DAVID P. KOWNACKI (DK2601)**
Sworn to before me this
14th day of November, 2007



_____
Notary Public



\\Server\client\A to G\Figueiredo, A\motion to dismiss USDC.wpd

**AFFIDAVIT OF SERVICE BY MAIL**

State of New York   )
                    )   ss.:
County of New York  )

Albania Salas, being duly sworn, deposes and says, that deponent is not a party to the within action, is a resident of Bronx County and is over 18 years of age.

That on November 15, 2007, I served a true copy of the within **NOTICE OF MOTION AND SUPPORTING DOCUMENTS** upon:

Mikhal Francois, Esq.
**DAY PITNEY, LLP**
Attorneys for Plaintiff
Seven Times Square
New York, New York 10036

by depositing a true copy of the same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York and directed to the said persons at the address indicated above, such address being the address designated by said persons for that purpose.

_____
                               Albania Salas

Sworn to me before this
15th day of November 2007

_____
        Notary Public