```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
ACS RECOVERY SERVICES, INC.,

            Plaintiff,                      07CV7359(CLB)(LMS)

      v.

MARIA B. FIGUEIREDO, as Executrix
of the Estate of Antonio Figueiredo,
Deceased, and MARIA B. FIGUEIREDO,
Individually,

            Defendant.
---------------------------------------X
```

## MEMORANDUM OF LAW

by David P. Kownacki, Esq.
Attorney for Defendant

                    David P. Kownacki, PC
                    122 East 42nd Street
                    Suite 2112
                    New York, New York 10168
                    (212) 557-4190

**FACTS**

This action is an brought pursuant to ERISA § 502(e)(3), 29 U.S.C. § 1132(e)(2) alleging that plaintiff ACS has a right to reimbursement of payments made to medical care providers on behalf of Antonio Figueiredo as a result of injuries suffered on January 22, 3003.  Mr. Figueiredo died on February 14, 2003, as a result of these injuries.  Defendant here is the widow of  Mr. Figueiredo and Executrix of his estate.  It was her policy of health insurance, obtained through her employer, that allegedly paid these benefits. She recently settled a personal injury/wrongful death action in Supreme Court, Bronx County and plaintiff here is seeking $51,415.26 it says was paid due to the injuries suffered by Mr. Figueiredo.

When the parties to the state court action agreed on the amount of the settlement, an application was made via order to show cause for an order, pursuant to  E.P.T.L. § 5-4.6 approving the amount of the settlement, attorneys' fees and disbursements.  That motion also included an application to vacate the claim asserted by ACS for reimbursement of $51,415.26.  Although ACS was properly served with the order to show cause about five weeks before the return date and had a full opportunity to contest the matter in state court, it did not submit opposition or appear and participate at the oral argument of the matter before Justice Howard Silver.  Instead, counsel for ACS sent a letter, via facsimile to the presiding Justice on the morning oral argument was scheduled, seeking an adjournment.  The

2

application to vacate the lien was granted, without opposition, in a short form order, dated August 6, 2007, and again in a second order, dated September 19, 2007.

Plaintiffs' verified complaint was filed and served on defendant on August 24, 2007. The instant motion seeks summary judgment and an order of dismissal of the claim of plaintiff based on collateral estoppel. The same issue was litigated in the Bronx County state court action and resulted in a decision favorable to defendant here that disposed of the claim. Through the instant action plaintiff is attempting to re-litigate a matter already decided by a court of competent jurisdiction.

**ISSUE**

COLLATERAL ESTOPPEL SHOULD BE APPLIED IN
THE CASE AT BAR SINCE THE ISSUES PRESENTED
IN THE STATE COURT PROCEEDING ARE IDENTICAL
TO THOSE ALLEGED IN THE INSTANT ACTION AND
ACS HAD A FULL AND FAIR OPPORTUNITY TO
LITIGATE ALL ISSUES.

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted if the pleadings, affidavits and other papers submitted in support of the motion show that there is no genuine triable issue of material fact and that the moving party is entitled to summary judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Corselli v. Coughlin, 842 F.2d 23 (2d Cir.1988); Donahue v. Windsor Locks Board of Fire Commissioners, 834 F.2d 54 (2d Cir.1987); Burtnieks v. City of New York, 716 F.2d 982 (2d Cir.1983). This court must therefore determine whether a material issue of fact exists, City of Yonkers v. Otis Elevator Co., 844 F.2d 42 (2d Cir.1988).

Where the moving party has sustained its burden of demonstrating a lack of any issue of fact, the opposing party is obligated to identify specific facts showing a genuine issue exists for trial, Celotex Corp. v. Catrett, supra, 477 U.S. at 323, 106 S.Ct. at 2553; First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-89, 88 S.Ct. 1575, 1592-93, 20 L.Ed.2d 569 (1968); Wyler v. United States, 725 F.2d 156, 160 (2d

Cir.1983); Contemporary Mission, Inc. v. U.S. Postal Service, 648 F.2d 97, 107 (2d Cir.1981).

The crux of this motion is whether to apply collateral estoppel and full faith and credit to the state court determination. If the answer is yes, this action should be dismissed. The determination of whether to accord collateral estoppel effect to the order from the Supreme Court of the State of New York, Bronx County, must focus on the realities of the prior litigation, Ryan v. New York Tel.Co., 62 N.Y.2d 494, 501, 478 N.Y.S.2d 823 (1984); Clemens v. Apple, 65 N.Y.2d 746, 492 N.Y.S.2d 20 (1985). The reality here was that ACS was aware of the personal injury litigation and claimed a right to reimbursement. Mrs. Figueiredo disputed that right and ACS was aware of this. An application was properly made in state court, where the underlying action was pending, to extinguish that claim. ACS was on ample notice of this application, having been personally served with the application about five weeks before oral argument, and had a full and fair opportunity to contest the issue. Through counsel, it chose not to appear for argument or contest the matter in state court, instead seeking a last minute adjournment in order to file this action. Mrs. Figueiredo obtained an order extinguishing the claim. Rather than oppose the application in state court, reargue or renew the motion or appeal that order, ACS instituted the instant action within about seventeen days of its default in state court, with full knowledge that the matter had already been adjudicated.

