Exhibit A

**HOWARD  SILVER**

**STANLEY GREEN**

PRESENT:    HONORABLE HOWARD SILVER
                                J.S.C.

At a STP Part , of the Supreme
Court of the State of New York in
and for the County of Bronx at the
Courthouse located at 851 Grand
Concourse, Room 217, Bronx, New
York on the 2⁹ day of June
2007.

**FAX TO: 212-557-4188**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------X
MARIA B. FIGUEIREDO, as Executrix of the
Estate of ANTONIO FIGUEIREDO, deceased
and MARIA B. FIGUEIREDO, Individually
Plaintiff,

-against-

NEW PALACE PAINTERS SUPPLY CO., INC.,
FRAN-JU, INC. and GERARDO MARCHESE, INC.,

Defendants.
----------------------------------------X

COURT & COUNSEL :

Index No. 8151/04

**ORDER TO
SHOW CAUSE**

Assigned:
Hon. Howard Silver

Upon reading and filing the annexed affidavit of David P.
Kownacki, Esq. of the Law Office of David P. Kownacki, PC
attorneys for the plaintiff herein, sworn to on June 20, 2007,
let the defendants show cause before this Court at an STP Part
thereof, at the Courthouse located at 851 Grand Concourse, Bronx,
New York, Room 705 on the 20ᵗʰ day of July ,2007, at
9:30 A.M., or as soon thereafter as counsel may be heard, why an
Order should not be made 1)Motion Pursuant to E.P.T.L. §
5-4.6 for an order to approve the settlement, disbursements,
attorney's fee and directing payment of the settlement, and;
2) Granting the claimant relief to extinguish any claimed
Great-West Healthcare lien asserted by ACS Recovery Services,

and, and for any and other relief that this Court may deem just,
equitable and proper.

Sufficient cause appearing therefore, let PERSONAL service
of a copy of this Order and a copy of the papers upon which it is
based upon the attorney for the defendants on or before the
5th day of July , 2007, be deemed good and
sufficient service.

ENTER

HONORABLE
J. S. C. ~~STANLEY GREEN~~

HOWARD R. SILVER

EB25098018105

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------X
MARIA B. FIGUEIREDO, as Executrix of the
Estate of ANTONIO FIGUEIREDO, deceased          Index No. 8151/04
and MARIA B. FIGUEIREDO, Individually,

                    Plaintiff,                  **AFFIDAVIT**

          - against -

NEW PALACE PAINTERS SUPPLY CO., INC.,
FRAN-JU, INC. and GERARDO MARCHESE, INC.,

                    Defendants.
----------------------------------------X
State of New York    )
                     )    ss.:
County of New York   )

     **David P. Kownacki, Esq.**, being duly sworn deposes and says:

     1.    I am trial counsel for the plaintiff in the above-

entitled action and am familiar with the facts, circumstances and

prior proceedings of this action.  This office was retained by

Arnold Bernstein, Esq., who initiated this action.  This

affidavit is submitted in support of the instant application,

pursuant to section 5-4.6 of the Estates, Powers, and Trusts Law

(E.P.T.L.), seeking an order: 1) approving this settlement in the

amount of $2,800,000.00, based upon the merits of the action and

the amount of the proposed settlement; 2) approving attorneys

fees and other payable expenses; 3) ordering the defendants

herein to pay all sums due and owing under the settlement

agreement pursuant to C.P.L.R. § 5003-A; and 4) directing that

this office deposit these settlement proceeds into an interest

bearing account for the benefit of the distributees;5) granting

the claimant relief to extinguish any claimed Great-West

Healthcare lien asserted by ACS Recovery Services; and 6) for

such other and further relief as this Honorable Court deems just, proper and equitable. This application is being made by Order to Show Cause because in the 5th branch of the motion we are seeking relief against non-party ACS Recovery Services.

2.    This action is for damages for personal injuries and wrongful death. The trial was scheduled to begin on June 12, 2007, but we have been able to negotiate a settlement acceptable to both sides. The proposed settlement is for $2,800,000.00, ~~payable as follows: $17,000,000 to be paid by defendant NEW PALACE PAINTERS SUPPLY CO., INC. (through United America Bank), an additional $1,000,000 to be paid by defendant NEW PALACE PAINTERS SUPPLY CO., INC. (through One Beacon); an additional $150,000 from NEW PALACE PAINTERS SUPPLY CO., INC. (through AIG) to be paid in 90 days and be structured with an AIG approved company; and defendant FRAN-JU, INC. is to pay $650,000~~. All payments are guaranteed. See Exhibit "A"(signed settlement from mediator.) Given the risks of going to verdict and the facts of the case, as described below, this is an equitable settlement.

3. This action is grounded for catastrophic and ultimately fatal personal injuries suffered by the plaintiff's decedent Antonio Figueiredo, as a result of a construction site accident that occurred on January 22, 2003, while he was doing construction work at the premises known as 538 East 180th Street, County of Bronx, City and State of New York. The certified report of the Medical Examiner (Annexed as Ex. "B") documents her conclusions that Mr. Figueiredo suffered blunt impact injury to the head including: subscalpular hemorrhage; occipital fracture,

healing; subdural and epidural hemorrhage, organizing; subarachnoid hemorrhage, slight; moderate cerebral edema with bilateral transtentorial herniation. Injuries to the torso include: contusion, left flank; bilateral rib fractures; vertebral fracture, T12, anamestic; lung with fat emboli; and pleural adhesions, left.   Mr. Figueiredo died on February 14, 2003.

4.   On or about October 21, 1985, A Last Will and Testament was issued by Antonio Figueiredo in which Mr. Figueiredo's widow, Maria Figueiredo, is appointed Executrix.. Following that appointment an action was commenced with the filing of a Summons and Verified Complaint, annexed hereto as Exhibit "C." Issue was joined by service of Verified Answer from the defendants, a copy of which is annexed hereto as Exhibit "D." A Preliminary Conference was held and an order issued, a copy of which is annexed hereto as Exhibit "E." A Bill of Particulars was prepared and served, annexed hereto as Exhibit "F." An examination before trial of the plaintiff Maria Figueiredo and her son Miguel Figueiredo were completed, depositions of defendants and a non-party witness were conducted.

5.   The Note of Issue was filed and this office filed a summary judgment motion. Plaintiff obtained summary judgment on liability on October 27, 2006, and a damages only trial was scheduled in Supreme Court, Bronx County.

6.   Numerous settlement negotiations took place and on or about May 31, 2007 at a mediation held by Mediator Michael McAllister in his offices located at JAMS 45 Broadway, 28th

Floor, New York, New York 10006 , it was agreed that this matter would be resolved for the sum of $2,800,000.00. This application is made within sixty days of the proposed resolution of this matter.

7.    Pursuant to E.P.T.L. § 5-4.6, we ask this Honorable Court to approve this settlement in the amount of $ 2,800,000.00 as fair and reasonable.  It will permit plaintiff to avoid the risks and expense of trial and enable Mrs. Figueiredo and her son to put this sad episode behind them.

8.    Pursuant to E.P.T.L. § 5-4.6, we ask this Honorable Court to authorize and empower Maria Figueiredo, as Executrix of The Estate of Antonio Figueiredo , to execute a general release and to sign all papers necessary to collect the $2,800,000.00 settlement.

9.    Pursuant to E.P.T.L. § 5-4.6, we request an order directing that the sum of $2,800,000.00 be paid by the defendants and their insurance companies in accordance with the terms specified and agreed to.  We ask that this order direct the money be placed in an interest bearing escrow account until such time that distribution is directed by Surrogate's Court.  We further request that by this order the Court approve the following expenses and attorney's fee:

| | |
|---|---|
| Records | $957.07 |
| Investigation | 41.00 |
| Index | 210.00 |
| RJI | 95.00 |
| Four motions | 180.00 |
| Note of Issue | 95.00 |
| Surrogates' filing fee | 1,250.00 |
| Lawyers service | 156.50 |
| Service of process | 157.50 |

| | |
|---|---|
| ebt transcripts | 1,244.47 |
| Copy Service | 53.83 |
| Trial subpoenas | 349.00 |
| Appeal | 526.70 |
| Notice of Appeal | 65.00 |
| Experts | $3,100.00 |
| Total Expenses: | $8,481.07 |

After these expenses are deducted, the net amount is
$2,791,518.93.   The retainer agreement, annexed hereto as Exhibit
"G," provides for attorney's fees totaling one third of the
recovery after deduction of expenses. Accordingly, the total
attorney's fee is $930,506.31 and will be shared between this
office and Arnold Bernstein, Esq., pursuant to our prior
agreement.   This will leave a net settlement of $1,861,012.62,
exclusive of the claimed lien, discussed *infra*.

     10.   By this application, we request that this Court approve
payment to this office of disbursements in the amount of
$8,481.07 and attorney's fees in the amount of $930,506.31, upon
submission to this Court, by written correspondence, of proof of
filing a petition for allocation and distribution in the
Surrogate's Court on behalf of the Decedent's Estate.

     11. Pursuant to E.P.T.L. § 5-4.6, the written approval by
this Court of the compromise described above is conclusive
evidence of the adequacy of the compromise in any proceeding in
the Surrogates's Court for the final settlement of the account of
such executrix or personal representative.   We will continue to
serve as attorneys for the Estate until entry of a final decree
in the Surrogate's Court.

## ALLEGED LIEN

12.  On or about November 15, 2006, this office received an initial letter from ACS Recovery Services (hereinafter ACS), on behalf of Great-West Healthcare, which claimed that as a result of the plaintiff's decedent's injuries, Great-West Healthcare had expended certain sums of money for medical care on behalf of plaintiff, pursuant to a health insurance policy, and that said sums would be considered a lien against any recovery in this action. (a copy of said letter is annexed hereto as Exhibit "H").

13.  In response to their letter received on November 15, 2006, this office contacted ACS by letter dated November 16, 2006 to determine on what basis they claimed a lien, and demanding a copy of the policy under which benefits were paid (a copy of said letter is annexed hereto as Exhibit "H").  ACS advised in a letter dated November 28, 2006 that work related injuries were not covered by the claimant's health plan.  They later sent this office a letter dated April 4, 2007 with a claimed lien of $51,419.26 but no contract (a copy of said letters are annexed hereto as Exhibit "H").  Thereafter, on April 10, 2007 this office again wrote to ACS acknowledging receipt of their letter and advising them that we did not recognize their right to a lien.

14.  ACS does not state grounds upon which their lien is based.  The Unites States Supreme Court recently addressed Medicaid liens in <u>Arkansas Department of Health and Human Services v. Ahlborn</u>, 126 S.Ct. 1752 (May 1, 2006) overruling the New York Court of Appeals' holdings in <u>Calvanese v. Calvanese</u>, 93

N.Y. 2d 111 (1999) and Gold v. United Health Services Hospitals,
95 N.Y. 2d 683 (2001) which previously governed recovery of
Medicaid payments in personal injury law suits, Lugo ex rel. Lugo
v. Beth Israel Medical Center, 819 N.Y. 2d 892, 2006 N.Y. Slip
Op. 26340 (Sup. Ct. N.Y. Co. 2006).  The recovery of funds by
Medicaid is now limited to such portion of a settlement as is
specifically allotted to payment for medical care and expenses,
Arkansas Department of Health and Human Services v. Ahlborn,
supra.

