Calendar #

-------------------------------------------x

Figueiredo

Plaintiff(s),

- against -

New Palace et al.

Defendant(s),

-------------------------------------------x

**PRELIMINARY CONFERENCE ORDER**
Pursuant to Part 202 of the Uniform Civil
Rules for the Supreme Court

HON. Roman

**Preliminary Conference Part**

**Index Number** 8151/04

**Conference Date** 10/18/04

**APPEARANCES:**

**Plaintiff:** Figueiredo

Firm: Arnold Bernstein

By Attorney: David P. Kownacki     Phone: 212-557-4190

Carrier: \_\_\_\_ Phone: \_\_\_\_ Coverage Amount: \_\_\_\_

**Defendant 1:** New Palace

Firm: Molod Spitz + DeSantis

By Attorney: Irwin Miller     Phone: 212-869-3200

Carrier: \_\_\_\_ Phone: \_\_\_\_ Coverage Amount: \_\_\_\_

**Defendant 2:** Erun-Ju Inc

Firm: Wade Clark Mulcahy

By Attorney: Nicole Y. Brown     Phone: 212-267-1900

Carrier: Burlington    Phone: \_\_\_\_ Coverage Amount: $1 million

**Defendant 3:** Operando Marchesi, Inc

Firm: Thomas J. Leonard

By Attorney: \_\_\_\_     Phone: 914-251-1244

Carrier: \_\_\_\_ Phone: \_\_\_\_ Coverage Amount: \_\_\_\_

**I INSURANCE COVERAGE:**
☑ To be furnished within 30 days.

**II BILL OF PARTICULARS:**
- ☐1. Not submitted: Bill of Particulars to be served by \_\_\_\_
- ☑2. Served: ☑2(a). Satisfactory ☐2(b). Unsatisfactory
- ☑3. Supplemental bill of particulars to be served π to specify provisions of
- ☐4. Bill of particulars for affirmative defenses to be served OSHA and Indus Code violations

**III MEDICAL REPORTS AND HOSPITAL AUTHORIZATIONS:**
all authorizations to include copy of letters testimentary or seal from surrogate's court
- ☐1. Furnished (Except: \_\_\_\_)
- ☑2. Medical reports or authorizations for records to be served
- ☑3. Hospital authorizations to be served 30 days to extent not yet done - inc St Barnabus Hosp

**IV PHYSICAL EXAMINATION:**
- ☐1(a). Held ☐1(b) Waived   n/a
- ☐1(c). Examination of \_\_\_\_
  To be held \_\_\_\_
  Defendant to designate physician(s) within 21 days of plaintiff's EBT
- ☐2(a). Physician's report furnished
- ☐2(b). Copy of physician's report to be furnished to plaintiff within \_\_\_\_ days of examination.

SC. NO. 8A Rev. 12/04

**V   EXAMINATION BEFORE TRIAL:**

☐1.   ☐ Plaintiff     ☐ Defendants     ☑ All parties

☐2.   To be held at *respective offices — unless otherwise agreed*

     Date: *11 – 12/15/04*     Time: *10 am*

☐3.   Held (Except: _____ )    ☐Waived

     △ *New Palace 1/10/05*

     △ *Marchese 1/10/05*

     △ *Fran Ju 1/10/05*

**VI   OTHER DISCLOSURE:**

*△s to provide all contracts regards this project – 30 days.*

☐1.   None

☑2.   All parties to exchange names and addresses of all witnesses, opposing parties' statements, and photographs. If none, an affirmation to that effect shall be exchanged.

☑3.   Authorizations for plaintiff's employment records (IRS) including W-2 for period *3 years – unless already done if decedent was self employed π to provide tax auth*

☑4.   *All parties to respond to all discovery demands to extent not yet done*

☑5.   To be completed within *30 days*

**VII   IMPLEADER ACTIONS:**   ☐1(a). None    ☐1(b). To be commenced *60* days after all EBT's.

**VIII   DESIGNATED FOR TRANSFER:**

☐1(a). CPLR 325 (c)

☐1(b). CPLR 325 (d)

**IX   ADDITIONAL DIRECTIVES:**

☐   See attached page for additional directives

**X   ALL PARTIES:**

Are directed to complete discovery on or before *4-1-05* and appear for a compliance conference on *4-6-05*

Any statutory stays of disclosure due the pendency of motions pursuant to CPLR 3211, 3212 and 3213 are vacated.

Counsel will be required to justify, at the Compliance Conference, failure to adhere to the discovery schedule set forth herein.

In the event of non-compliance, costs or other sanctions may be imposed.

**This constitutes the decision and order of this court.**

Dated: *10-16-04*     Enter: _____

                        **J.S.C.**

Parties must adhere to all dates contained herein relating to the completion of items in this order. Counsel may not enter into any adjournments without further order of this court.

SC. NO. 8A Rev. 12/04

Exhibit F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------------------------------x    Index No.: 8151/04

MARIA B. FIGUEIREDO, as Executrix of the
Estate of ANTONIO FIGUEIREDO, deceased
and MARIA B. FIGUEIREDO, Individually,                    **VERIFIED BILL**
                                                          **OF PARTICULARS**
                                    Plaintiffs,

                -against-

NEW PALACE PAINTERS SUPPLY CO. INC.,
FRAN-JU, INC. and GERARDO MARCHESE, INC.,

                                    Defendants.
---------------------------------------------------------------x

SIRS:

PLEASE TAKE NOTICE, that plaintiffs, by their attorney, ARNOLD I. BERNSTEIN, ESQ.,

hereby submit the following as and for their bill of particulars pursuant to the demand of defendant

NEW PALACE PAINTERS SUPPLY CO. INC., upon information and belief:

1.      Decedent ANTONIO FIGUEIREDO's date of birth was 3/13/50. His social security

number is/was 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. Plaintiffs reside(d) at 46 Edgewood Avenue, Yonkers, NY 10704.

1a.     Upon information and belief, decedent was not known by another other names.

1b.     Plaintiff's decedent resided at 46 Edgewood Avenue, Yonkers, NY 10704 for the past

five (5) years.

2.      The occurrence complained of herein took place on January 22, 2003 at approximately

2:30 p.m.

3.      The occurrence complained of herein took place at premises located at 534 East 180th

Street (3rd Avenue), County of Bronx, City and State of New York.

4&5.    The acts and omissions constituting the negligence, recklessness and carelessness of

the defendants, their agents, servants and/or employees, consisted of, among other things, negligently,

recklessly and carelessly owning, operating, managing, maintaining and controlling the subject

premises; in failing to use due care and caution; in causing, permitting and/or allowing the aforesaid

premises to become and remain in an unsafe, improper and dangerous condition, which constituted a

1

hazard, trap and nuisance to plaintiff's decedent and others lawfully working thereat; in failing to keep said premises in a reasonable and proper state of repair; in failing to provide a safe place to work for plaintiff's decedent and others lawfully employed thereat; in violating relevant and applicable provisions of the Labor Law of the State of New York, including, but not limited to Sections 200, 240 and 241(6); in violating relevant and applicable provisions of the New York Industrial Code; in failing to construct, shore, equip, guard, arrange, operate and/or conduct the area in and about the area where plaintiff's decedent was working in such a manner so as to prevent the happening of the occurrence herein; in failing to provide proper machinery, equipment and/or other devices which were adequately constructed, placed, guarded, managed and operated so as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein including plaintiff's decedent herein; in failing to provide safety equipment in compliance with the requirements of Labor Law Sections 200, 240 and 241(6) and the New York Industrial Code; in failing to furnish plaintiff's decedent with any hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes or other devices so constructed, placed and operated so as to give proper protection to plaintiff thereat; in failing to supply plaintiff's decedent with any safety lines, safety harnesses or other safety equipment; in allowing and permitting a dangerous and defective condition to exist for an unreasonably long period of time; in failing to provide adequate protection for safety to persons employed in the areas in which work was being performed; in failing to hire and/or supervise competent and adequate personnel; in causing and creating obstructions and/or other hazards in and about the area where plaintiff was working; in failing to properly or adequately supervise the area; in permitting a dangerous, hazardous and defective condition to exist and remain for an unreasonable period of time; in failing to give the plaintiff's decedent warning or notice of the dangerous and unsafe condition existing at the aforesaid premises; in failing to erect barricades or signs or other warning devices around the condition to warn persons, and more particularly, the plaintiff's decedent herein, of the dangerous conditions then and there existing; in failing to barricade or otherwise prevent others from traversing the area where a dangerous and defective condition existed; in permitting the aforementioned area to be used while in a dangerous,