5

The Full Faith and Credit Act (28 U.S.C. § 1738) requires this Court to give the same preclusive effect to the state court determination as any another New York court would give, Tonken & Associates, LLC v. Loving & Weintraub, Inc., 22 F.Supp.2d 86, 90 (S.D.N.Y.1998), citing Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); International Evangelical Church of Soldiers of the Cross of Christ v. Church of Soldiers of the Cross of Christ of State of Cal., 54 F.3d 587 (9th Cir. 1995).  This mandate is not altered by the fact that the determination was obtained on a default, Kelleran v. Andrijevic, 825 F.2D 692 (2nd Cir. 1987).  See also, Muir v. Long Island Realty Funding Corp., 107 B.R. 13 (E.D.N.Y. 1989). "In New York, when a party defaults by failure to answer ... the defaulting litigant may not further contest the liability issues." Kelleran v. Andrijevic, supra, 825 F.2d 692, 694 (2d Cir.1987), citing Amusement Bus. Underwriters v. Am. Int'l Grp., 66 N.Y.2d 878, 498 N.Y.S.2d 760, 489 N.E.2d 729 (1985).  Here, there was more than a mere default; this was a wilful and intentional default.  Therefore, this Court must determine what effect the New York courts would give to the prior court order, Brooks v. Giuliani, 84 F.3d 1454, 1463 (2d Cir.1996); Kelleran v. Andrijevic, supra, 825 F.2d 692, 694 (2d Cir.1987).  Under New York law, the doctrine of res judicata is analyzed using a transactional approach. Schwartzreich v. E.P.C. Carting Co ., Inc., 668 N.Y.S.2d 370, 372 (1st Dep't 1998). When a claim is concluded and the losing party had a fair opportunity to

litigate, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy, O'Brien v. City of Syracuse, 54 N.Y.2d 353, 445 N.Y.S.2d 687, 429 N.E.2d 1158 (1981); Browning Ave. Realty Corp v. Rubin, 207 A.D.2d 263, 615 N.Y.S.2d 360 (1st Dep't 1994) lv. denied, 85 N.Y.2d 804 (1995). Where a party fails to raise a defense or issue that could properly have been asserted in one action, res judicata will bar the party from raising that issue in a subsequent action, Tonken & Associates, LLC v. Loving & Weintraub, Inc., supra, 22 F.Supp.2d 86 (S.D.N.Y.1998).

Under New York law a determination on default must be given claim or issue preclusion effect as it is a decision on the merits, Parker v. Hoefer, 2 N.Y.2d 612, 162 N.Y.S.2d 13, 142 N.E.2d 194 (1957), cert. den. 355 U.S. 833, 78 S.Ct. 51, 2 L.Ed.2d 45; Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N.Y. 304, 165 N.E. 456 (1929); Jasper v. Rozinski, 228 N.Y. 349, 127 N.E. 189 (1920); Feeney v. Licari, 131 A.D.2d 539, 516 N.Y.S.2d 265 (2nd Dep't 1987); Spindell v. Brooklyn Jewish Hospital, 35 A.D.2d 962, 317 N.Y.S.2d 963 (2nd Dep't 1970); Walston & Co., v. Klein, 44 Misc.2d 607, 254 N.Y.S.2d 734 (N.Y. Sup. 1964), affd. 24 A.D.2d 559, 260 N.Y.S.2d 734 (1st Dep't 1965).

Two requirements must be satisfied before issue preclusion will occur: 1) The identical and decisive issue must have been decided in the prior proceeding and 2) ACS must have

had a full and fair opportunity to contest the matter, <u>Tobias v.. City National Bank and Trust Co.</u>, 709 F.Supp. 1266 (S.D.N.Y., 1989). The identity of issues question requires that in the prior litigation there was a final determination of the same issue that was material to the prior outcome of that litigation, <u>Wilson v. Supreme Color Card, Inc.</u>, 87 Civ. 0037 (S.D.N.Y., 1988), citing <u>Montana v. The United States</u>, 440 U.S. 147, 153-55 (1979).

There is no question that the issue decided through the state court motion practice is the identical issue in the instant action. ACS asserted that it is entitled to be reimbursed for any payments for medical care rendered to Mr. Figueiredo between the date of injury and his death. Mrs. Figueiredo asserted that there is no obligation to replay any benefits paid through a policy of health insurance for which she had presumably paid premiums. The motion was made before a court of competent jurisdiction and ACS was properly served with the application. ACS failed to appear or oppose the application, instead sending a last minute application for an adjournment to the presiding justice, via facsimile. However, ACS had a full and fair opportunity to contest the issue and simply chose not to litigate in state court.

This Court should be aware that damages for medical expenses reimbursed by a private policy of health insurance were not recoverable in the state court action. C.P.L.R. § 4545(c), provides for a post trial hearing to determine a set off based

upon medical costs paid by a collateral source.  Thus, if the state court case had proceeded to a verdict, any amount awarded to the estate for medical expenses incurred would have been reduced by the amount those expenses were paid by Mrs. Figueiredo's health insurance provider.

## **CONCLUSION**

This motion should be granted in its entirety. Plaintiff here is simply seeking to re-litigate a matter that has already been determined in the state court proceeding.

Dated:   New York, New York
         November 14, 2007

>                               Respectfully submitted,
>
>                               _____
>                               David P. Kownacki, Esq. (2601)
>                               Attorney for Defendant
>                               122  East 42nd Street
>                               Suite 2112
>                               New York, New York 10168
>                               (212) 557-4190

\\Server\client\A to G\Figueiredo, A\memorandum of law.wpd