    15.  Although ACS does not site any specific contractual
language giving rise to a lien herein, it is respectfully
submitted that The United States Supreme Court's logic applies to
this situation as well.  There was no claim in the Bill of
Particulars for medical expenses.  Indeed, any recovery for
medical expenses would be the subject of a collateral source
hearing and there would be a set off for any amount paid by an
insurance company.  See CPLR §4545.  That same insurance company
is now trying to recoup benefits paid.  Because the settlement at
bar does not specify payment for medical expenses, none should be
recoverable herein by ACS or Great-West Healthcare.

    16.  Binding Court of Appeals and Appellate Division
precedents have expressly held that where, as here, the parties
expressly attest that a settlement is solely for pain and
suffering, and any claim for reimbursement of expenses is waived,
a health insurer cannot exert a lien or a right of subrogation
against the proceeds of said settlement.  See Teichman v.
Community Hospital of Western Suffolk, 87 N.Y.2d 514, 521, 640

N.Y.S.2d 472, 475, 663 N.E.2d 628, 631 (1996); <u>Berry v. Saint
Peter's Hospital of the City of New York</u>, 250 A.D.2d 63, 68-69,
678 N.Y.S.2d 674, 678(3d Dep't 1998); <u>Independent Health
Association v. Grabenstatter</u>, 254 A.D.2d 722, 724, 678 N.Y.S.2d
220, 221 (4th Dep't 1998).

17.   In <u>Teichman</u>, the Court of Appeals held as follows with
regard to a health insurer's lien: "The unambiguous paragraph of
the Plan falls far short of these requirements. The refund
provision simply states that if the insured is "repaid" for all
or some of its medical expenses, appellant "will have the right
to a refund." The Plan does not identify property subject to the
right of refund; it does not describe the property in such a way
as to make identification possible; and it does not state the
parties' intention that the property be "held, given or
transferred as security for [an] obligation." (*James*, 256 N.Y.
at 303, 176 N.E. 401; *see also, Datlof v. Turetsky*, 111 A.D.2d
364, 365, 489 N.Y.S.2d 353.)

18. No prior request for the relief sought herein has heretofore been made.
   **WHEREFORE**, it is requested that this application be granted
in its entirety, along with such other and further relief that
this Honorable Court deems just, proper and equitable.

                                    _____
                                    DAVID P. KOWNACKI

Sworn to before me this
20th day of June 2007

_____
Notary Public

ANDREW D. LEFIT
Notary Public, State of New York
No. 02LE6077903
Qualified in New York County
Commission Expires July 22, 20_10_

Exhibit A

## Settlement Agreement

Antonia Figueirido
*et al*
_____
Plaintiff(s):

vs.

New Parlane Painting
*et al*
_____
Defendant (s):

The undersigned Plaintiff and Defendant have agreed to settle their pending suit by the defendant paying and the plaintiff accepting the sum of:

Two million, eight hundred thousand dollars ($ 2,800,000 )

as and for complete settlement of all claims by the Plaintiff against the Defendant.

Defendant shall pay the above sum to the Plaintiff as soon as possible together with appropriate releases and a stipulation for dismissal of the pending suit. Plaintiff shall pay all liens and claims involved in this action and hold Defendant harmless and free of any responsibility therefore.

This agreement is binding upon each of the parties hereto as evidenced by their signatures.

Dated: 5/31/07

_____
Attorney for Plaintiff

_____
Defendant Representative

Wade Clark Mulcahy
by Nicole Y. Brown
△ Fran-Ju, Inc.

Signatures witnessed by:

_____
Mediator

AEG - $150,000 to be paid in 90 days and be struck w/ AEG approved company.

Fran Ju Inc. $ 650,000

New Parlane Painting Supply Co Inc - $ 1 mill-Vested do

Carriers other than AIG to

Exhibit B



# OFFICE OF CHIEF MEDICAL EXAMINER
## CITY OF NEW YORK

# REPORT OF AUTOPSY



**Name of Decedent:** Antonio Figueiredo

**M.E. Case #:** BX03-00563

**Autopsy Performed by:** James Gill, M.D.

**Date of Autopsy:** Feb. 15, 2003

---

## FINAL DIAGNOSES

I.   BLUNT IMPACT INJURY OF HEAD:
  A. SUBSCALPULAR HEMORRHAGE.
  B. OCCIPITAL FRACTURE, HEALING.
  C. SUBDURAL AND EPIDURAL HEMORRHAGE, ORGANIZING.
  D. SUBARACHNOID HEMORRHAGE, SLIGHT.
  E. MODERATE CEREBRAL EDEMA WITH BILATERAL TRANSTENTORIAL HERNIATION.
  F. SEE NEUROPATHOLOGY REPORT.
  G. DILANTIN THERAPY FOR POST TRAUMATIC SEIZURE PROPHYLAXIS.

II.  BLUNT IMPACT INJURY OF TORSO:
  A. CONTUSION, LEFT FLANK.
  B. BILATERAL RIB FRACTURES.
  C. VERTEBRAL FRACTURE, T12, ANAMNESTIC.
  D. LUNG WITH FAT EMBOLI.
  E. PLEURAL ADHESIONS, LEFT.

III. ESOPHAGEAL EROSION.

IV.  STATUS-POST ATTEMPTED RESUSCITATION.

---

**CAUSE OF DEATH:**          **BLUNT INJURIES OF HEAD AND TRUNK.**

**MANNER OF DEATH:**          **ACCIDENT (FALL FROM SCAFFOLD).**

THIS IS A TRUE COPY
Office of the Chief Medical Examiner
This record cannot be released without
prior consent from the Office of Chief
Medical Examiner, New York City, N.Y.

ZOILA SANCHEZ   4·29·03

BX03-00563              **ANTONIO FIGUEIREDO**              Page 2

## OFFICE OF CHIEF MEDICAL EXAMINER
## CITY OF NEW YORK

### REPORT OF AUTOPSY

### CASE NO. BX03-00563

*I hereby certify that I, James Gill, M.D., Deputy Medical Examiner, have performed an autopsy on the body of Antonio Figueiredo, on February 15, 2003, commencing at 8:30 AM, in the Bronx Mortuary of the Office of Chief Medical Examiner of the City of New York. This autopsy was performed in the presence of Dr. Smiddy.*

### EXTERNAL EXAMINATION:
The body is of a well-developed, well-nourished, average-framed, 5' 9", 170 lb Hispanic man whose appearance is consistent with the given age of 52 years. The slightly curly black-gray hair measures less than 3". There is facial stubble. The nose and facial bones are intact. The eyes have brown irides and the conjunctivae are without hemorrhage, petechiae, or jaundice. The oral cavity has natural teeth and an atraumatic mucosa. The chest is barrel shaped with deformity of the anterior left (subsequent internal examination reveals flail rib fractures). The extremities are unremarkable. There are no surgical scars or tattoos. The external genitalia are those of a normal uncircumcised man.

### POSTMORTEM CHANGES:
There is full symmetrical rigor mortis of the upper and lower extremities. There is non-fixed posterior purple lividity. The body is cool.

### THERAPEUTIC PROCEDURES:
There is a right femoral triple lumen catheter. There are ecchymoses of the posterior hands. There is a healing 1" incision in the lateral left chest area (Comment: Consistent with chest tube site).

### INJURIES, EXTERNAL AND INTERNAL:
There is moderate occipital subscalpular hemorrhage with a healing occipital partially depressed triangular fracture measuring approximately 3" with radiating healing linear fractures centrally. There is adhesion of the right frontal lobe to the dura. The brain and spinal cord are retained for neuropathologic consultation.

### B. BLUNT IMPACT INJURY OF TORSO:
There is irregular blue ecchymoses of the left flank. There are anterolateral fractures of the left #3-7 ribs with adjacent hemorrhage and hemorrhage surrounding the posterior left #3-5 ribs. There are anterior right rib fractures (#2-5) with adjacent hemorrhage. There are adhesions of the left lung. There is a marked adhesion of the aorta to the spinal column. There is a fracture at T12 (anamnestic).

The spinal cord is submitted for neuropathologic examination. There are no pelvic fractures. There is hemorrhagic adhesion of the left visceral pleura. There are no lacerations of internal organs. There is approximately 200 cc of bloody fluid in the left pleural cavity and approximately 30 cc of bloody fluid in the pericardial sac.

## INTERNAL EXAMINATION:
**BODY CAVITY:** The organs are in their normal situs. There are moderate left pleural adhesions with approximately 200 cc of bloody fluid in the left pleural cavity. There is no hemorrhage or adhesion of the abdominal cavity.

**HEAD:** There is no epidural hemorrhage. The brain weighs 1600 gm. The brain is retained for neuropathologic consultation.

**NECK:** The cervical vertebrae, hyoid bone, tracheal and laryngeal cartilages, and paratracheal soft tissues are without trauma. The upper airway is patent.

**CARDIOVASCULAR SYSTEM:** The heart weighs 390 gm and has a normal distribution of right predominant coronary arteries without atherosclerotic stenosis of the epicardial vessels. The myocardium is homogeneous, dark-red, and firm without pallor, hemorrhage, softening, or fibrosis. The left ventricle wall is 1.5 and the right is 0.4 cm thick. The endocardial surfaces and four cardiac valves are unremarkable. The aorta is with slight atherosclerosis. The venae cavae and pulmonary arteries are without thrombus or embolus.

**RESPIRATORY SYSTEM:** The right lung weighs 690 gm and the left lung weighs 610 gm. The gray parenchyma is without masses or consolidations. There is focal pleural adhesion and hemorrhage on the left. The bronchi are unremarkable.

**LIVER, GALLBLADDER, PANCREAS:** The liver weighs 2100 gm and has an intact capsule and brown parenchyma without fibrous or slippery texture. The distended gallbladder contains approximately 60 cc of green bile without stones. The pancreas is unremarkable in lobulation, color, and texture.

**HEMIC AND LYMPH NODES:** The spleen weighs 330 gm and has an intact capsule. The color, red and white pulp, and consistency are unremarkable. There are no enlarged lymph nodes. The bone marrow is unremarkable.

**GENITOURINARY SYSTEM:** The right kidney weighs 200 gm and the left weighs 220 gm. Each kidney has a smooth red-brown surface and an unremarkable architecture and vasculature. The ureters maintain uniform caliber into an unremarkable bladder. The bladder contains approximately 150 cc of urine. The prostate is not enlarged. The testes are unremarkable.

**ENDOCRINE SYSTEM:** The pituitary, thyroid, and adrenal glands are normal in color, size, and consistency.

BX03-00563                    **ANTONIO FIGUEIREDO**                    Page 4

**DIGESTIVE SYSTEM:** The esophagus is unremarkable. There is a focal less than 0.5 cm erosion of the gastroesophageal junction. The stomach contains approximately 200 cc of dark gray-black non-descript fluid. The gastric mucosa, small and large intestine, and rectum are unremarkable. The small and large intestine contains tan-brown stool. The vermiform appendix is present.