2

defective and trap like condition; in causing, allowing and permitting said dangerous and defective conditions to exist for an unreasonable length of time, under the circumstances then and there prevailing without remedying same; in failing to inspect and/or negligently inspecting the aforesaid premises; in failing to maintain and repair the aforesaid premises in such a manner as to avoid the occurrence complained of herein; in failing to timely and properly remedy said dangerous and defective condition; in failing to take timely and adequate precautions to prevent the happening of the occurrence complained of; in failing to provide proper equipment and appurtenances which were necessary under the circumstances; in failing to adequately and properly design the subject premises; and in failing to use due care and caution so as to avoid the happening of the occurrence complained of. Plaintiff(s) may also rely upon the doctrine of res ipsa loquitur, to the extent applicable.

6.      Plaintiff(s) object to any inquiry as to *"the manner in which the accident occurred..."* as evidentiary in nature and improper for a bill of particulars. Notwithstanding the foregoing objection, at the time and place as aforesaid, plaintiff's decedent ANTONIO FIGUEIREDO fell off a scaffold while working at the subject premises.

7.  .   Notice is not a prerequisite to defendants' violations of applicable law which impose strict liability upon defendants for the occurrence complained of herein. However, it is claimed that defendants, their agents, servants and/or employees had actual knowledge in that they caused and/or created the condition complained of and had a non-delegable duty to construct, place and operate safety devices so as to give proper protection to plaintiff's decedent herein. Plaintiff(s) further claim that defendants herein by and through their agents, servants and/or employees had constructive notice and knowledge of the aforesaid dangerous and defective condition and failed to timely and properly remedy same and provide a safe place for decedent to work.

8.      Reference is made to #5 hereinabove as to any negligent repairs.

9.      Plaintiffs claim defendants, their agents, servants and/or employees violated the relevant and applicable provisions of the Labor Law of the State of New York, including, but not limited to Section 200, 240(1) and 241(6); and in violating relevant and applicable provisions of the New York

3

Industrial Code and the NYCRR. Plaintiffs reserve the right to amend and/or supplement this paragraph after completion of discovery.

10.     As a result of the occurrence complained of herein, plaintiff's decedent ANTONIO FIGUEIREDO suffered severe conscious pain and suffering and resultant death, including the following known personal injuries:

Blunt impact injury of head with subscalpular hemorrhage,     occipital fracture, subdural and epidural hemorrhage,   subarachnoid hemorrhage, cerebral edema with bilateral        transtentorial herniation;

Blunt impact injury of torso with contusion, left flank, bilateral rib fractures, T12 anamnestic vertebral fracture; emboli of the lung and left pleural adhesions;

Esophageal erosion;

The exact cause of death was blunt injuries of head and trunk;

11.     As a result of the occurrence complained of herein and resulting injuries therefrom, plaintiff's decedent ANTONIO FIGUEIREDO was taken to St. Barnabas Hospital, 4422 Third Avenue, Bronx, NY on January 22, 2003 through February 5, 2003. Thereafter, he was transferred to NY Presbyterian Hospital, 525 East 68th Street, New York, NY from February 5, 2003 through February 7, 2003. He was then transferred back to St. Barnabas on February 7, 2003 through February 14, 2003. He was not confined to bed or home.

12. At the time of the occurrence, plaintiff's decedent ANTONIO FIGUEIREDO was self-employed as a contractor. In 2002, decedent earned approximately $26,444 as a contractor. Additional, during 2001 and 2002, decedent constructed two one-family residences that sold in 2003 for a net profit of approximately $400,000.

13.     Not applicable. Plaintiff's decedent was not a student at the time of the occurrence.

14.     Plaintiffs' special damages to be provided under separate cover.

15.     Not applicable. Plaintiff's decedent did not sustain any injuries in a prior accident and is not claiming exacerbation or aggravation of any pre-existing condition.

4

16.     As a result of the injuries suffered by decedent ANTONIO FIGUEIREDO, plaintiff MARIA B. FIGUEIREDO, his wife, residing at 46 Edgewood Avenue Yonkers, New York, lost the services of her husband in that he was unable to perform the full range of services he provided prior to his injury including those of a sexual nature. In addition, plaintiff MARIA B. FIGUEIREDO was caused to be deprived of the care, comfort, services, companionship, consortium and society of her husband, decedent ANTONIO FIGUEIREDO.

17.     Reference is made to plaintiffs' bill of particulars as to co-defendant, annexed herewith.

18.     Plaintiff's decedent died on February 14, 2003 at St. Barnabas Hospital.

19.     Decedent was 52 years old at the time of his death and resided at 46 Edgewood Avenue, Yonkers, NY 10704.

20.     Reference is made to #10 hereinabove as to the injuries sustained by decedent.

21.     Decedent suffered conscious pain and suffering from the date of the occurrence up to and including his untimely death on February 14, 2003.

22.     Decedent left surviving the following next of kin:

–    Maria B. Figueiredo (wife), 46 Edgewood Avenue, Yonkers, NY, D.O.B.: 8/1/48; and

Miguel Figueiredo (son), 46 Edgewood Avenue, Yonkers, NY, age 27.

By virtue of the foregoing, decedent=s next of kin have suffered pecuniary loss, loss of services, loss of parental guidance and loss of society and have been damaged in an amount to be provided prior to the time of trial.

Dated:  New York, New York
        May 14, 2004

Yours, etc.,

ARNOLD I. BERNSTEIN
Attorney for Plaintiffs
599 West Hartsdale Avenue
White Plains, NY 10607
(914) 997-6400

5

TO:     MOLOD, SPITZ & DeSANTIS, ESQS.
        Attorneys for Defendant
        NEW PALACE PAINTERS SUPPLY CO. INC.
        104 West 40th Street – 9th Floor
        New York, NY 10018
        (212) 869-3200
        File No.: UN-630

        WADE, CLARK, MULCAHY
        Attorneys for Defendant
        FRAN-JU, INC.
        111 Broadway – 9th Floor
        New York, NY 10006
        (212) 267-1900
        File No.: 190.3547.3

        LAW OFFICES of
        THOMAS J. LEONARD
        Attorneys for Defendant
        GERARDO MARCHESE INC.
        108 Corporate Park Drive, Suite 115
        White Plains, NY 10604
        (914) 251-1244

6

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK, COUNTY OF WESTCHESTER ss.:

I, the undersigned, am an attorney admitted practice in the Courts of New York State, and say that: I am the attorney of record, or of counsel with the attorney(s) of record, for plaintiffs. I have read the annexed BILL OF PARTICULARS know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matter therein not stated upon knowledge, is based upon the following:

Information contained within the file and conversations with plaintiffs.