**MUSCULOSKELETAL SYSTEM:** The clavicles, sternum, and pelvis are without fracture. The musculature is normally distributed and unremarkable. The spinal cord is submitted for neuropathologic examination.

**HISTOPATHOLOGY:**
Sections are submitted for Microscopic analysis. A separate report will be issued.

**TOXICOLOGY:**
Specimens are submitted for toxicologic analysis. A separate report will be issued.

**NEUROPATHOLOGY CONSULTATION:**
A separate report will be issued.

James Gill, M.D.
Deputy Medical Examiner

4/25/03

JG:wwd
DRAFT
02/16/03:jg
4/25/03:jg
Job No. 00-18505
Computer No. 40300563

## OFFICE OF THE NEW YORK CITY MEDICAL EXAMINER
### *NEUROPATHOLOGY REPORT*
### CASE NUMBER: B03-00563

**NAME OF DECEDENT: ANTONIO FIGUEIREDO**
**DR. GILL PERFORMED THE AUTOPSY ON 2/15/03.**
**DRS. ARMBRUSTMACHER AND MELINEK EXAMINED THE BRAIN ON 3/4/03.**

**GROSS EXAMINATION:**          Brain weight: 1600 gm.

The specimen is the dura and brain and spinal cord (with dura) of an adult.

The cerebral dura has a 0.1 cm thick brown epidural hemorrhage over the midline posterior falx and an 0.2 - 0.3 cm thick orange-brown organizing right parietal-occipital subdural membrane which is adherent to the dura and has a poorly formed inner membrane.

The brain is moderately swollen with bilateral uncal grooves which measure 0.7 cm from the medial margin. There is no tonsillar herniation or cerebral midline shift. There is a 4 x 5 cm area of slight, thin subarachnoid hemorrhage over the left parietal lobe. The leptomeninges are thin, delicate and transparent. The cerebral gyri are of normal size, configuration and consistency. The external aspects of the brainstem and cerebellum are not remarkable. The arteries at the base of the brain follow a normal distribution and are free of atherosclerosis.

Coronal sections of the cerebrum reveal no focal lesions in the cortex, white matter or deep nuclear structures. Sections of the brainstem and cerebellum show no focal abnormalities. The ventricles are of normal size and configuration.

Spinal cord with dura from upper cervical to cauda equina levels shows no external abnormality. There is no epidural, subdural or subarachnoid hemorrhage. Transverse sections of the cord at 1.5 cm intervals are unremarkable.

**PHOTOGRAPHS:**   None.

**MICROSCOPIC EXAMINATION:**

H & E stained sections:

1. Frontal lobe - not remarkable
2. Hippocampus - not remarkable
3. Thalamus - not remarkable
4. Cerebellum - not remarkable
5. Medulla - not remarkable
6. Dura - organizing subdural membrane and epidural membranes with delicate thin-walled capillaries, scattered yellow pigment-laden macrophages and foci of acute hemorrhage with red cell ghosts.
7. Spinal cord - not remarkable

**DIAGNOSIS:**

I.      **BLUNT TRAUMA TO HEAD (SEE DR. GILL'S REPORT) WITH:**

A.      **EPIDURAL HEMORRHAGE, MIDLINE POSTERIOR FALX.**
B.      **ORGANIZING SUBDURAL MEMBRANE, RIGHT PARIETAL-OCCIPITAL.**
C.      **SLIGHT SUBARACHNOID HEMORRHAGE, LEFT PARIETAL.**
D.      **MODERATE CEREBRAL EDEMA WITH BILATERAL TRANS-TENTORIAL HERNIATION.**

**JUDY MELINEK M.D./VERNON ARMBRUSTMACHER M.D. 3/13/03**

The City of New York
Office of Chief Medical Examiner
520 First Avenue
New York, NY  10016

# Forensic Toxicology Laboratory

Deceased: **ANTONIO FIGUEIREDO**    M.E. Case No.: **BX0300563**    Lab. No.: **0791/03**

Autopsy By: Dr. Gill    Autopsy Date: 02/15/03

Specimens Received:
Blood, Bile, Brain, Gastric Content, Liver, Urine, Vitreous Humour

Specimens Received in Laboratory By: Anthony Grogan    Date Received: 02/18/03

Equivalents: 1.0 mcg/mL = 1.0 mg/L = 0.1 mg/dL = 1000 ng/mL    1.0 mcg/g = 1.0 mg/kg = 0.1 mg/100g = 1000 ng/g

## Results

**Blood**

| | | |
|---|---|---|
| Phenytoin | 2.9 mg/L | LC |
| Ethanol | Not detected | GC |
| Barbiturates | Not detected | LC |
| Carbamazepine | Not detected | LC |
| Benzodiazepines | Not detected | GC/MS |

**Urine**

| | | |
|---|---|---|
| Benzodiazepines | Not detected | GC/MS |
| Opiates | Not detected | EI |
| Benzoylecgonine | Not detected | EI |
| Phencyclidine | Not detected | EI |
| Cannabinoids | Not detected | EI |
| Methadone | Not detected | EI |
| Amphetamines | Not detected | EI |
| Barbiturates | Not detected | EI |
| Salicylates | Not detected | CT |
| Acetaminophen | Not detected | CT |
| Basic drugs | Not detected | GC |

Page 1 of 1

Rev. 3/25/98

| | |
|---|---|
| CT = Color Test | EI = Enzyme Immunoassay |
| GC = Gas Chromatography | GC/MS = Gas Chromatography/Mass Spectrometry |
| ISE = Ion Selective Electrode | LC = Liquid Chromatography |
| RIA = Radio Immunoassay | SP = Spectrophotometry |
| TLC = Thin Layer Chromatography | < = Less than |

Signed: Dr. Marina Stajic

Date: 03/11/03

at





**The City of New York**
**Office of Chief Medical Examiner**
**New York, N.Y. 10016**

## REPORT OF
## MICROSCOPIC EXAMINATION

Name of Decedent: Antonio Figueiredo
Histology Lab #: 0301000

M.E. Case #: BX-03-0563
Date of Autopsy: 2/15/03

MICROSCOPIC DESCRIPTIONS:
Tissue or Organ x # of fragments and/or levels     (#= slide ID number)

LUNG x M (#1,3):
Lung with focal hemorrhage and intravascular adipocytes.

LIVER x 1 (#2):
Liver with bacterial colonies.

KIDNEY x 1 (#2):
Kidney with bacterial colonies.

James Gill, M.D.
*Printed Name/ Date*

_____ M.D.
*Signature*/April 25, 2003

Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------x
MARIA B. FIGUEIREDO, as Executrix of the
Estate of ANTONIO FIGUEIREDO, deceased,
and MARIA B. FIGUEIREDO individually,

                              Plaintiff,

         -against-

NEW PALACE PAINTERS SUPPLY CO. INC.
FRAN-JU, INC. and GERARDO MARCHESE,
INC.,

                              Defendants.
----------------------------------------x

Index No.: 8151- 04

Date Purchased

Plaintiff designates
**BRONX** County as the
Place of Trial

**S U M M O N S**
The basis of venue is
Principal place of
Business of defendants
Plaintiff resides at
46 Edgewood Avenue
Yonkers, NY 10704

To the above named Defendant(s):

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action
and to serve a copy of your answer, of, if the complaint is not
served with this summons, to serve a notice of appearance, on
Plaintiff(s) Attorneys within twenty (20) days after the service of
this summons, exclusive of the day of service (or within thirty (30)
days after the service is complete if this summons is not personally
delivered to you within the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you by
default for the relief demanded in the complaint.

Dated: White Plains, NY
        February 9, 2004

                    Yours etc.,

                    LAW OFFICES OF
                    ARNOLD I. BERNSTEIN

                    By:_____
                        ARNOLD I. BERNSTEIN

                    Attorneys for Plaintiff(s)
                    599 West Hartsdale Avenue
                    White Plains, NY 10607
                    (914) 997-6400

04 FEB 17 PM 4: 15

RECEIVED

**DEFENDANTS' ADDRESS(ES):**
NEW PALACE PAINTERS SUPPLY CO. INC.
c/o Secretary of State

FRAN-JU, INC.
c/o Secretary of State

GERARDO MARCHESE, INC.
c/o Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------x
MARIA B. FIGUEIREDO, as Executrix of the
Estate of ANTONIO FIGUEIREDO, deceased,
and MARIA B. FIGUIERDO, Individually,

                     Plaintiff,

           -against-

NEW PALACE PAINTERS SUPPLY CO. INC.
FRAN-JU, INC. and GERARDO MARCHESE, INC.,

                  Defendants.
------------------------------------------x

$8151 - 04$

**VERIFIED  COMPLAINT**

Index No.

     Plaintiff, complaining of the defendants, by her attorney, LAW OFFICES OF ARNOLD I. BERNSTEIN, hereby alleges the following upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF MARIA B. FIGUEIREDO, AS
### EXECUTRIX OF THE ESTATE OF ANTONIO FIGUEIREDO

    1.    That on or about April 11, 2003, plaintiff MARIA B. FIGUEIREDO was duly appointed Executrix of the Estate of ANTONIO FIGUEIREDO, deceased, by Order of the Honorable Anthony A. Scarpino, Jr., Surrogate of the County of Westchester, and has duly qualified as such and is now acting in said capacity.

    2.    That on or about April 11, 2003, Limited Letters Testamentary were issued and plaintiff MARIA B. FIGUEIREDO was duly appointed fiduciary of the Estate of decedent ANTONIO FIGUEIREDO.

    3.    That at all times hereinafter mentioned, defendant NEW PALACE PAINTERS SUPPLY CO. INC. (hereinafter referred to as defendant "NEW PALACE"), was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

    4.    That at all times hereinafter mentioned, defendant NEW PALACE transacted business within the State of New York, with its

principal executive office located in the County of Bronx, City and State of New York.

5.    That at all times hereinafter mentioned, defendant FRAN-JU, INC. (hereinafter referred to as defendant "FRAN-JU"), was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

6.    That at all times hereinafter mentioned, defendant FRAN-JU transacted business within the State of New York, with its principal executive office located in the County of Bronx, City and State of New York.

7.    That at all times hereinafter mentioned, defendant GERARDO MARCHESE, INC. (hereinafter referred to as defendant "MARCHESE"), was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    That at all times hereinafter mentioned, defendant MARCHESE transacted business within the State of New York, with its principal executive office located in the County of Bronx, City and State of New York.

9.    That at all times hereinafter mentioned, defendant NEW PALACE was the owner of premises located at 534 East 180th Street, County of Bronx, City and State of New York (hereinafter referred to as the "subject premises").

10.    That at all times hereinafter mentioned, defendant NEW PALACE was the owner of premises located at 538 East 180th Street, County of Bronx, City and State of New York (hereinafter referred to as the "subject premises").