Plaintiffs do not reside in the same County where deponent maintains his office or in the alternative that plaintiffs do reside in the same County; your deponent is familiar with the facts upon which this suit is based.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: White Plains, New York
      May 25, 2004

_____
ARNOLD I. BERNSTEIN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------x
MARIA B. FIGUEIREDO, as Executrix of the
Estate of ANTONIO FIGUEIREDO, deceased
and MARIA B. FIGUEIREDO, Individually,

                              Plaintiffs,

         -against-

NEW PALACE PAINTERS SUPPLY CO. INC.,
FRAN-JU, INC. and GERARDO MARCHESE, INC.,

                              Defendants.
------------------------------------------------------------------------x

Index No.: 8151/04

**VERIFIED BILL
OF PARTICULARS**

S I R S :

PLEASE TAKE NOTICE, that plaintiffs, by their attorney, ARNOLD I. BERNSTEIN, ESQ.,

hereby submit the following as and for their bill of particulars pursuant to the demand of defendant

FRAN-JU, INC., upon information and belief:

1.    Decedent ANTONIO FIGUEIREDO's date of birth was 3/13/50. His social security

number was 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. Plaintiffs reside(d) at 46 Edgewood Avenue, Yonkers, NY 10704.

2.    The occurrence complained of herein took place on January 22, 2003 at approximately

2:30 p.m. at premises located at 534 East 180th Street (3rd Avenue), County of Bronx, City and State

of New York.

3.    Plaintiff(s) object to any inquiry as to *"the manner in which the accident occurred..."*

as evidentiary in nature and improper for a bill of particulars. Notwithstanding the foregoing objection,

at the time and place as aforesaid, plaintiff's decedent ANTONIO FIGUEIREDO fell off a scaffold

while working at the subject premises.

4.    The acts and omissions constituting the negligence, recklessness and carelessness of

the defendants, their agents, servants and/or employees, consisted of, among other things, negligently,

recklessly and carelessly owning, operating, managing, maintaining and controlling the subject

premises; in failing to use due care and caution; in causing, permitting and/or allowing the aforesaid

1

premises to become and remain in an unsafe, improper and dangerous condition, which constituted a hazard, trap and nuisance to plaintiff's decedent and others lawfully working thereat; in failing to keep said premises in a reasonable and proper state of repair; in failing to provide a safe place to work for plaintiff's decedent and others lawfully employed thereat; in violating relevant and applicable provisions of the Labor Law of the State of New York, including, but not limited to Sections 200, 240 and 241(6); in violating relevant and applicable provisions of the New York Industrial Code; in failing to construct, shore, equip, guard, arrange, operate and/or conduct the area in and about the area where plaintiff's decedent was working in such a manner so as to prevent the happening of the occurrence herein; in failing to provide proper machinery, equipment and/or other devices which were adequately constructed, placed, guarded, managed and operated so as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein including plaintiff's decedent herein; in failing to provide safety equipment in compliance with the requirements of Labor Law Sections 200, 240 and 241(6) and the New York Industrial Code; in failing to furnish plaintiff's decedent with any hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes or other devices so constructed, placed and operated so as to give proper protection to plaintiff thereat; in failing to supply plaintiff's decedent with any safety lines, safety harnesses or other safety equipment; in allowing and permitting a dangerous and defective condition to exist for an unreasonably long period of time; in failing to provide adequate protection for safety to persons employed in the areas in which work was being performed; in failing to hire and/or supervise competent and adequate personnel; in causing and creating obstructions and/or other hazards in and about the area where plaintiff was working; in failing to properly or adequately supervise the area; in permitting a dangerous, hazardous and defective condition to exist and remain for an unreasonable period of time; in failing to give the plaintiff's decedent warning or notice of the dangerous and unsafe condition existing at the aforesaid premises; in failing to erect barricades or signs or other warning devices around the condition to warn persons, and more particularly, the plaintiff's decedent herein, of the dangerous conditions then and there existing; in failing to barricade or otherwise prevent others from traversing the area where a dangerous

2

and defective condition existed; in permitting the aforementioned area to be used while in a dangerous, defective and trap like condition; in causing, allowing and permitting said dangerous and defective conditions to exist for an unreasonable length of time, under the circumstances then and there prevailing without remedying same; in failing to inspect and/or negligently inspecting the aforesaid premises; in failing to maintain and repair the aforesaid premises in such a manner as to avoid the occurrence complained of herein; in failing to timely and properly remedy said dangerous and defective condition; in failing to take timely and adequate precautions to prevent the happening of the occurrence complained of; in failing to provide proper equipment and appurtenances which were necessary under the circumstances; in failing to adequately and properly design the subject premises; and in failing to use due care and caution so as to avoid the happening of the occurrence complained of. Plaintiff(s) may also rely upon the doctrine of res ipsa loquitur, to the extent applicable.

5.    As a result of the occurrence complained of herein, plaintiff's decedent ANTONIO FIGUEIREDO suffered severe conscious pain and suffering and resultant death, including the following known personal injuries:

> Blunt impact injury of head with subscalpular hemorrhage, occipital fracture, subdural and epidural hemorrhage, subarachnoid hemorrhage, cerebral edema with bilateral transtentorial herniation;

> Blunt impact injury of torso with contusion, left flank, bilateral rib fractures, T12 anamnestic vertebral fracture; emboli of the lung and left pleural adhesions;

> Esophageal erosion;

> The exact cause of death was blunt injuries of head and trunk;

6.    As a result of the occurrence complained of herein and resulting injuries therefrom, plaintiff's decedent ANTONIO FIGUEIREDO was taken to St. Barnabas Hospital, 4422 Third Avenue, Bronx, NY on January 22, 2003 through February 5, 2003. Thereafter, he was transferred to NY Presbyterian Hospital, 525 East 68th Street, New York, NY from February 5, 2003 through February 7, 2003. He was then transferred back to St. Barnabas on February 7, 2003 through February 14, 2003. He was not confined to bed or home.

3

7.    Any and all x-rays, Mir's, CT scans, EMGs or other diagnostic testing were performed at the aforementioned hospital facilities.

8.    Plaintiff's decedent was not treated by any other doctors or medical care providers other than those at the aforementioned hospital facilities.

9.    Not applicable. Plaintiffs are not still treating.

10.    Not applicable. Plaintiff's decedent did not have a previous injury or illness.

11-15.    At the time of the occurrence, plaintiff's decedent ANTONIO FIGUEIREDO was self-employed as a contractor. In 2002, decedent earned approximately $26,444 as a contractor. Additionally, during 2001 and 2002, decedent constructed two one-family residences that sold in 2003 for a net profit of approximately $400,000.

16.    Plaintiffs' special damages to be provided under separate cover.

17-18.    Not applicable. Plaintiff's decedent did not sustain any injuries in a prior accident.

19.    Not applicable. Plaintiffs have not asserted a claim for property damage.

20.    Reference is made to #2 hereinabove as to the location of the occurrence.

21.    Not applicable. No intentional tort is claimed.

22.    Plaintiffs claim defendants, their agents, servants and/or employees violated the relevant and applicable provisions of the Labor Law of the State of New York, including, but not limited to Section 200, 240(1) and 241(6); and in violating relevant and applicable provisions of the New York Industrial Code and the NYCRR. Plaintiffs reserve the right to amend and/or supplement this paragraph after completion of discovery.

23.     As a result of the injuries suffered by decedent ANTONIO FIGUEIREDO, plaintiff

MARIA B. FIGUEIREDO, his wife, residing at 46 Edgewood Avenue Yonkers, New York, lost the

services of her husband in that he died.  In addition, plaintiff MARIA B. FIGUEIREDO has been

deprived of the care, comfort, services, companionship, consortium and society of her husband,

decedent ANTONIO FIGUEIREDO.