2

11.   That at all times hereinafter mentioned, defendant NEW PALACE was the lessor of the subject premises.

12.   That at all times hereinafter mentioned, defendant NEW PALACE was the lessee of the subject premises.

13.   That at all times hereinafter mentioned, defendant NEW PALACE, its agents, servants and/or employees operated the subject premises.

14.   That at all times hereinafter mentioned, defendant NEW PALACE, its agents, servants and/or employees managed the subject premises.

15.   That at all times hereinafter mentioned, defendant NEW PALACE, its agents, servants and/or employees maintained the subject premises.

16.   That at all times hereinafter mentioned, defendant NEW PALACE, its agents, servants and/or employees controlled the subject premises.

17.   That on or prior to January 22, 2003, defendant NEW PALACE, its authorized agents, servants and/or employees, entered into a contract or written agreement with defendant MARCHESE with reference to performing work, labor, renovation and/or services at the subject premises.

18.   That on or prior to January 22, 2003, defendant NEW PALACE, its agents, servants and/or employees hired and/or engaged defendant MARCHESE to perform work, labor, renovation and/or services at the subject premises.

19.   That at all times hereinafter mentioned, defendant MARCHESE

3

performed work at the subject premises pursuant to contract and/or written agreement with defendant NEW PALACE.

20.    That on or prior to January 22, 2003, defendant MARCHESE was engaged by defendant NEW PALACE to at all times hereinafter mentioned, perform work, labor, renovation and/or services at the subject premises.

21.    That at all times hereinafter mentioned, defendant FRAN-JU was the owner of premises located at 534 East 180th Street, County of Bronx, City and State of New York (hereinafter referred to as the "subject premises").

22.    That at all times hereinafter mentioned, defendant FRAN-JU was the owner of premises located at 538 East 180th Street, County of Bronx, City and State of New York (hereinafter referred to as the "subject premises").

23.    That at all times hereinafter mentioned, defendant FRAN-JU was the lessor of the subject premises.

24.    That at all times hereinafter mentioned, defendant FRAN-JU was the lessee of the subject premises.

25.    That at all times hereinafter mentioned, defendant FRAN-JU, its agents, servants and/or employees operated the subject premises.

26.    That at all times hereinafter mentioned, defendant FRAN-JU, its agents, servants and/or employees managed the subject premises.

27.    That at all times hereinafter mentioned, defendant FRAN-JU, its agents, servants and/or employees maintained the subject premises.

28.    That at all times hereinafter mentioned, defendant FRAN-JU,

4

its agents, servants and/or employees controlled the subject premises.

29. That on or prior to January 22, 2003, defendant FRAN-JU, its authorized agents, servants and/or employees, entered into a contract or written agreement with defendant MARCHESE with reference to performing work, labor, renovation and/or services at the subject premises.

30. That on or prior to January 22, 2003, defendant FRAN-JU, its agents, servants and/or employees hired and/or engaged defendant MARCHESE to perform work, labor, renovation and/or services at the subject premises.

31. That at all times hereinafter mentioned, defendant MARCHESE performed work at the subject premises pursuant to contract and/or written agreement with defendant FRAN-JU.

32. That on or prior to January 22, 2003, defendant MARCHESE was engaged by defendant FRAN-JU to at all times hereinafter mentioned, perform work, labor, renovation and/or services at the subject premises.

33. That at all times hereinafter mentioned, defendant MARCHESE was the general contractor with reference to work being performed at the subject premises.

34. That at all times hereinafter mentioned, defendant FRAN-JU was the general contractor with reference to work being performed at the subject premises.

35. That at all times hereinafter mentioned, defendant NEW PALACE was the general contractor with reference to work being

5

performed at the subject premises.

36.    That at all times hereinafter mentioned, defendant MARCHESE was the construction manager with reference to work being performed at the subject premises.

37.    That at all times hereinafter mentioned, defendant FRAN-JU was the construction manager with reference to work being performed at the subject premises.

38.    That at all times hereinafter mentioned, defendant NEW PALACE was the construction manager with reference to work being performed at the subject premises.

39.    That at all times hereinafter mentioned, defendant MARCHESE was a contractor with reference to work being performed at the subject premises.

40.    That at all times hereinafter mentioned, plaintiff's decedent ANTONIO FIGUEIREDO was hired by defendant MARCHESE as an independent contractor to perform work, labor, renovation and/or services at the subject premises.

41.    That on January 22, 2003, at approximately 2:30 P.M., plaintiff's decedent ANTONIO FIGUEIREDO was lawfully working at the subject premises.

42.    That on January 22, 2003, at approximately 2:30 P.M., plaintiff's decedent ANTONIO FIGUEIREDO was lawfully working at the subject premises as an independent contractor for defendant MARCHESE.

43.    That on January 22, 2003, at approximately 2:30 P.M., plaintiff's decedent ANTONIO FIGUEIREDO was engaged in renovation work pursuant to his employment with defendant MARCHESE.

6

44.    That on January 22, 2003, at approximately 2:30 P.M., the work being performed by plaintiff's decedent ANTONIO FIGUEIREDO at the subject premises was subject to the relevant and applicable provisions of the Labor Law of the State of New York.

45.    That at the aforesaid time and place, plaintiff's decedent ANTONIO FIGUEIREDO, while lawfully engaged in his duties at the subject premises, was working upon a scaffold and/or elevated platform.

46.    That at the aforesaid time and place, while plaintiff's decedent ANTONIO FIGUEIREDO was working upon a scaffold and/or elevated platform at the subject premises, the scaffold and/or elevated platform collapsed.

47.    That at the aforesaid time and place, while plaintiff's decedent ANTONIO FIGUEIREDO was working upon a scaffold and/or elevated platform at the aforementioned location, the scaffold and/or elevated platform collapsed, causing plaintiff's decedent ANTONIO FIGUEIREDO to sustain serious personal injuries.

48.    That the aforesaid scaffold and/or elevated platform was not so constructed, placed, managed and operated so as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein and using same including plaintiff's decedent herein.

49.    That the aforementioned occurrence was caused solely and wholly as a result of the negligence, recklessness and carelessness of defendants herein, their agents, servants and/or employees in their ownership, operation, management, maintenance, control,

7

supervision and/or repair of the subject premises and/or by its violation or failure to comply with applicable and relevant provisions of the Labor Law of the State of New York, including Sections 200, 240(1) and 241(6) thereof as well as the applicable provisions of the NYCRR and New York Industrial Code applicable thereto.

50. That by reason of the foregoing, plaintiff's decedent ANTONIO FIGUEIREDO was caused to fall, thereby sustaining serious personal injuries.

51. That by reason of the foregoing, plaintiff's decedent suffered severe personal injuries as a result of which he died on February 14, 2003.

52. That by reason of the foregoing, plaintiff's decedent ANTONIO FIGUEIREDO died on February 14, 2003.

53. The plaintiff's decedent left him surviving as next of kin, his wife, MARIA B. FIGUEIREDO.

54. That decedent's death was wrongful within the meaning of New York's wrongful death laws.

55. That the causes of action asserted herein are not subject to the provisions of Article 16 of the CPLR and/or come within the stated exceptions found in CPLR Section 1602.

56. That by reason thereof, decedent's next-of kin has been damaged in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

8

## AS AND FOR A SECOND CAUSE OF ACTION

57.   Plaintiff repeats and reiterates each and every allegation of this complaint as though more fully set forth at length herein.

58.   That prior to January 22, 2003, the defendants herein, their agents, servants and/or employees knew or should have known to furnish or erect, or cause to be furnished or erected for the performance of such labor at the premises as was then and there being performed, scaffolding, hoists, stays, ladders, slings, hangars, blocks, pulleys and/or other devices so constructed, placed and/or operated as to give plaintiff's decedent proper protection in the course of his employment.

59.   That prior to the happening of the occurrence herein, defendants, their agents, servants and/or employees knew, or in the exercise of reasonable care should have known, that the dangerous and defective conditions as aforesaid were in violation of relevant and applicable provisions of the Labor Law of the State of New York.

60.   That the defendants, by and through their agents, servants and/or employees were careless, reckless and negligent in the following respects, but not limited thereto: in failing to reasonably and properly inspect; in creating a dangerous and defective condition; in failing to erect and construct reasonably safe scaffolding; in failing to reasonably and properly provide a safe place to work; in failing to adequately supervise the site; in allowing and permitting a dangerous and defective condition to exist for an unreasonably long period of time; in failing to provide proper equipment and appurtenances which were necessary under the

9

circumstances; in failing to utilize those precautions which, under the circumstances were reasonable, necessary and required; and defendants were otherwise careless, reckless and negligent under the circumstances, all of which were a direct and proximate cause of the incident involved herein and the injuries and death sustained therefrom.

61. That upon information and belief, the dangerous, hazardous and defective condition complained of herein existed for a prolonged period of time prior to the happening of the occurrence herein, such that defendants, in the exercise of reasonable care knew or should have known of the dangerous and defective condition and defendants failed to timely remedy same.

62. Defendants herein, by their agents, servants and/or employees had actual notice or knowledge of the dangerous and defective condition complained of herein and failed to timely and properly remedy same and provide a safe place for plaintiff's decedent ANTONIO FIGUEIREDO to work.

63. Defendants herein, by their agents, servants and/or employees had constructive notice or knowledge of the dangerous and defective condition complained of herein and failed to timely and properly remedy same and provide a safe place for plaintiff's decedent ANTONIO FIGUEIREDO to work.

64. Defendants herein, by their agents, servants and/or employees created the dangerous and defective condition complained of herein.

65. That by reason of the foregoing negligence, plaintiff's

10

decedent ANTONIO FIGUEIREDO was caused to sustain serious personal injuries as a result of which he died on February 14, 2003.

66.    That by reason of the foregoing negligence, plaintiff's decedent ANTONIO FIGUEIREDO died on February 14, 2003.

67.    That by reason thereof, decedent's next-of-kin has been damaged in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

## AS AND FOR A THIRD CAUSE OF ACTION

68.    Plaintiff repeats, reiterates and realleges each and every allegation of this complaint as though more fully set forth at length herein.

69.    At all times hereinafter mentioned, the conduct of the defendants, their agents, servants and/or employees was governed by the New York Labor Law and more particularly, Labor Law Sections 200, 240(1) and 241(6) as well as the applicable provisions of the NYCRR and New York Industrial Code applicable thereto.

70.    The defendants, their agents, servants and/or employees violated and/or failed to comply with the relevant and applicable provisions of the Labor Law, as aforesaid.

71.    That said violations of the Labor Law caused and/or contributed to plaintiff's decedent's fall as aforesaid and his injuries and death therefrom.

72.    That by reason of the foregoing, decedent's next-of-kin has been damaged in a sum of money having a present value which exceeds

11.

the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

## AS AND FOR A FOURTH CAUSE OF ACTION

73.    Plaintiff repeats, reiterates and realleges each and every allegation of this complaint as though more fully set forth at length herein.

74.    That by reason of the foregoing, plaintiff's decedent, ANTONIO FIGUEIREDO was caused to sustain serious, permanent personal injuries and conscious pain and suffering from the time of the occurrence until his death on February 14, 2003.