Dated: New York, New York
       May 14, 2004

                                          Yours, etc.,


                                          ARNOLD I. BERNSTEIN
                                          Attorney for Plaintiffs
                                          599 West Hartsdale Avenue
                                          White Plains, NY 10607
                                          (914) 997-6400


TO:     MOLOD, SPITZ & DeSANTIS, ESQS.
        Attorneys for Defendant
        NEW PALACE PAINTERS SUPPLY CO. INC.
        104 West 40th Street – 9th Floor
        New York, NY 10018
        (212) 869-3200
        File No.: UN-630

        WADE, CLARK, MULCAHY
        Attorneys for Defendant
        FRAN-JU, INC.
        111 Broadway – 9th Floor
        New York, NY 10006
        (212) 267-1900
        File No.: 190.3547.3

        LAW OFFICES of
        THOMAS J. LEONARD
        Attorneys for Defendant
        GERARDO MARCHESE INC.
        108 Corporate Park Drive, Suite 115
        White Plains, NY 10604
        (914) 251-1244

5

# ATTORNEY'S VERIFICATION

STATE OF NEW YORK, COUNTY OF WESTCHESTER ss.:

I, the undersigned, am an attorney admitted practice in the Courts of New York State, and say that: I am the attorney of record, or of counsel with the attorney(s) of record, for plaintiffs. I have read the annexed BILL OF PARTICULARS know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matter therein not stated upon knowledge, is based upon the following:

Information contained within the file and conversations with plaintiffs.

Plaintiffs do not reside in the same County where deponent maintains his office or in the alternative that plaintiffs do reside in the same County; your deponent is familiar with the facts upon which this suit is based.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: White Plains, New York
       May 25, 2004

ARNOLD I. BERNSTEIN

## CERTIFICATION

This is to certify that, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of this paper or the contentions therein are not frivolous as defined in subsection (c) of section 130-1.1 of the Rules of the Chief Administrator (22NYCRR).

Yours, etc.,

ARNOLD I. BERNSTEIN
Attorney for Plaintiffs
599 West Hartsdale Avenue
White Plains, NY 10607
(914) 997-6400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------x
MARIA B. FIGUEIREDO, as Executrix of the
Estate of ANTONIO FIGUEIREDO, deceased
and MARIA B. FIGUEIREDO, Individually,

                                    Plaintiffs,

                    -against-

NEW PALACE PAINTERS SUPPLY CO. INC.,
FRAN-JU, INC. and GERARDO MARCHESE, INC.,

                                    Defendants.
------------------------------------------x

Index No.: 8151/04

**VERIFIED BILL
OF PARTICULARS**

S I R S :

     PLEASE TAKE NOTICE, that plaintiffs, by their attorney, ARNOLD

I. BERNSTEIN, ESQ., hereby submit the following as and for their bill

of particulars pursuant to the demand of defendant GERARDO MARCHESE

INC., upon information and belief:

     1.    The occurrence complained of herein took place on January

22, 2003 at approximately 2:30 p.m.

     2.    Plaintiff resides at 46 Edgewood Avenue, Yonkers, NY 10704.

     3.    The acts and omissions constituting the negligence,

recklessness and carelessness of the defendants, their agents,

servants and/or employees, consisted of, among other things,

negligently, recklessly and carelessly owning, operating, managing,

maintaining and controlling the subject premises; in failing to use

due care and caution; in causing, permitting and/or allowing the

aforesaid premises to become and remain in an unsafe, improper and

dangerous condition, which constituted a hazard, trap and nuisance

to plaintiff's decedent and others lawfully working thereat; in

failing to keep said premises in a reasonable and proper state of

                                    1

repair; in failing to provide a safe place to work for plaintiff's decedent and others lawfully employed thereat; in violating relevant and applicable provisions of the Labor Law of the State of New York, including, but not limited to Sections 200, 240 and 241(6); in violating relevant and applicable provisions of the New York Industrial Code; in failing to construct, shore, equip, guard, arrange, operate and/or conduct the area in and about the area where plaintiff's decedent was working in such a manner so as to prevent the happening of the occurrence herein; in failing to provide proper machinery, equipment and/or other devices which were adequately constructed, placed, guarded, managed and operated so as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein including plaintiff's decedent herein; in failing to provide safety equipment in compliance with the requirements of Labor Law Sections 200, 240 and 241(6) and the New York Industrial Code; in failing to furnish plaintiff's decedent with any hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes or other devices so constructed, placed and operated so as to give proper protection to plaintiff thereat; in failing to supply plaintiff's decedent with any safety lines, safety harnesses or other safety equipment; in allowing and permitting a dangerous and defective condition to exist for an unreasonably long period of time; in failing to provide adequate protection for safety to persons employed in the areas in which work was being performed; in failing to hire and/or supervise competent and adequate personnel; in causing and creating obstructions and/or other hazards in and about the area

2

where plaintiff was working; in failing to properly or adequately supervise the area; in permitting a dangerous, hazardous and defective condition to exist and remain for an unreasonable period of time; in failing to give the plaintiff's decedent warning or notice of the dangerous and unsafe condition existing at the aforesaid premises; in failing to erect barricades or signs or other warning devices around the condition to warn persons, and more particularly, the plaintiff's decedent herein, of the dangerous conditions then and there existing; in failing to barricade or otherwise prevent others from traversing the area where a dangerous and defective condition existed; in permitting the aforementioned area to be used while in a dangerous, defective and traplike condition; in causing, allowing and permitting said dangerous and defective conditions to exist for an unreasonable length of time, under the circumstances then and there prevailing without remedying same; in failing to inspect and/or negligently inspecting the aforesaid premises; in failing to maintain and repair the aforesaid premises in such a manner as to avoid the occurrence complained of herein; in failing to timely and properly remedy said dangerous and defective condition; in failing to take timely and adequate precautions to prevent the happening of the occurrence complained of; in failing to provide proper equipment and appurtenances which were necessary under the circumstances; in failing to adequately and properly design the subject premises; and in failing to use due care and caution so as to avoid the happening of the occurrence complained of.    Plaintiff(s) may also rely upon the doctrine of res ipsa

_loquitur_, to the extent applicable.

4.   The occurrence complained of herein took place at premises located at 534 East 180th Street (3rd Avenue), County of Bronx, City and State of New York.

5.   Plaintiffs claim defendants, their agents, servants and/or employees violated the relevant and applicable provisions of the Labor Law of the State of New York, including, but not limited to Section 200, 240(1) and 241(6); and in violating relevant and applicable provisions of the New York Industrial Code and the NYCRR. Plaintiffs reserve the right to amend and/or supplement this paragraph after completion of discovery. Notice is not a prerequisite to defendants' violations of applicable law which impose strict liability upon defendants for the occurrence complained of herein. However, it is claimed that defendants, their agents, servants and/or employees had actual knowledge in that they caused and/or created the condition complained of and had a non-delegable duty to construct, place and operate safety devices so as to give proper protection to plaintiff's decedent herein. Plaintiff(s) further claim that defendants herein by and through their agents, servants and/or employees had constructive notice and knowledge of the aforesaid dangerous and defective condition and failed to timely and properly remedy same and provide a safe place for decedent to work.

6.   Not applicable.


7.   Not applicable.


4

8.   Plaintiffs' special damages to be provided under separate

cover.