75.    That by reason of the foregoing, plaintiff claims damages in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

WHEREFORE, plaintiff MARIA B. FIGUEIREDO, as Executrix, demands judgment against the defendants, jointly and severally, as follows:

in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

Dated: White Plains, NY
       February 9, 2004

Respectfully submitted,

LAW OFFICES OF
ARNOLD I. BERNSTEIN

By: _____
    ARNOLD I. BERNSTEIN
    Attorneys for Plaintiff(s)
    599 West Hartsdale Avenue
    White Plains, NY 10607
    (914) 997-6400

# VERIFICATION

STATE OF NEW YORK, COUNTY OF WESTCHESTER    ss.:

MARIA FIGUEIREDO, being sworn says:    I am the plaintiff in the action herein; I have read the annexed COMPLAINT and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
MARIA FIGUEIREDO

Sworn to before me this
___ day of February , 2004.

_____
NOTARY PUBLIC

**ARNOLD I. BERNSTEIN**
Notary Public, State of New York
No. 4625099
Qualified in Westchester County
Commission Expires August 31, 20__

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

═══════════════════════════════════════════════

MARIA B. FIGUEIREDO, as Executrix of the
Estate of ANTONIO FIGUEIREDO, deceased,
and MARIA B. FIGUIERDO, Individually,

                              Plaintiff,

                                              INDEX NO.

        -against-

NEW PALACE PAINTERS SUPPLY CO. INC.
FRAN-JU, INC. and GERARDO MARCHESE, INC.,

                              Defendants.

═══════════════════════════════════════════════

## SUMMONS AND VERIFIED COMPLAINT

═══════════════════════════════════════════════

LAW OFFICES OF
ARNOLD I. BERNSTEIN
Attorney for Plaintiff
599 West Hartsdale Avenue
White Plains, New York 10607
(914) 997-6400

═══════════════════════════════════════════════

**NOTICE OF ENTRY**
**Sir:** Please take notice that the within is a (certified) true copy of a
                                    duly entered in the office of
the Clerk of the within named Court on                    20
Dated:

═══════════════════════════════════════════════

**NOTICE OF SETTLEMENT**
**Sir:** Please take notice that a                of which the within
is a true copy will be presented for settlement to the          , one
of the judges of the within named Court, at
on the          day of              at          .M.
Dated:

═══════════════════════════════════════════════

Service of a copy of the within
is hereby admitted.
Dated:          20

_____

Attorney(s) for:

Exhibit D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------X
MARIA B. FIGUEIREDO, as Executrix of the
Estate of ANTONIO FIGUEIREDO, deceased,
and MARIA B. FIGUEIREDO, individually,

                    Plaintiff(s),                    **VERIFIED ANSWER**

        -against-

NEW PALACE PAINTERS SUPPLY CO. INC.,
FRAN-JU, INC. and GERARDO MARCHESE, INC.,        Index No: 8151/04

                    Defendant(s).
------------------------------------------X

     The answering defendant, NEW PALACE PAINTERS SUPPLY CO. INC.,
by its attorneys, MOLOD SPITZ & DeSANTIS, P.C., answering the
Complaint of the Plaintiff(s) states, upon information and belief:

### ANSWERING THE FIRST CAUSE OF ACTION

     FIRST:    Denies knowledge or information sufficient to form
a belief as to each and every allegation in the Complaint
designated as paragraphs 1, 2, 7, 8, 28, 29, 52 and 53.

     SECOND:    Denies each and every allegation in the Complaint
designated as paragraphs 9, 10, 11, 13, 14, 15, 16, 17, 19, 22, 24,
25, 26, 27, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 42, 43, 45, 46,
47, 48, 49, 50, 51, 54 and 56.

     THIRD:    Denies each and every allegation in the Complaint
designated as paragraphs 44 and 55, and leaves questions of law to
the Court.

### ANSWERING THE SECOND CAUSE OF ACTION

     FOURTH:    With reference to paragraph 57 of plaintiffs'
Complaint, the answering defendant repeats, reiterates and
realleges each and every admission and denial heretofore interposed
herein to paragraphs marked and numbered 1 **through** 56, inclusive,

with the same force and effect as though more fully set forth
herein at length.

FIFTH:    Denies each and every allegation in the Complaint
designated as paragraphs 58, 59, 60, 61, 62, 63, 64, 65, 66 and 67.

### ANSWERING THE THIRD CAUSE OF ACTION

SIXTH:    With reference to paragraph 68 of plaintiffs'
Complaint, the answering defendant repeats, reiterates and
realleges each and every admission and denial heretofore interposed
herein to paragraphs marked and numbered 1 through 67, inclusive,
with the same force and effect as though more fully set forth
herein at length.

SEVENTH: Denies each and every allegation in the Complaint
designated as paragraphs 69, 70, 71 and 72.

### ANSWERING THE FOURTH CAUSE OF ACTION

EIGHTH:    With reference to paragraph 73 of plaintiffs'
Complaint, the answering defendant repeats, reiterates and
realleges each and every admission and denial heretofore interposed
herein to paragraphs marked and numbered 1 through 72, inclusive,
with the same force and effect as though more fully set forth
herein at length.

NINTH:    Denies each and every allegation in the Complaint
designated as paragraphs 74 and 75.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TENTH:    If the plaintiff(s) sustained any injuries and/or
damages at the time and place mentioned in the Complaint herein,
those injuries or damages were caused solely or in part by reason
of the culpable conduct, comparative negligence or assumption of

the risk of the Plaintiff(s) and the answering Defendant(s) herein seek(s) a dismissal of the Complaint or a diminution of any recovery for the proportion which the culpable conduct attributable to the Plaintiff(s) bears to the culpable conduct which caused the injuries or damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

ELEVENTH: Defendant affirmatively pleads the provisions of CPLR Section 4545 insofar as applicable, to the reduction of any recovery the Plaintiff(s) might be awarded.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWELFTH: If this answering defendant is found liable, such liability is less than or equal to 50% of the total liability of all persons who may be found liable and therefore this answering defendant's liability shall be limited in accordance with Article 16, CPLR.

Dated:     New York, New York
           April 19, 2004

                          MOLOD SPITZ & DeSANTIS, P.C.
                          Attorneys for Defendant
                          NEW PALACE PAINTERS SUPPLY CO. INC.
                          104 West 40th Street
                          New York, NY 10018
                          (212) 869-3200
                          Our File No. UN-630

TO:

LAW OFFICES OF ARNOLD I. BERNSTEIN
Attorneys for Plaintiff(s)
599 West Hartsdale Avenue
White Plains, New York 10607
(914) 997-6400

FRAN JU, INC.
534 East 180th Street
Bronx, New York 10457

GERARDO MARCHESE, INC.
1245 Choctaw Place
Bronx, New York 10461

## ATTORNEY'S VERIFICATION

SALVATORE J. DeSANTIS, an attorney duly admitted to practice law before the Courts of the State of New York and a member of the firm of MOLOD SPITZ & DeSANTIS, P.C., attorneys for defendant NEW PALACE PAINTERS SUPPLY CO. INC.

That your affirmant has read the foregoing **ANSWER** and know the contents thereof; that the same is true to your affirmant's own knowledge except as to the matters which are stated therein to be alleged on information and belief, and as to those matters your affirmant believes them to be true.

The source of your affirmant's information and belief is an investigation caused to be made with respect to the facts in this action, and file contents.

The reason this verification is not made by answering defendant herein, is that the defendant is a corporation and does not have an office within the County of New York where your affirmant's office is maintained.

The undersigned affirms that the foregoing statement is true, under penalties of perjury, pursuant to CPLR 3020(d)(3).

Dated:  New York, New York
      April 19, 2004

                                      _____
                                      SALVATORE J. DESANTIS

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------X
MARIA B. FIGUEIREDO, as Executrix of the
Estate of ANTONIO FIGUEIREDO, deceased,
and MARIA B. FIGUEIREDO, individually,

                    Plaintiff(s),

        -against-                           DEMAND FOR VERIFIED
                                            BILL OF PARTICULARS

NEW PALACE PAINTERS SUPPLY CO. INC.,
FRAN-JU, INC. and GERARDO MARCHESE, INC.,
                                            Index No: 8151/04
                    Defendant(s).
----------------------------------------X

        PLEASE TAKE NOTICE, that demand is hereby made that you serve

a Verified Bill of Particulars upon the undersigned as to the

following matters with respect to the cause of action of each

Plaintiff herein within twenty days after the service of this

Demand:

1.      The age, social security number, date of birth and residence
        of each Plaintiff.

1a.     State whether the decedent plaintiff was known by any other
        names, and if so, state same.

1b.     State the decedent's plaintiff's residence address(es) for the
        past five (5) years.

2.      The date and time of the occurrence complained of.

3.      The specific location of the occurrence in sufficient details
        as to permit identification.

4.      The defect or condition causing the alleged occurrence.

5.      The acts or omission constituting the negligence claimed.

6.      The manner in which the accident occurred.

7.      Whether the Defendant(s) had actual and/or constructive
        notice:

    a.   If such notice was actual, to whom, by whom, and when and where same was given.

    b.   If constructive notice, the length of time the condition existed.

8.   If it is claimed that negligent repairs were made, identify when, where and by whom and in what respects the repairs were negligently made.

9.   The specific statutes, ordinances, rules, regulations and laws claimed to have been violated by Defendant.

10.   The injuries sustained and conditions resulting therefrom; the injuries and conditions claimed to be permanent and the duration of those claimed not to be permanent.

11.   The length of time, giving dates, confined:

    a.   to hospitals, giving the names and locations;

    b.   to bed, other than in hospitals, and

    c.   to home.

12.   State the following information, whether or not a claim for lost income is being made:

    a.   The vocation of injured or deceased Plaintiff at the time of the occurrence;

    b.   The name and address of the employer;

    c.   The period of time lost from work, giving specific dates;

    d.   The average weekly income at the time of occurrence; and

    e.   The total income claimed lost by reason of occurrence.

13.   If the Plaintiff was a student, set forth the name and address of the school the Plaintiff attended and the dates of absence.

14. The expenses incurred for:

    a. hospital;
    b. doctors;
    c. medicines;
    d. appliances;
    e. services;
    f. funeral and burial expenses, and
    g. miscellaneous.

15. If any of the injuries claimed by the Plaintiff are aggravations of preexisting illnesses or injuries, then set forth an itemized and detailed statement regarding the following data:

    a. The extent of the aggravation thereof alleged to have been caused by this incident.

    b. A statement setting forth in detail any information regarding any such illnesses or injuries which may have been incurred by the Plaintiff during a ten years period previous to the incident in question.

    c. A statement setting forth any treatment for any such prior injury or illness.

    d. An itemized and detailed statement setting forth any illness or injuries which may have ben incurred by the Plaintiff subsequent to the accident in question, together with the description of the treatment therefor and the progress to date.

16. If applicable, state the amount the Plaintiff(s) will claim for being deprived of the services and society of spouse and/or child and the nature of said services.