Dated: White Plains, New York
       June 2, 2004

Yours, etc.,

ARNOLD I. BERNSTEIN
Attorney for Plaintiffs
599 West Hartsdale Avenue
White Plains, NY 10607
(914) 997-6400

TO:   LAW OFFICES of
      THOMAS J. LEONARD
      Attorneys for Defendant
      GERARDO MARCHESE INC.
      108 Corporate Park Drive, Suite 115
      White Plains, NY 10604
      (914) 251-1244

      MOLOD, SPITZ & DeSANTIS, ESQS.
      Attorneys for Defendant
      NEW PALACE PAINTERS SUPPLY CO. INC.
      104 West 40th Street – 9th Floor
      New York, NY 10018
      (212) 869-3200
      File No.: UN-630

      WADE, CLARK, MULCAHY
      Attorneys for Defendant
      FRAN-JU, INC.
      111 Broadway – 9th Floor
      New York, NY 10006
      (212) 267-1900
      File No.: 190.3547.3

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK, COUNTY OF WESTCHESTER ss.:

I, the undersigned, am an attorney admitted practice in the Courts of New York State, and say that: I am the attorney of record, or of counsel with the attorney(s) of record, for plaintiffs. I have read the annexed BILL OF PARTICULARS know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matter therein not stated upon knowledge, is based upon the following:

Information contained within the file and conversations with plaintiffs.

Plaintiffs do not reside in the same County where deponent maintains his office or in the alternative that plaintiffs do reside in the same County; your deponent is familiar with the facts upon which this suit is based.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: White Plains, New York
       June 2, 2004

ARNOLD I. BERNSTEIN

## CERTIFICATION

This is to certify that, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of this paper or the contentions therein are not frivolous as defined in subsection (c) of section 130-1.1 of the Rules of the Chief Administrator (22NYCRR).

Yours, etc.,

ARNOLD I. BERNSTEIN
Attorney for Plaintiffs
599 West Hartsdale Avenue
White Plains, NY 10607
(914) 997-6400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------X
MARIA B. FIGUEIREDO, as Executrix of the
Estate of ANTONIO FIGUEIREDO, deceased
and MARIA B. FIGUEIREDO, Individually,

          Index No. 8151/04

          Plaintiff,

          Amended Verified
          Bill of Particulars

   -against-

NEW PALACE PAINTERS SUPPLY CO., INC.,
FRAN-JU, INC. and GERARDO MARCHESE, INC.,

          Defendants.
------------------------------------------X

*C O U N S E L O R S:*

    ***PLEASE TAKE NOTICE***, that the plaintiff's, by their

attorneys, DAVID P. KOWNACKI, P.C., as and for their response to

the defendants' demands for a bill of particulars, amend that

previously provided as follows:

    1.  The accident occurred at the premises known as 538

East 180th Street, County of Bronx, City and State of New York.

Dated:    New York, New York
        May 3, 2005

                    Yours, etc.

                    Stephen A. Skor, Esq.
                    DAVID P. KOWNACKI, P.C.
                    *Attorney for Plaintiff*
                    122 East 42nd Street
                    Suite 2112
                    New York, NY 10168
                    (212) 557-4190

TO:
LAW OFFICES OF THOMAS J. LEONARD
*Attorneys for Defendant*
*Gerardo Marchese, Inc.*
108 Corporate Drive, Suite 115
White Plains, New York 10604
(914) 251-1244

MOLOD SPITZ & DeSANTIS, P.C.
*Attorneys for Defendant*
*New Palace Painters Supply*
104 West 40th Street
New York, New York 10018
(212) 869-3200
Your File No. UN-630

WADE, CLARK, MULCAHY
*Attorneys for Defendant*
*Fran-Ju, Inc.*
111 Broadway, 9th Floor
New York, New York 10006
(212) 267-1900
File No. 267-1900

\\Server\client\A to G\Figueiredo, A\amendedbp.wpd

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------X
MARIA B. FIGUEIREDO, as Executrix of the
Estate of ANTONIO FIGUEIREDO, deceased
and MARIA B. FIGUEIREDO, Individually,

                  Plaintiff,

-against-

NEW PALACE PAINTERS SUPPLY CO., INC.,
FRAN-JU, INC. and GERARDO MARCHESE, INC.,

                  Defendants.
------------------------------------------X

Index No. 8151/04

Supplemental
Verified Bill of
Particulars

*C O U N S E L O R S:*

    **PLEASE TAKE NOTICE**, that the plaintiff's, by their attorneys, DAVID P. KOWNACKI, P.C., as and for their response to the defendants' demands for a bill of particulars, supplements that previously provided as follows:

    1.  The defendants violated Section 23-1.7(b)(1)(i), (ii) and (iii) of the Industrial Code as they pertain to "Hazardous Openings" and thus Labor Law section 241(6).

Dated:    New York, New York
          August 29, 2005

                                  Yours, etc.

                                    Stephen A. Skor, Esq.
                                  DAVID P. KOWNACKI, P.C.
                                  *Attorney for Plaintiff*
                                  122 East 42nd Street
                                  Suite 2112
                                  New York, NY 10168
                                  (212) 557-4190

TO:

LAW OFFICES OF THOMAS J. LEONARD
*Attorneys for Defendant*
*Gerardo Marchese, Inc.*
108 Corporate Drive, Suite 115
White Plains, New York 10604
(914) 251-1244

MOLOD SPITZ & DeSANTIS, P.C.
*Attorneys for Defendant*
*New Palace Painters Supply*
104 West 40th Street
New York, New York 10018
(212) 869-3200
Your File No. UN-630

WADE, CLARK, MULCAHY
*Attorneys for Defendant*
*Fran-Ju, Inc.*
111 Broadway, 9th Floor
New York, New York 10006
(212) 267-1900
File No. 267-1900


\\Server\client\A to G\Figueiredo, A\suppbp.wpd

## ATTORNEY'S VERIFICATION

STEPHEN A. SKOR , ESQ., an attorney associated with DAVID P. KOWNACKI, P.C., attorneys for plaintiff in the within action, and duly admitted to practice in the Courts of the State of New York affirms the following under the penalties of perjury, pursuant to Rule 2106 of CPLR:

That he has read the foregoing **BILL OF PARTICULARS** and knows the contest thereof; that the same is true to his own knowledge, except as to the matters herein stated to be alleged upon information and belief, and that as to those matters he believes to be true.

Affiant further states that the source of his information and the grounds of his belief are derived from the file maintained in the normal course of business.

Affiant further states that the reason this verification is not made by the plaintiff is that the plaintiff resides outside the County of New York, which is the County where the attorney for the plaintiff herein maintains his office.

Dated:      New York, New York
            August 29, 2005

Stephen A. Skor, Esq.

Exhibit G

# RETAINER AGREEMENT

To: The Law Offices of Arnold I. Bernstein
599 West Hartsdale Avenue
White Plains, New York 10607

1. **I, Maria B. Figueiredo proposed executrix of the estate of Antonio Figueiredo, of 46 Edgewood Avenue Yonkers NY 10704** hereby employ and engage The Law Offices of Arnold I. Bernstein to represent me in connection with any and all claims which I may have against any and all persons, arising on **January 22, 2003 through February 14, 2003.**

2. You are authorized to fully investigate my claim, and should you file suit or other legal proceedings on my behalf, to fully prepare for and prosecute the same. If, after reasonable investigation of such claim or claims, you determine that it is not feasible to prosecute such claim, upon notification to me of such fact, you may withdraw from representation under this agreement.

3. I understand that the legal representation that you will provide will include all aspects of the handling of my case from initial settlement negotiations through the commencement of suit and entry of judgment. I further understand that the services to be provided through this agreement will not extend through the prosecution of an appeal or representation on an appeal brought by any of the parties to the law suit.