17. State precisely the negligent acts of each Defendant.

18. The date and place of death of decedent.

19.  The age and residence of decedent at the time of death.

20.  The injuries and conditions sustained by decedent, and those resulting in death.

21.  Whether decedent was conscious following the occurrence and the period thereof.

22.  The names, residences, ages and relationship to decedent and nature and extent of dependency of those dependent on decedent at the time of the occurrence.

PLEASE TAKE FURTHER NOTICE, that in the event of the Plaintiffs' failure to comply with the foregoing demand within twenty days, the Defendant will move to preclude the offering of any evidence as to the matters herein demanded.

Dated:     New York, New York
           April 19, 2004

                          MOLOD SPITZ & DeSANTIS, P.C.
                          Attorneys for Defendant
                          NEW PALACE PAINTERS SUPPLY CO. INC.
                          104 West 40th Street
                          New York, NY 10018
                          (212) 869-3200
                          Our File No. UN-630

TO:

LAW OFFICES OF ARNOLD I. BERNSTEIN
Attorneys for Plaintiff(s)
599 West Hartsdale Avenue
White Plains, New York 10607
(914) 997-6400

FRAN JU, INC.
534 East 180th Street
Bronx, New York 10457

GERARDO MARCHESE, INC.
1245 Choctaw Place
Bronx, New York 10461

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------x
MARIA B. FIGUEIREDO, as Executric of the Estate          Index No.: 8151/04
of ANTHONY FIGUEIREDO, deceased, and
MARIA B. FIGUEIREDO, individually,

                      Plaintiffs,          ***VERIFIED ANSWER***

        -against-

NEW PALACE PAINTERS SUPPLY CO. INC.,
FRAN-JU, INC. and GERARDO MARCHESE,
INC.,

                      Defendants.
--------------------------------------------------------x

       Defendant FRAN-JU, INC. by its attorneys, WADE CLARK MULCAHY, as and for

a verified answer to the plaintiff's verified complaint, respectfully allege:

       1.     Denies knowledge and information sufficient to form a belief as to the truth of
this allegation.

       2.     Denies knowledge and information sufficient to form a belief as to the truth of
this allegation.

       3.     Denies knowledge and information sufficient to form a belief as to the truth of
this allegation.

       4.     Denies knowledge and information sufficient to form a belief as to the truth of
this allegation.

       5.     Admits.

       6.     Admits.

       7.     Denies knowledge and information sufficient to form a belief as to the truth of
this allegation.

8.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

9.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

10.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

11.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

12.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

13.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

14.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

15.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

16.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

17.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

18.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

19.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

20.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

21.     Admits.

22.     Admits.

23.     Admits.

24.     Denies.

25.     Denies except admits that defendant owned the premises.

26.     Denies except admits that defendant owned the premises.

27.     Denies except admits that defendant owned the premises.

28.     Denies except admits that defendant owned the premises.

29.     Denies.

30.     Denies.

31.     Denies.

32.     Denies.

33.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

34.     Denies.

35.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

36.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

37.    Denies.

38.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

39.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

40.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

41.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

42.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

43.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

44.    Denies and leaves all matters of law to the honorable court.

45.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

46.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

47.    Denies upon information and belief.

48.    Denies upon information and belief.

49.    Denies upon information and belief.

50.    Denies upon information and belief.

51.    Denies upon information and belief.

52.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

53.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

54.    Denies and leaves all matters of law to the honorable court.

55.    Denies and leaves all matters of law to the honorable court.

56.    Denies upon information and belief.

57.    Defendant FRAN-JU, INC. repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "56" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "57."

58.    Denies and leaves all matters of law to the honorable court.

59.    Denies upon information and belief.

60.    Denies upon information and belief.

61.    Denies upon information and belief.

62.    Denies upon information and belief.

63.    Denies upon information and belief.

64.    Denies upon information and belief.

65.    Denies upon information and belief.

66.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

67.    Denies upon information and belief.

68.     Defendant FRAN-JU, INC. repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1." through "67" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "68."

69.     Denies and leaves all matters of law to the honorable court.

70.     Denies and leaves all matters of law to the honorable court.

71.     Denies upon information and belief.

72.     Denies upon information and belief.

73.     Defendant FRAN-JU, INC. repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "72" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "73."

74.     Denies upon information and belief.

75.     Denies upon information and belief.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

76.     The complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

77.     That the plaintiff could with due diligence have obtained personal jurisdiction over tortfeasors not made parties to this lawsuit and thus the culpability of such missing or absent tortfeasors is to be apportioned into the total culpability allegedly causing the subject occurrence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

78.     That by entering into the activity in which the plaintiff(s) was engaged at the time of the occurrence set forth in the complaint, said plaintiff(s) knew the hazards thereof

and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff(s) herein as alleged in the complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiff(s) in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

79.    Pursuant to CPLR Article 16, the liability of defendant FRAN-JU, INC. to the plaintiff herein for non-economic loss is limited to defendant FRAN-JU, INC. equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

80.    Plaintiff(s) have recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources. Any award made to plaintiff(s) shall be reduced in accordance with the provisions of CPLR 4545(c).

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

81.    Any damages sustained by the plaintiff(s) were caused by the culpable conduct of the plaintiff(s), including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant. But if a verdict of judgment is awarded to the plaintiff(s), then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff(s) bears to the culpable conduct which caused the damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

82.    Plaintiff may have failed to mitigate damages.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

83.    Plaintiff's alleged loss and damage, if any, resulted wholly and solely from the fault, neglect and want of care of the plaintiff or persons or parties other than defendant, for whose acts said defendant is not liable or responsible and not as a result of any negligence.

### AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION

84.    That if plaintiff(s) was caused to sustain damages by reason of the claims set forth in the complaint, all of which are specifically denied, such damages were sustained by reason of the acts, conduct, misfeasance or nonfeasance, of co-defendants NEW PALACE PAINTERS SUPPLY CO. INC. and GERARDO MARCHESE, INC. their agents, servants and/or employees, and not by this answering defendant, and if any judgment is recovered by plaintiff(s) against this answering defendant, such defendant will be damaged thereby, and co-defendants NEW PALACE PAINTERS SUPPLY CO. INC. and GERARDO MARCHESE, INC. is or will be responsible therefore in whole or in part.

### AS AND FOR A CROSS-CLAIM FOR INDEMNITY

85.    That if plaintiff(s) was caused to sustain damages by reason of the claims set forth in the complaint, all of which are specifically denied, and if any judgment is recovered by the plaintiff(s) against this answering defendant, that under a contract entered into between the parties or by reason of express or implied warranty, the co-defendants NEW PALACE PAINTERS SUPPLY CO. INC. and GERARDO MARCHESE, INC. will be liable over to this answering defendant pursuant to the terms of the indemnity agreement in said contract or warranty, for the full amount of any verdict or judgment awarded to the

plaintiff(s) against this answering defendant, together with attorneys fees, costs and disbursements.

### AS AND FOR A THIRD CROSS-CLAIM
#### (Kinney Claim)

86.    Upon information and belief, the defendant FRAN-JU, INC. entered into a written contract and/or lease with regard to the premises in question. The written contract and/or lease was in full force and effect on the date of plaintiff's incident. Under the terms of the written contract and/or lease, the defendant agreed to purchase a liability policy for the benefit of an providing coverage for this defendant for claims such as those asserted by plaintiff in this action. Upon information and belief, the defendant failed to obtain such a liability insurance policy as required by the terms of the written contract and/or lease. This failure by the defendant is a breach of the written contract and/or lease.

By reason of the foregoing, this defendant has been damaged and is entitled to indemnification for any verdict or judgment that plaintiff may obtain against it including, but not limited to, attorneys fees, costs or disbursements.

**WHEREFORE,** defendant FRAN-JU, INC. demands judgment dismissing the complaint herein together with the costs and disbursements of this action.

Dated: New York, New York
      April 5, 2004

WADE CLARK MULCAHY

John Mulcahy, Esq.
Attorneys for Defendant:
Fran-Ju, Inc.
111 Broadway, 9th Floor
New York, New York 10006
(212) 267-1900
Our File No.: 190.3547.3

TO:    (See Attached Affidavit)

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss:

Donald Payne being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Bronx, New York.

That on April 5, 2004, deponent served the within *Verified Answer* upon the attorneys and parties listed below by United States prepaid mail:

TO:

Arnold I. Bernstein, Esq.
Attorney for Plaintiff
599 West Hartsdale Avenue
White Plains, NY  10607
(914) 997-6400

Donald Payne

Sworn to before me this
5th day of April, 2004

K:\654\legal\Ver. Answer.doc

JOHN MULCAHY
Notary Public, State of New York
No. 02MU5005320
Qualified in Westchester County
Commission Expires Dec. 7, 20__

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------x
MARIA B. FIGUEIREDO, as Executric of the Estate          Index No.: 8151/04
of ANTHONY FIGUEIREDO, deceased, and
MARIA B. FIGUEIREDO, individually,

                          Plaintiffs,          ***DEMAND FOR***
                                             ***BILL OF PARTICULARS***

         -against-

NEW PALACE PAINTERS SUPPLY CO. INC.,
FRAN-JU, INC. and GERARDO MARCHESE,
INC.,

                          Defendants.
-------------------------------------------------------------x

    **PLEASE TAKE NOTICE**, that you are hereby required to serve and file the following verified particulars of plaintiff's alleged cause of action herein, within ten (10) days from the date hereof:

    1.    The date of birth, social security number and residence of each plaintiff.

    2.    Date, approximate time, location and condition of weather at time of accident.

    3.    State the exact manner in which plaintiff alleges or will allege the accident occurred.

    4.    A statement of the acts or omissions constituting the negligence claimed.

    5.    Give the nature, extent, location and duration of each and every injury claimed to have been sustained by each plaintiff specifying each injury which is claimed permanent or that none is permanent.

    6.    How long will it be claimed that each plaintiff was confined to (a) hospital or hospitals, giving specific dates of admission and discharge, (b), bed and (c) home, giving the specific dates of confinement.

7.    If x-rays, MRIs, CT scans, EMGs or other diagnostic tests were taken, state the name and address of the place where they were taken, the name and address of the person who took them, the date each was taken and what it disclosed.

8.    If treated by doctors or medical care providers, state the name and present address of each doctor or medical care provider, the dates and places where treatments were received and the date of last treatment. Annex true copies of all written reports rendered to you by any such doctors whom you propose to have testify in your behalf.

9.    If still being treated, the name and address of each doctor rendering treatment, where and how often treatment is received and the nature thereof.

10.    If a previous injury, disease, illness or condition is claimed to have been aggravated, accelerated or exacerbated, specify in detail the nature of each and the name and present address of each doctor, if any, who rendered treatment for said condition.

11.    If employed at the time of accident, state: (a) The name and address of the employer. (b) Position held and nature of work performed. (c) Average weekly wages for past year. (d) Period of time lost from employment, giving dates. (e) Amount of wages lost, if any.

12.    If other loss of income, profit or earnings is claimed:

(a)    State total amount of said loss.