4. In consideration of the services rendered and to be rendered, Clients agree to pay and ARNOLD I. BERNSTEIN is authorized to retain out of any monies that may come into their possession by reason of the above claim <u>Thirty-Three and One-Third (33   Percent of the net settlement or award</u>; provided, however, that if any portion of the recovery is based on a claim for medical malpractice, then the contingent fees shall conform to those set forth in the Medical Malpractice Reform Law of July 2, 1985, as set forth below. Fees shall be computed on the net sum after deducted costs. For the following or similar items there shall be no deduction in computing fees: Liens, assignments or claims in favor of health care providers, self insurers or carriers. In the event of extraordinary services, Attorneys may apply to the Court for greater compensation.

5. <u>IN THE EVENT OF NO RECOVERY CLIENTS SHALL OWE ATTORNEYS NOTHING FOR SERVICES RENDERED.</u>

6. <u>CLIENTS AGREE THAT ATTORNEYS HAVE MADE NO PROMISES OR GUARANTEES REGARDING THE OUTCOME OF CLIENTS' CLAIM.   Clients understand Attorneys will investigate Clients' claim and, if after so investigating, claim does not appear to them to have merit, or in the event that it appears defendants have no insurance coverage, then Attorneys shall have the right to cancel this agreement.</u>

7. If this is a medical malpractice case, the maximum Attorneys' fee applied for, after a jury has begun to be selected or any appeal taken shall be Thirty-Three and One-Third

(33_%) Percent. Clients have discussed the Medical Malpractice Sliding Scale retainer with ARNOLD I. BERNSTEIN, ESQ. and understand that the fees are restricted by the Judiciary Law as follows:      30% of the first $250,000.00;

25% of the next $250,000.00;
20% of the next $500,000.00;
15% of the next $250,000.00;
10% of anything over $1,250,000.00

unless otherwise ordered by the Court.

8. Such percentages shall be computed on the net sum recovered after deducting from the amount recovered, expenses and disbursements for expert testimony, and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action. In computing the fee, the costs as taxed, including interest upon a judgment, shall be deemed part of the amount recovered. For the following or similar items there shall be no deduction in computing such percentages: liens, assignments or claims in favor of hospitals, for medical care, dental care, podiatric care and treatment by doctors and nurses or of self-insurers or insurance carriers.

9. I further agree that from the proceeds of any such recovery, whether by settlement, judgment or otherwise, you may deduct the attorney's fees to which you are entitled, and all costs, expenses and interest which remain unpaid. Should this matter be concluded on the bases of a "structured settlement" your entire fee plus all costs advanced on my behalf shall be deducted from the initial cash payment.

10. It is understood that I remain fully responsible for all court costs and disbursements whether they be incurred for expert testimony, investigation or other services properly chargeable to the enforcement of the claim or prosecution of the action. The Law Offices of Arnold I. Bernstein reserves the right to elect to make payment in the first instance of these expenses and disbursements so as not to hinder the efficient investigation of the claim or prosecution of the action. If The Law Offices of Arnold I. Bernstein have advanced these payments I understand that I remain fully responsible to reimburse them and give them the right to deduct the amounts which might still be due and owing from any sum recovered by settlement or judgment.

11. I acknowledge, before signing this retainer agreement, that I have received and read it and understand each of the statements made herein.

Dated: 2/28/2003

_Maria B Figueiredo_
Maria B. Figueiredo
46 Edgewood Avenue
Yonkers NY 10704

Exhibit H

# ACS Recovery Services

formerly Primax Recoveries Incorporated
P.O. Box 4003, Schaumburg, IL 60168-4003

November 8, 2006          REC'D NOV 15 2006

Mr. David Kownacki
Attorney at Law
122 E. 42nd St. Suite 2112
New York, NY 10168

|  |  |
|---|---|
| Claimant: | Antonio Figueiredo |
| Our Case ID: | 4389009 |
| Date of Loss: | 01/22/2003 |
| Our Client: | Great-West Healthcare |
| WC Commission Number: | |

Dear Mr. Kownacki:

We have been notified that you represent the claimant for injuries sustained in a work related accident. Great-West Healthcare paid for medical expenses that were incurred in treating these injuries.

Work related injuries are not covered by the claimant's health plan. Injuries arising out of and in the course of employment are excluded from coverage if the benefits should be covered under any Workers' Compensation Act or comparable law. This exclusion applies whether the benefits are recovered from a workers' compensation insurance carrier or other liable third party.

ACS Recovery Services claims a right of reimbursement, on behalf of our client, from any proceeds paid as a result of this work related injury. Please advise us of the status of this claim.

Sincerely,

Schaumburg Recovery Team
ACS Recovery Services
(847) 755-7489

Great-West Healthcare refers to products and services provided by Great-West Life & Annuity Insurance Company. Its subsidiaries (Alta Health & Life Insurance Company and One Health Plan HMO/HCSC companies) and New England Life Insurance Company or its affiliate, Metropolitan Life Insurance Company. Great-West Life & Annuity Insurance Company is not licensed to do business in New York. Products are sold in New York by its subsidiary First Great-West Life & Annuity Insurance Company, Albany N.Y.

Law Offices Of

# DAVID P. KOWNACKI, P.C.
122 EAST 42nd STREET - SUITE 2112
NEW YORK, NEW YORK 10168-0001
TEL: (212) 557-4190  FAX: (212) 557-4188
E-mail: dpk@ix.netcom.com

November 16, 2006

ACS RECOVERY SERVICES
PO Box 4003
Schaumburg, Illinois 60168-4003

RE: ANTONIO FIGUEIREDO, deceased     Your Case No. 4389009
Your Client: Great-West Healthcare

Dear Sir/Madam:

I acknowledge receipt of an unsigned letter dated November 8,
2006, from your office stating your right of reimbursement on
behalf of Great-West Healthcare for health insurance benefits
paid in connection with injuries suffered in an accident on
January 22, 2003.

Please be advised that Mr. Figueiredo was self employed and no
workers' compensation benefits were available.

Accordingly, we do not recognize your right to recovery from any
third-party action instituted on behalf of Mr. Figueiredo's
Estate.

I suggest that you send to this office a copy of the policy under
which benefits were paid.  I also request that you advise me of
the amount that you are claiming a right to recover.

The matter that I am handling is still pending and we do not yet
have a trial date.

If you have any questions, please feel free to contact me
directly.

Very truly yours,

David P. Kownacki

DPK:vh
COPY TO:
Maria B. Figueiredo                Arnold I. Bernstein, Esq.
46 Edgewood Avenue                 599 West Hartsdale Road
Yonkers, New York  10704           White Plains, New York  10607

\\Server\client\A to G\Figueiredo, A\ltr to acs recovery lien claimed.wpd

# ACS Recovery Services

### formerly Primax Recoveries Incorporated
### P.O. Box 4003, Schaumburg, IL 60168-4003

November 28, 2006

Mr. David Kownacki
Attorney at Law
122 E. 42nd St. Suite 2112
New York, NY 10168



RECEIVED
DEC 5 - 2006
By

|  |  |
|---|---|
| Claimant: | Antonio Figueiredo |
| Our Case ID: | 4389009 |
| Date of Loss: | 01/22/2003 |
| Our Client: | Great-West Healthcare |
| WC Commission Number: | |

Dear Mr. Kownacki:

We have been notified that you represent the claimant for injuries sustained in a work related accident. Great-West Healthcare paid for medical expenses that were incurred in treating these injuries.

Work related injuries are not covered by the claimant's health plan. Injuries arising out of and in the course of employment are excluded from coverage if the benefits should be covered under any Workers' Compensation Act or comparable law. This exclusion applies whether the benefits are recovered from a workers' compensation insurance carrier or other liable third party.

ACS Recovery Services claims a right of reimbursement, on behalf of our client, from any proceeds paid as a result of this work related injury. Please advise us of the status of this claim.