(b)    Give a complete detailed computation of said loss.

(c)    State nature and source of loss of such income, profit and earnings and date of deprivation thereof.

13.    Itemize any and all other losses or expenses incurred not otherwise set forth.

14.    State what earnings, if any, each plaintiff claims to have lost.

15.    If there has been a return to employment or occupation, state:

    (a)    Name and address of present employer.

    (b)    Position held and nature of work performed.

    (c)    Present weekly wages, earnings, income or profit.

16.    State the sum of money claimed incurred or spent by or on behalf of each plaintiff for:

    (a)    medicines,

    (b)    physicians services,

    (c)    hospitalization and

    (d)    nurses' services, itemizing amounts paid to each doctor or hospital.

17.    Describe all injuries sustained by you in any prior accident.

18.    Annex hereto copies of all interrogatories or bill of particular ever signed by you in said prior incidents.

19.    If damage to property is claimed to have resulted from such accident:

    a.    describe in detail each and every item of property allegedly damaged;

    b.    state the cost to repair or replace each and every item of damage to plaintiff's property;

    c.    state the amount of damages sustained by plaintiff for loss of profits and how this amount was calculated.

20.    If the accident involves property or premises, state:

    a.    the exact part or portion of the premises wherein the alleged accident occurred;

b.    if said occurrence took place upon a stairway the location and the step thereon.  If accident happened on sidewalk, the distance from the nearest intersection and the nearest curb or building line;

c.    the exact defect which caused the alleged occurrence and in what manner the defendants were negligent;

d.    whether this defendant had actual and/or constructive notice of the alleged defective condition;

e.    if such notice was actual, state who gave such notice, to whom same was given and the date and who gave such notice.  If constructive, the length of time the condition existed.

f.    if it is claimed that negligent repairs were made, state when, where and by whom on behalf of the defendant they were made, and in what manner such repairs were negligent.

21.    If an intentional act or tort is claimed:

a.    set forth in detail the circumstances leading up to the alleged intentional act, including but not limited to, the physical acts, verbal threats, etc.,

b.    set forth the exact acts which are alleged to constitute the intentional act.

22.    State what statutes, regulations, rules, ordinances, industry wide customs or practices it will be claimed were violated by this defendant, specifying the chapter, section, subdivision, article or practice thereof:

a.    the date of each alleged violation;

b.     how and in what manner was each violation committed by this defendant.

23.     State whether plaintiff was married at the time of the occurrence alleged in the Complaint.

24.     Set forth the name and address of plaintiff's spouse.

25.     If a claim will be made for loss of service or consortium set forth the manner in which such damages are calculated.

a.     identify the nature of the loss of services or consortium;

b.     set forth the length of time for which such claim is made.

**PLEASE TAKE FURTHER NOTICE,** that in the event of the plaintiff's failure to comply with the foregoing demand within ten (10) days, the defendant will move to preclude the offering of any evidence as to the matters herein demanded.

Dated: New York, New York
       April 5, 2004

WADE CLARK MULCAHY

John Mulcahy, Esq.
Attorneys for Defendant:
Fran-Ju, Inc.
111 Broadway, 9th Floor
New York, New York 10006
(212) 267-1900
Our File No.: 190.3547.3

TO:     (See Attached Affidavit)

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss:

Donald Payne being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Bronx, New York.

That on April 5, 2004, deponent served the within **Demand for Bill of Particulars** upon the attorneys and parties listed below by United States prepaid mail:

TO:

Arnold I. Bernstein, Esq.
Attorney for Plaintiff
599 West Hartsdale Avenue
White Plains, NY 10607
(914) 997-6400

_____
Donald Payne

Sworn to before me this
5th day of April, 2004

K:\2347\legal\Bil\Demand.doc

JOHN MULCAHY
Notary Public, State of New York
No. 02MU5005320
Qualified in Westchester County
Commission Expires Dec. 7, 20___

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

MARIA B. FIGUEIREDO, as Executrix of the Estate of
ANTONIO FIGUEIREDO, deceased, and MARIA B.
FIGUEIREDO individually,

Plaintiff(s),

-against-

NEW PALACE PAINTERS SUPPLY CO., INC. FRAN-
JU, INC. and GERARDO MARCHESE INC.

-------------------------------------------------X

VERIFIED ANSWER
WITH AFFIRMATIVE
DEFENSES, CROSS
CLAIMS AND DEMAND
FOR BILL OF
PARTICULARS

Index number: 8151-04

Defendant, **GERARDO MARCHESE INC.**, by its attorney, at the **LAW OFFICES OF**

**THOMAS J. LEONARD**, answers the complaint of the plaintiff,  upon information and belief

herein as follows:

## ANSWERING A FIRST CAUSE OF ACTION

## "ON BEHALF OF PLAINTIFF MARIA B. FIGUEIREDO, AS EXECUTRIX OF

## THE ESTATE OF ANTONIO FIGUEIREDO"

1.    Denies  knowledge or information sufficient to form a belief as to the truth of each

and every allegation contained in the paragraphs of the complaint designated,  "1", "2", "3", "4",

"5", "6", "9", "10", "11", "12", "13", "14",  "15", "16",  "21", "22", "23", "24", 25", "26",

"27", "28", "34", "35", "37", "38", "48",  and "53".

2.    Denies each and every allegation contained in the paragraphs of the complaint

designated, "17" and "18" reserving the right to refer to the purported contract at the time of

trial

3.  Denies each and every allegation contained in the paragraph of the complaint designated "19", except admits defendant, **GERARDO MARCHESE INC.**, performed certain work at the subject premises.

4.  Denies each and every allegation contained in the paragraph of the complaint designated , "20", except admits that on or prior to **January 22, 2003**, defendant **GERARDO MARCHESE INC.**, was engaged by defendant **NEW PALACE** to at all times hereinafter mention, perform certain work, labor, renovation and/or services at the subject premises.

5.  Denies each and every allegation contained in the paragraphs of the complaint designated "29", "30", "31", "32", "33", "36", "40", "42", "43", "47", "50", "51", "52", and "56".

6.  Denies each and every allegation contained in the paragraphs of the complaint "39", "41", "44", "45", "46", "54", and "55", respectfully referring all questions of law to the Court to be decided at the time of trial.

7.  Denies each and every allegation contained in the paragraph of the complaint designated, "49", as to this answering defendant respectfully referring all questions of law to the Court to be decided at the time of trial.

## ANSWERING A SECOND CAUSE OF ACTION

8.  Defendant makes the same admissions and denials to paragraphs of the complaint designated "1" through "56" referred to in the paragraph of the complaint designated "57".

9.   Denies each and every allegation contained in the paragraphs of the complaint designated, "58", "59", "60", "61", "62", "63", and "64" as to this answering defendant.

10.   Denies each and every allegation contained in the paragraphs of the complaint designated, "65", "66", and "67"

## ANSWERING A THIRD CAUSE OF ACTION

11.   Defendant makes the same admissions and denials to paragraphs of the complaint designated "1 " through "67 " referred to in the paragraph of the complaint designated "68".

12.   Denies each and every allegation contained in the paragraphs of the complaint designated "69", "70", and "71", as to this answering defendant respectfully referring all questions of law to the Court to be decided at the time of trial.

13.   Denies each and every allegation contained in the paragraph of the complaint designated "72".

## ANSWERING A FOURTH CAUSE OF ACTION

14.   Defendant makes the same admissions and denials to paragraphs of the complaint designated "1 " through "72 " referred to in the paragraph of the complaint designated "73".

15.   Denies each and every allegation contained in the paragraph of the complaint designated "74.

16.   Denies each and every allegation contained in the paragraph of the complaint designated "75", respectfully referring all questions of law to the Court to be decided at the time of trial.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

## FAILURE TO STATE A CAUSE OF ACTION

17.    That plaintiff fails to state a cause of action as against this answering defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

## ARTICLE 16

18.    That if any liability is found against this answering defendants, then said liability will constitute 50 percent or less of the total liability assigned to all persons liable and, as such, the liability of the defendants for non-economic loss shall be limited and shall not exceed this answering defendant's equitable share as provided by Article 16 of the CPLR.

## AS AND FOR A THIRD  AFFIRMATIVE DEFENSE

## PURSUANT TO SECTION 1412 CPLR

## THE DEFENDANT, GERARDO MARCHESE INC. SETS FORTH AND ALLEGES:

19.    a)    That if plaintiff sustained the injuries and damages alleged in the complaint, same were wholly caused by the culpable conduct of plaintiff, MARIA B. FIGUEIREDO, as Executrix of the Estate of ANTONIO FIGUEIREDO, deceased, and MARIA B. FIGUEIREDO individually,  and the defendant, GERARDO MARCHESE INC., is entitled to judgment dismissing the complaint herein.

b)    That if plaintiff sustained the injuries and damages alleged in the complaint, same were caused if not in whole then in part by the culpable conduct of plaintiff,

MARIA B. FIGUEIREDO, as Executrix of the Estate of ANTONIO FIGUEIREDO, deceased, and MARIA B. FIGUEIREDO individually, and the defendant, GERARDO MARCHESE INC., is entitled to judgment assessing and fixing the culpable conduct of plaintiff contributing to said injuries and damages in proportion to plaintiff's culpable conduct as determined after trial.

WHEREFORE, the answering defendant demands judgment dismissing the complaint herein as to answering defendant, or diminishing the damages recoverable by plaintiff herein proportion to the culpable conduct attributable to plaintiff, together with costs and disbursements to abide the action.

## CROSS-CLAIM

### AS A BASIS FOR AFFIRMATIVE RELIEF AND AS AND

### FOR A CROSS CLAIM AGAINST THE DEFENDANTS,

### NEW PALACE PAINTERS SUPPLY CO., INC. and FRAN-JU, INC.

### THE DEFENDANT, GERARDO MARCHESE INC.

### ALLEGE UPON INFORMATION AND BELIEF:

That if the plaintiff was caused to sustain damages at the time and place set forth in the plaintiff's complaint through any carelessness, recklessness, and negligence other than plaintiff's own, said damages arose in whole or in part from the negligence of co-defendants, NEW PALACE PAINTERS SUPPLY CO., INC. and FRAN-JU, INC., and if any judgment is recovered herein by the plaintiff against this answering defendant, they will be damaged thereby and the answering defendant will be entitled to proportionate indemnity on the basis of proportionate responsibility in negligence form the co-defendants above named.

WHEREFORE, the answering defendant demands judgment dismissing the complaint herein as to answering defendant with costs and further demand that the ultimate rights of the answering defendant and the co-defendants as between themselves be determined in this action, and that the answering defendant has judgment over and against the co-defendants for all or a part of any verdict or judgment which may be obtained herein by the plaintiff against the answering defendant, together with costs and disbursements of this action.