Sincerely,

WMueller

Wendy Mueller
ACS Recovery Services
(847) 755-7459

---

Great-West Healthcare refers to products and services provided by Great-West Life & Annuity Insurance Company. Its subsidiaries (Alta Health & Life Insurance Company and One Health Plan HMO/HCSC companies) and New England Life Insurance Company or its affiliate, Metropolitan Life Insurance Company. Great-West Life & Annuity Insurance Company is not licensed to do business in New York. Products are sold in New York by its subsidiary First Great-West Life & Annuity Insurance Company, Albany N.Y.

# ACS Recovery Services

P.O. Box 4003
Schaumburg, IL 60168-4003

April 4, 2007



Mr. David Kownacki
Attorney at Law
122 E. 42nd St. Suite 2112
New York, NY 10168

| | |
|---|---|
| Claimant: | Antonio Figueiredo |
| Our Case ID: | 4389009 |
| Date of Loss: | 01/22/2003 |
| Our Client: | Great-West Healthcare |

Dear Mr. Kownacki:

Enclosed please find an itemized list of Medical Providers, Dates of Service, Claim Amounts and Benefits Paid. As you can see our lien amount to date is $51,415.26. Please call prior to settlement or judgment to determine the total amount of benefits paid by our client.

Also, would you kindly provide us with a list of the medical specials you have submitted to the insurance carrier. The purpose for this list is to crosscheck with our information to verify that we are not making a claim for any expenses that were not a result of the above accident, and to ensure that all charges that are related to the accident are included in the claim.

Thank you for your cooperation.

Very truly yours,

Wendy Mueller
ACS Recovery Services
(847) 755-7459

Great-West Healthcare refers to products and services provided by Great-West Life & Annuity Insurance Company. Its subsidiaries (Alta Health & Life Insurance Company and One Health Plan HMO/HCSC companies) and New England Life Insurance Company or its affiliate, Metropolitan Life Insurance Company. Great-West Life & Annuity Insurance Company is not licensed to do business in New York. Products are sold in New York by its subsidiary First Great-West Life & Annuity Insurance Company, Albany N.Y.

Law Offices Of

## DAVID P. KOWNACKI, P.C.
122 EAST 42nd STREET - SUITE 2112
NEW YORK, NEW YORK 10168-0001
TEL: (212) 557-4190 FAX: (212) 557-4188
E-mail: dpk@ix.netcom.com

April 10, 2007

Wendy Mueller
**ACS RECOVERY SERVICES**
PO Box 4003
Schaumburg, Illinois 60168-4003

**RE: ANTONIO FIGUEIREDO, deceased      Your Case No. 4389009
Your Client: Great-West Healthcare**

Dear Ms. Mueller:

I acknowledge receipt of two letters dated March 23 and April 4,
2007, respectively, as well as a "notice of lien" dated March 23,
2007.

Please be advised that we do not recognize your claimed lien.  I
reference terms and conditions of the contract of insurance.  You
have not responded to my request for a complete copy of the
contract.

Very truly yours,

David P. Kownacki

DPK:vh
\\Server\client\A to G\Figueiredo, A\ltr to acs no contract recvd.wpd

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX                                                    Index No. 8151/04

MARIA B. FIGUEIREDO, as Executrix of the
Estate of ANTONIO FIGUEIREDO, deceased
and MARIA B. FIGUEIREDO, Individually,

                    Plaintiff,

        -against-

NEW PALACE PAINTERS SUPPLY CO., INC.,
FRAN-JU, INC. and GERARDO MARCHESE, INC.,

                    Defendants,

                    ORDER TO SHOW CAUSE

                    Law Offices of
                DAVID P. KOWNACKI, P.C.
                    *Attorney for Plaintiffs*
                *Office and Post Office Address*
                122 East 42nd Street, Suite 2112
                New York, New York  10168
                Telephone:  (212) 557-4190

**PART - 130 SIGNING REQUIREMENT**
Pursuant to Section 130-1.1-a of the Rules
of the Chief Administrator (22 NYCRR).

By _____
    David P. Kownacki, Esq.

Dated: June 20, 2007

Exhibit B

MARIA B. FIGUEIREDO, AS EXECUTRIX OF THE ESTATE OF ANTONIO FIGUEIREDO, DECEASED, ETANO

The papers served bore the index # and date of filing.

Plaintiff(s)

Index # 8151/04

- against -

Court Date August 6, 2007

NEW PALACE PAINTERS SUPPLY CO., INC., ETAL

Defendant(s)

**AFFIDAVIT OF SERVICE**

---

STATE OF  IL  : COUNTY OF DuPage  ss:

Michael C. Unthank BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES AT 2100 Manchester Rd. # 900, Wheaton, IL 60187

That on July 2, 2007 at 02:54 PM at

1301 BASSWOOD ROAD
SCHAUMBURG, IL 60173

deponent served the within ORDER TO SHOW CAUSE on ACS RECOVERY SERVICES, INC. therein named,

CORPORATION  a FOREIGN corporation by delivering thereat a true copy of each to DAISY GOMEZ personally; deponent knew said corporation so served to be the corporation described in said ORDER TO SHOW CAUSE as said Respondent and knew said individual to be the GENERAL AGENT thereof.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| FEMALE | TAN | BLACK | 30 | 5'5 | 130 |

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the Respondent in this action.

Sworn to me on:  7/2/07

Notary:

OFFICIAL SEAL
ROBERT D FAIRBANKS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/08/10

Server: Michael C. Unthank

Invoice #: 443483

Exhibit C

 **DAY PITNEY** LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

GLENN E. BUTASH
Attorney at Law

7 Times Square
New York, NY 10036
T: (973) 966-8246 F: (212) 916 2940
gbutash@daypitney.com

August 4, 2007

**BY HAND**

Hon. Howard R. Silver, J.S.C.
Supreme Court of the State of New York, Bronx County
851 Grand Concourse
Bronx, New York 10451

Re:    *Figueiredo v. New Palace Painters Supply*
      *Co., Inc.*;
      Index No. 8151/04

Dear Judge Silver:

On Friday, this firm was retained to represent ACS Recovery Services, Inc. ("ACS") in the above-referenced action. ACS asserts a subrogation lien, in the amount of $51,415.26, against any recovery that plaintiffs may have, by way of judgment, settlement or otherwise, in the above-referenced action. ACS is not a party to the action but was served with an order to show cause, returnable on Monday, August 6, 2007, at 11:00 a.m., by which plaintiffs seek, among other relief, to approve a certain settlement of the action and to extinguish ACS's lien. ACS does not oppose the settlement but does oppose the extinguishment of its lien.

Unfortunately, I am leaving today (Saturday) for vacation and will not be returning to New York until Monday, August 13, 2007. Accordingly, we respectfully ask for an adjournment of the order to show cause—at least to the extent that it seeks to extinguish ACS's lien—for two weeks, until August 20, 2007.

ACS intends to show that the lien arose as a result of the payment, by a self-funded employee welfare benefit plan governed by the Employee Retirement Income Security Act, of medical expenses on behalf of Antonio Figueiredo in connection with the injuries that are the subject matter of the present action. Mr. Figueiredo was a participant in the plan, and any recovery that he may obtain as a result of his injuries (and, in this case, death), is, under federal law and the terms of the plan, subject to the plan's subrogation lien, to the extent of the medical expenses paid (here, $51,415.26). ACS is a fiduciary of the plan with respect to the plan's subrogation rights and is the entity that is authorized to pursue enforcement of the plan's subrogation lien.

# ◪ DAY PITNEY LLP

Hon. Howard R. Silver, J.S.C.
August 4, 2007
Page 2

The Court's granting of the requested brief adjournment would be greatly appreciated.