## CROSSCLAIM

### AS AND FOR A SECOND CROSS-CLAIM AGAINST THE CO-DEFENDANTS,

### NEW PALACE PAINTERS SUPPLY CO., INC. and FRAN-JU, INC.

### THE DEFENDANT, GERARDO MARCHESE INC.

### ALLEGES UPON INFORMATION AND BELIEF:

That at all times hereinafter mentioned, the co-defendants, **NEW PALACE PAINTERS SUPPLY CO., INC. and FRAN-JU, INC.**, entered into a contract agreement with **GERARDO MARCHESE INC.**

That the said contract agreement provided, in substance that the co-defendants, **NEW PALACE PAINTERS SUPPLY CO., INC. and FRAN-JU, INC.** hereby agree to defend, pay, indemnify and save free and harmless, **GERARDO MARCHESE INC.**, resulting from or in connection with loss of life, bodily or personal injury or property damage, directly or indirectly, out of or from or on account of any occurrence in, upon, about at or from the demised premises, etc.

That upon information and belief, the co-defendants have breached the aforesaid provision of the lease agreement, in that co-defendants have failed to defend and save harmless

the defendant, **GERARDO MARCHESE INC.**, from the lawsuit arising out of the above entitled action.

That by reason thereof, in the event plaintiff recovers a judgment against defendant, **GERARDO MARCHESE INC.**, the co-defendants will be bound to indemnify defendants for any and all costs arising out of the defense of the action, and to pay the aforesaid judgment.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST THE CO-DEFENDANTS,
## NEW PALACE PAINTERS SUPPLY CO., INC. and FRAN-JU, INC.
## THE DEFENDANT, GERARDO MARCHESE INC.
## ALLEGES UPON INFORMATION AND BELIEF:

That the aforesaid lease agreement provided that the lessee, co-defendants obtain liability insurance coverage for the benefit and in the name of **NEW PALACE PAINTERS SUPPLY CO., INC. and FRAN-JU, INC.**, and for the benefit of **GERARDO MARCHESE INC.**, and to designate, **GERARDO MARCHESE INC.**, as an additional insured.

That upon information and belief, co-defendants, **NEW PALACE PAINTERS SUPPLY CO., INC. and FRAN-JU, INC.**, have failed to obtain the required insurance overage for the benefit of this answering defendant, **GERARDO MARCHESE INC.**, and thereby breached their agreement with this answering defendant.

That the said breach of the agreement by co-defendants will result in damages to this answering defendant in that this defendant may be found liable to the plaintiff in this action.

<u>AS AND FOR A FOURTH CROSS-CLAIM AGAINST THE CO-DEFENDANTS,</u>

<u>NEW PALACE PAINTERS SUPPLY CO., INC. and FRAN-JU, INC.</u>

<u>THE DEFENDANT, GERARDO MARCHESE INC.,</u>

<u>ALLEGES UPON INFORMATION AND BELIEF:</u>

That the aforesaid contract agreement provided that the co-defendants, **NEW PALACE PAINTERS SUPPLY CO., INC. FRAN-JU, INC.** and **GERARDO MARCHESE INC.,** shall at their own cost and expense take good care of and make necessary repairs to the demised premises.

That in the event plaintiff recovers damages against this answering defendant, said judgment arose solely as a result of co-defendants' failure to comply with the terms and conditions of the contract agreement, and by reason thereof, this answering defendant is entitled to be indemnified in whole or in part by the co-defendants.

**WHEREFORE,** the defendant, **GERARDO MARCHESE INC.,** demands judgment dismissing the complaint herein and demands judgment on the cross-claim herein that the ultimate rights of the defendant, **GERARDO MARCHESE INC.,** and the co-defendants, as between themselves be determined in this action and that the defendant has judgment over and against the co-defendants for all or part of any verdict or judgment which may be obtained by the plaintiff

against the answering defendant, all together with the costs and disbursements of this action.

DATED:     WHITE PLAINS, NEW YORK
           May 11, 2004

                                   HOWARD T. CODE
                                   **LAW OFFICES OF THOMAS J. LEONARD**
                                   Attorneys for Defendant,
                                   **GERARDO MARCHESE INC.**
                                   108 Corporate Park Drive, Suite 115
                                   White Plains, NY  10604
                                   (914) 251-1244

TO:
       **LAW OFFICES OF ARNOLD L BERSTEIN**
       Attorney for plaintiff,
       **MARIA B. FIGUEIREDO, as Executrix of the Estate of ANTONIO FIGUEIREDO,
       deceased, and MARIA B. FIGUEIREDO individually,**
       599 West Hartsdale Avenue
       White Plains, New York 10607
       914 997 6400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

**DEMAND FOR BILL OF PARTICULARS**

Index number: 8151-04

MARIA B. FIGUEIREDO, as Executrix of the Estate of
ANTONIO FIGUEIREDO, deceased, and MARIA B.
FIGUEIREDO individually,

Plaintiff(s),

-against-

NEW PALACE PAINTERS SUPPLY CO., INC. FRAN-
JU, INC. and GERARDO MARCHESE INC.

Defendants.
------------------------------------------------------X

S I R S :

      PLEASE TAKE NOTICE, that pursuant to Rules 3041, 3042 and 3043 of the Civil

Practice Law and Rules, a notice is hereby served upon you to serve upon the attorney for the

defendant, **GERARDO MARCHESE INC.,** within ten (10) days after service of this notice

upon you, a verified bill of particulars setting forth in detail the following:

I.      The exact date and the approximate hour on said date when it is claimed the alleged
accident occurred.

II.      The present residence address of plaintiff, stating street and number as well as City and
State.

III.      A statement of the acts of omission and commission constituting the negligence
claimed.

IV.      A statement of the location of the occurrence set forth in the complaint with sufficient
detail so that same can be identified; stating whether it is claimed that the occurrence took place
within the intersection, giving the names of such street, or outside an intersection, and if the latter,
the approximate distance from the stated intersection, and on what street.

V.      A statement of the statutes, ordinances, regulation or rules of the State, Municipality,
or any of their departments or subdivisions, which are claimed to have been violated by defendant,
specifying the chapter or chapters, section of sections of the particular statute, ordinance,
regulation of rule.

VI.        The license number, year, engine number, model and make of the said motor vehicle claimed to have been damaged.

VII.       A statement setting forth the items of damage claimed to have been sustained by the plaintiff to said property, setting forth in detail each part claimed to have been damaged or replaced and the costs of repair or replacement for each part so damaged or replaced.

VIII.      A statement of any other expenses incurred on account of the occurrence set forth in the complaint, and for what incurred.

**PLEASE TAKE FURTHER NOTICE**, that unless you comply with this demand within ten (10) days a motion will be made to preclude the plaintiff from presenting any evidence at the trial of this action, as to any of the items for which a verified bill of particulars has been demanded and has not been complied with, with costs.

DATED:        WHITE PLAINS, NEW YORK
               May 11, 2004

                                              HOWARD T. CODE
                                              **LAW OFFICES OF THOMAS J. LEONARD**
                                              Attorneys for Defendant,
                                              **GERARDO MARCHESE INC.**
                                              108 Corporate Park Drive, Suite 115
                                              White Plains, NY 10604
                                              (914) 251-1244

TO:
        **LAW OFFICES OF ARNOLD I. BERSTEIN**
        Attorney for plaintiff,
        **MARIA B. FIGUEIREDO, as Executrix of the Estate of ANTONIO FIGUEIREDO, deceased, and MARIA B. FIGUEIREDO individually,**
        599 West Hartsdale Avenue
        White Plains, New York 10607
        914 997 6400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

                                          DEMAND FOR BILL OF
                                          PARTICULARS

MARIA B. FIGUEIREDO, as Executrix of the Estate of
ANTONIO FIGUEIREDO, deceased, and MARIA B.
FIGUEIREDO individually,

                                        Index number: 8151-04

                                       Plaintiff(s),

                  -against-

NEW PALACE PAINTERS SUPPLY CO., INC. FRAN-
JU, INC. and GERARDO MARCHESE INC.

                                  Defendants.
--------------------------------------------------------------X

S I R S:

                **PLEASE TAKE NOTICE**, that pursuant to Rule 3041, et eq., you are hereby

required to serve upon **LAW OFFICE OF CYGAN & HULTEN**, attorneys for the defendant,

**GERARDO MARCHESE INC.**, within twenty (20) days after service of a copy of this

Demand, a Verified Bill of Particulars of the Complaint setting forth in detail the following:

1. A statement of the nature, extent and location of the injuries allegedly sustained by the plaintiff's intestate.

2. A description of those injuries claimed to have resulted in the death of the plaintiff's intestate.

3. The exact date and the approximate hour on said date when it is claimed the alleged accident occurred.

4. The nature of the alleged vocation of the plaintiff's intestate.

5. The average weekly or monthly earnings of the plaintiff's intestate at the time of the occurrence set forth in the complaint.

6. State the name and address of the plaintiff's intestate's employer at the time of the alleged accident; if unemployed at the time of the alleged accident, state the name and address of the employer upon whose wage payments loss of earnings is based.

7. Set forth the date of death of plaintiff's intestate and his age at the time of his death.

8. An itemized account of the expenditures incurred for the funeral and burial of the plaintiff's intestate.

9. The present residence address of the plaintiff, stating street and number as well as City and State.

10. A statement of the acts of omission and commission constituting the negligence claimed.

11. A statement of the location of the occurrence set forth in the complaint, with sufficient detail so that same can be identified, stating whether it is claimed that the occurrence took place within the intersection of streets, giving the names of such streets, or outside an intersection and if the latter, the approximate distance from the stated intersection, and on what street.

12. A statement of the statutes, ordinances, regulations or rules of the state, municipality, or any of their departments or sub-divisions, which are claimed to have been violated by defendant, specifying the chapter or chapters, section or sections of the particular statute, ordinance, regulation or rule.

13. The respective names, ages, residence addresses and relationship of the next of kin who service the death of plaintiff's intestate.

14. State the total monetary amount the deceased contributed each month to each of the survivors financially dependent upon him.

15. State the names addresses and ages of those survivors of the deceased who were financially dependent upon him.

16. State the gross earnings of the deceased for the years 2003 to present.

17. A statement of any other expenses incurred on account of the occurrence set forth in the complaint, and for what incurred.

**PLEASE TAKE FURTHER NOTICE**, that unless you comply with this notice within twenty (20) days, a motion will be made to preclude the plaintiff from presenting any evidence at the trial of this action as to any of the items for which a verified bill of particulars has

been noticed and has not been complied with, with costs.

DATED:       WHITE PLAINS, NEW YORK
             May 11, 2004

                         HOWARD T. CODE
                         LAW OFFICES OF THOMAS J. LEONARD
                         Attorneys for Defendant,
                         **GERARDO MARCHESE INC.**
                         108 Corporate Park Drive, Suite 115
                         White Plains, NY  10604
                         (914) 251-1244

TO:

        **LAW OFFICES OF ARNOLD I. BERSTEIN**
        Attorney for plaintiff,
        **MARIA B. FIGUEIREDO,** as Executrix of the Estate of **ANTONIO FIGUEIREDO,**
        deceased, and **MARIA B. FIGUEIREDO individually,**
        599 West Hartsdale Avenue
        White Plains, New York 10607
        914 997 6400

Exhibit E