Respectfully submitted,

Glenn E. Butash

Enclosure

cc:     All counsel of record
        (w/ enclosure)

# DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

### DATE:  August 4, 2007

| Name | Facsimile Number | Phone Number |
|---|---|---|
| David P. Kownacki, Esq. | 212-557-4188 | 212-557-4190 |
| Salvatore J. DeSantis, Esq. | 212-869-4242 | 212-869-3200 |
| John Mulcahy, Esq. | 212-267-9470 | 212-267-1900 |
| Howard T. Code, Esq. | | 914-251-1244 |

| From | Phone Number |
|---|---|
| Glenn E. Butash, Esq. | 973-966-8246 |

Client/Matter Number  406373.119163

Number of pages including transmittal sheet: 3

Original will be sent:  Overnight Mail ☐ Regular Mail ☐  Will not be sent ☐

Comments:

This message is intended only for the use of the addressee and may contain information that is privileged and confidential.  If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited.  If you have received this communication in error, please notify our fax department at (973) 966-8028.  Thank you.

IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations, we advise you that any tax advice contained in this communication (including any attachments) is not intended to be used for, and cannot be used for, the purpose of avoiding penalties under the United States federal tax laws.

FOR SENDER:

If there is a problem transmitting this fax and you are not in the office, should the operator call you at home?

☐ YES    ☐ NO

FAX OPERATOR ONLY

Name:_____

Date Sent:_____

Time:_____

Exhibit D

Law Offices Of

# DAVID P. KOWNACKI, P.C.
122 EAST 42nd STREET - SUITE 2112
NEW YORK, NEW YORK 10168-0001
TEL: (212) 557-4190  FAX: (212) 557-4188
E-mail: dpk@ix.netcom.com

August 6, 2007

**MOLOD SPITZ & DeSANTIS, P.C.**
104 West 40th Street
New York, New York 10018
File No. UN-630

**WADE, CLARK, MULCAHY**
111 Broadway, 9th Floor
New York, New York 10006
File No. 267-1900

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
199 Water Street, 25th Floor
New York, New York 10038

**LAW OFFICES OF THOMAS K. MOORE**
701 Westchester Avenue, Suite 101W
White Plains, New York 10604

Glenn E. Butash
**DAY PITNEY, LLP**
7 Times Square
New York, NY 10036

Re: Figueiredo v. New Palace Painters Supply Co., et al.

Dear Counselors:

Enclosed please find the decision of Hon. Howard R. Silver stemming from the Order to Show Cause returnable August 6, 2007.

Please contact this office if you have any questions.

Very truly yours,

Albania Salas
legal assistant

Enclosure
F:\A to G\Figueiredo, A\ltr to def order default.wpd

PART *6M*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX:
-------------------------------------------------------X
*Figueiredo*

    -against-

*New Palace Painters et ano*
-------------------------------------------------------X

Index Nº: 8151/04

Hon. *HOWARD R. Silver*

Justice.

| Case Disposed | ☐ |
| Settle Order | ☐ |
| Schedule Appearance | ☐ |

The following papers numbered 1 to _____ Read on this motion,
Noticed on _____ and duly submitted as No. _____ on the Motion Calendar of _____

| | PAPERS NUMBERED | |
|---|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | | |
| Answering Affidavit and Exhibits | | |
| Replying Affidavit and Exhibits | | |
| Affidavits and Exhibits | | |
| Pleadings - Exhibit | | |
| Stipulation(s) - Referee's Report - Minutes | | |
| Filed Papers | — | |
| Memoranda of Law | | |

Upon the foregoing papers this *motion to approve the settlement and to extinguish any claimed Great-West Healthcare lien asserted by ACS Recovery Services is granted on default.*

*Letter requesting adjournment dated 8/4/07 was faxed to Court on 8/6/07 and plaintiff's attorney was assured by defendant's attorney on Friday Aug 3 that he would be in Court today.*

Motion is Respectfully Referred to:
Justice: _____
Dated: _____

Dated: *8 6 107*

Hon. _____
J.S.C.

**AFFIDAVIT OF SERVICE BY MAIL**

State of New York )
                 )     ss.:
County of New York )

Albania Salas, being duly sworn, deposes and says, that deponent is not a party to the within action, is a resident of Bronx County and is over 18 years of age.

That on August 6, 2007, I served a true copy of the within **ORDER Approving Settlement dated August 6, 2007** upon:

**MOLOD SPITZ & DeSANTIS, P.C.**
*Attorneys for Defendant*
*New Palace Painters Supply*
104 West 40th Street
New York, New York 10018
(212) 869-3200
File No. UN-630

**WADE, CLARK, MULCAHY**
*Attorneys for Defendant*
*Fran-Ju, Inc.*
111 Broadway, 9th Floor
New York, New York 10006
(212) 267-1900
File No. 267-1900

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
*Co-Counsel for Defendant*
*Fran-Ju, Inc.*
199 Water Street, 25th Floor
New York, New York 10038
(212)232-1300

**LAW OFFICES OF THOMAS K. MOORE**
*Attorneys for Defendant*
*Gerardo Marchese, Inc.*
701 Westchester Avenue
Suite 101W
White Plains, New York 10604
(914) 285-8500

Glenn E. Butash, Esq.
**DAY PITNEY, LLP**
Seven Times Square
New York, New York 10036

by depositing a true copy of the same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York and directed to the said persons at the address indicated above, such address being the address designated by said persons for that purpose.

_Albania Salas_
Albania Salas

Sworn to me before this
6th day of August 2007

_Notary Public_
Notary Public

Carmen V. Hernandez
Notary Public State of New York
No. 01HE6033792
Qualified in Kings County
Commission Expires 11 / 29 / 2009

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------X
MARIA B. FIGUEIREDO, as Executrix of the
Estate of ANTONIO FIGUEIREDO, deceased      Index No. 8151/04
and MARIA B. FIGUEIREDO, Individually,

                    Plaintiff,                  **ORDER**



          - against -

NEW PALACE PAINTERS SUPPLY CO., INC.,
FRAN-JU, INC. and GERARDO MARCHESE, INC.,

                    Defendants.
-------------------------------------X

Plaintiff having moved this Court, by way of an Order to Show Cause for an Order approving the amount of the settlement, disbursements and attorneys' fee and directing payment of the settlement, pursuant to EPTL § 5-4.6, and; extinguishing any claimed lien asserted by ACS Recovery Services on behalf of Great-West Healthcare ; and said motion having duly come on to be heard before me on the 6th day of August, 2007,

**NOW**, on reading and filing the Order to Show Cause of plaintiff dated June 28, 2007, the Affidavit of David P. Kownacki, sworn to the 20th day of June, 2007, and the exhibits thereto, all in support of the motion, and there being no opposition,

**NOW**, on motion of David P. Kownacki, PC, attorney for plaintiff; it is

**ORDERED**, that plaintiff's motion is in all respects granted; and it is further

**ORDERED**, that the settlement in the amount of $2.8 million

is approved; and it is further

ORDERED, that counsel for plaintiff are authorized to collect their disbursements in the amount of $8,481.07; and it is further

ORDERED, that the attorneys' fee in the amount of $930,506.31 is hereby approved; and it is further

ORDERED, that the lien asserted by ACS Recovery Services on behalf of Great-West Healthcare is extinguished; and it is further

ORDERED, that a copy of this Order with Notice of Entry shall also be served upon the Clerk of the Trial Support Office.

Dated

SEP 1 9 2007

E N T E R:

_____

J.S.C.

F:\A to G\Figueiredo, A\order.wpd

Filed On 10/9/2007 2:23:25 PM Bronx County Clerk