UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ACS RECOVERY SERVICES, INC.,

                        Plaintiff,        Case No. 07cv7359 (CLB) (LMS)

    -against-

MARIA B. FIGUEIREDO, as Executrix of the Estate of
Antonio Figueiredo, Deceased, and MARIA B.
FIGUEIREDO, Individually,

                        Defendant.

-------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**DAY PITNEY LLP**

M. Alexander Bowie, II
Mikhal Francois
7 Times Square, Times Square Tower
New York NY 10036-7311
t (212) 297 5800
f (212) 682 3485

*Attorneys for Plaintiff ACS Recovery Services, Inc.*

ACS Recovery Services, Inc. ("ACS") respectfully submits this memorandum of law in opposition to the motion of Maria B. Figueiredo, as Executrix of the Estate of Antonio Figueiredo, Deceased, and Maria B. Figueiredo, Individually ("Mrs. Figueiredo" or "Defendant") to dismiss the above-captioned action pursuant to Fed. R. Civ. P. 12(b)(6). (*See* Def's. Notice of Motion).

## INTRODUCTION

Defendant's November 14, 2007 motion seeks an order dismissing this action on the basis of collateral estoppel, alleging that, as a result of a default judgment obtained by Defendant from a New York State Supreme Court in an action to which ACS was not and is not a party, "collateral estoppel should be applied in the case at bar since the issues presented in the state court proceeding are identical to those alleged in the instant action." (Def's. Mem. of Law at 4.) Collateral estoppel can not be applied here, however, because it does not apply to default judgments and it can not be asserted against entities that were not a party to, or privy to a party to, the prior action. For these reasons, ACS respectfully requests that this Court deny Defendant's motion to dismiss.

## FACTUAL BACKGROUND

**1.   THE UNDERLYING ACTION**

ACS brought this action pursuant to § 502(a)(3) of the Employee Retirement Income Sercuity Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(3), as a fiduciary of The Health and Welfare Plan for Employees of Bus Associates, Inc. (the "Plan"), an employee welfare benefit plan within the meaning of ERISA § 3(1)(A), 29 U.S.C. § 1002(1)(A), administered by Great-West Healthcare. (*See* Compl. ¶¶ 1, 11, 12, 13.) ACS's complaint alleges

1

that the Plan has acquired a lien in the amount of $51,415.26 on the recovery Mrs. Figueiredo received in the civil action Mrs. Figueiredo commenced in the Supreme Court of the State of New York, Bronx County against New Palace Painters Supply Co., Inc., Fran-Ju, Inc. and Gerardo Marchese, Inc. (the "Bronx Action").[1] This lien arose as a result of the Plan's payment of medical expenses to or for the benefit of Mr. Figueiredo, Mrs. Figueiredo's late husband, prior to his death.[2] (*See* Compl. ¶¶ 17, 20, 23, 28, 33.) ACS has given notice to Defendant and her counsel of the Plan's lien, demanding its satisfaction upon receipt of proceeds in the Bronx Action; however, Defendant, through her counsel, refused to recognize ACS's lien. (*See* Compl. ¶¶ 24, 25.) ACS further alleges that Mrs. Figueiredo and the defendants in the Bronx Action have agreed to resolve that action for the sum of $2.8 million. (*See* Compl. ¶ 23.) During the status tele-conference with Magistrate Judge Smith on November 5, 2007, Defendant's counsel, Mr. Kownacki, acknowledged that a portion of those proceeds corresponding to ACS's lien has been put aside in a dedicated bank account pending resolution of ACS's lien. (*See* Francois Aff. at ¶ 8.)

2. THE BRONX ACTION

On June 28, 2007, Mrs. Figueiredo moved in the Bronx Action by way of Order to Show Cause, seeking an order (1) approving the parties' settlement, disbursements, attorney's fee and directing payment of the settlement, (2) extinguishing any claimed Great-West Healthcare lien asserted by ACS, and (3) any and other relief that the court may deem just, equitable and proper.

---

[1] *Figueiredo v. New Palace Painters*, Index No. 8151/07 (Justice Howard Silver).

[2] ACS's complaint alleges that Mr. Figueiredo was a participant in the Plan through his employer, Bus Associates, Inc. (*See* Compl. ¶ 14.) To the extent that, in fact, Mrs. Figueiredo and not her husband was the participant in the Plan (*see* Kownacki Aff. in Support of Def's. Motion to Dismiss at ¶ 4), ACS will seek to amend its complaint to correct that inadvertent error.

(*See* Francois Aff. at ¶ 4 and Ex. A.) The Order to Show Cause, signed by Justice Howard Silver, directed that "the *defendants* [in the Bronx Action] show cause before this Court" on August 6, 2007, why such an order should not be made, and further directed that "personal service of a copy of the Order to Show Cause and the papers upon which it is based upon the attorney for the *defendants* ... be deemed good and sufficient service." (emphasis added). (*Id.*) No provision whatsoever for service on non-parties was included within the Order to Show Cause. ACS was and is a non-party to the Bronx Action.[3]

On Friday, August 3, 2007, three days before the Order to Show Cause hearing date of August 6, 2007, Day Pitney LLP was retained to represent ACS. Glenn Butash, counsel with Day Pitney LLP at that time,[4] requested in a letter to Justice Silver dated August 4, 2007 a two-week adjournment, at least to the extent the order purported to set for hearing the extinguishment of ACS's lien. Mr. Butash explained in his letter that Day Pitney LLP had just been retained and that he would be unable to attend the hearing because of other commitments. Mr. Butash also informed the court that ACS's asserted lien arose as a result of an employee welfare benefit plan governed by ERISA and that any recovery obtained as a result of Mr. Figueiredo's injuries is subject to a lien under federal law and the terms of the Plan. (*See* Francois Aff. at ¶ 5 and Ex. B.) The court in the Bronx Action, however, denied ACS's request for an adjournment and, as Mr. Butash did not appear at the hearing, granted on default Mrs. Figueiredo's motion for an order approving the settlement and extinguishing any claimed Great-West Healthcare lien asserted by ACS. (*See* Francois Aff. at ¶ 6 and Ex. C.) Subsequently, a second Order dated

---

[3] Both Great-West Healthcare and the Plan were and are also non-parties in the Bronx Action.

[4] Mr. Butash has since left Day Pitney LLP and an order approving his withdrawal as counsel for ACS in this action and the substitution of the undersigned was entered on November 5, 2007.

September 19, 2007 and entered on October 9, 2007 confirming the default was entered by the court in the Bronx Action. (*See* Francois Aff. at ¶ 7 and Ex. D.)

## ARGUMENT

**1.    STANDARD OF REVIEW FOR MOTION TO DISMISS UNDER RULE 12(B)(6)**

When considering a Rule 12(b)(6) motion, the Court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Starr ex rel. Sampson v. Georgeson S'holder, Inc.*, 412 F.3d 103, 109 (2d Cir. 2005) (internal citations and quotations omitted). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) the court "is limited to the factual allegations in plaintiffs' complaint, documents attached to the complaint as exhibits or incorporated into the complaint by reference, matters of which judicial notice may be taken, and 'documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Valentine Props. Assocs., LP v. United States HUD*, 2007 U.S. Dist. LEXIS 80319, at *39 (S.D.N.Y., Oct. 12, 2007) (internal citation omitted). Courts routinely take judicial notice of documents filed in other courts. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

The documents submitted by Defendant in support of her motion to dismiss on collateral estoppel grounds were all previously filed in the Bronx Action, and therefore can be considered by this court when considering this motion to dismiss.[5]

---

[5] Consequently, to the extent Defendant's Memorandum of Law discusses (at pp. 4, 5) summary judgment pursuant to Fed. R. Civ. P. 56(b), that discussion is inapposite since no "matters outside the pleadings" are presented to the Court by Defendant's motion to dismiss on collateral estoppel grounds. Defendant's various assertion that ACS's default in the Bronx Action was somehow willful and intentional (*see* Def's. Mem. of Law at 6; Kownacki Aff. in Support of Def's. Motion to Dismiss at ¶ 9), in addition to being irrelevant to her motion to dismiss, would in any event give rise to a material issue of disputed facts that would preclude any proper request for summary judgment at this time. ACS vigorously disputes those assertions and must be afforded the opportunity to test them by way of discovery, particularly since on its

2.  THE ELEMENTS FOR COLLATERAL ESTOPPEL IN NEW YORK

In general, when a state court judgment is offered to a federal court for preclusive effect, the federal court must make its determination by applying the rules of the state in which the prior judgment was rendered. *See, e.g., Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000); *Hellman v. Hoenig*, 989 F. Supp. 532, 536 (S.D.N.Y. 1997). In this case, the prior judgment was rendered in New York State and so New York's law of collateral estoppel applies.

"Under New York law, collateral estoppel will apply only 'if (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Green v. Montgomery*, 219 F.3d 52, 55 (2d Cir. 2000) (internal citations omitted). The burden rests upon the proponent of collateral estoppel to demonstrate that the issues in question were actually and necessarily decided. The burden rests upon the party opposing collateral estoppel to establish the absence of a full and fair opportunity to litigate those issues. *See Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 501 (1984).

A.  DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE COLLATERAL ESTOPPEL DOES NOT APPLY TO PRIOR JUDGMENTS RENDERED IN DEFAULT

Under New York law, collateral estoppel forecloses only those issues that have been "actually litigated and determined in a prior action," and "[a]n issue is not actually litigated if there has been a default." *Chambers v. City of N.Y.*, 309 A.D.2d 81, 85-86 (App. Div. 2003). *See also, e.g., Watrous v. Autera*, 284 A.D.2d 792, 793 (App. Div. 2001); *Summa Envtl. Servs., Inc. v. Fifth Ave. Partners*, 176 A.D.2d 664, 665 (App. Div. 1991); *Perez v. Nationwide Mut.*

---

face, the Order to Show Cause was never directed to ACS and did not provide for or even contemplate service on ACS, but rather by its own terms was directed only to the defendants in the Bronx Action. (*See* Francois Aff. Ex. A.)

*Fire Ins. Co.*, No. 01Civ.2135 (VM)(DF), 2001 U.S. Dist. LEXIS 8502, at *6-7 (S.D.N.Y. June 25, 2001) (applying New York law).[6]

There can be no dispute that the order of the New York Supreme Court in the Bronx Action, on which Defendant's collateral estoppel argument is based, was issued on default—indeed, the first short form order itself states it is "granted on default." (*See* Francois Aff., Ex. C.) Because a default judgment cannot be the basis for collateral estoppel, Defendant's motion must be denied.

## B. DEFENDANT'S MOTION ALSO SHOULD BE DENIED BECAUSE ACS WAS NOT A PARTY OR PRIVY TO A PARTY IN THE FIRST ACTION

Even were Defendant able to meet the first required element of collateral estoppel—which as we have just shown she can not—Defendant certainly can not meet the second required

---

[6] The cases cited in Defendant's Memorandum of Law (at p. 7) for the contrary proposition are *res judicata* cases, which as explained below is a distinct and different doctrine from collateral estoppel, or older cases, which are supplanted by a modern view that distinguishes between *res judicata* and collateral estoppel as two distinct doctrines. Defendant's cases, are therefore, inapposite to her assertion of collateral estoppel. See *Parker v. Hoefer*, 2 N.Y.2d 612 (1957); *Schuylkill Fuel Corp. v. Nieberg Realty Corp.*, 250 N.Y. 304 (1929); *Jasper v. Rozinski*, 228 N.Y. 349 (1920); *Feeney v. Licari*, 131 A.D.2d 539 (App. Div. 1987); *Spindell v. Brooklyn Jewish Hospital*, 35 A.D.2d 962 (App. Div. 1970); *Walston & Co. v. Klein*, 44 Misc.2d 607 (Sup. Ct. 1964) (all cases cited by Defendant).

It is clear that *res judicata* and collateral estoppel today are in fact distinct doctrines. *See, e.g., Purvis v. Bd. of Educ.*, No. 85Civ.9945 (SWK), 1987 U.S. Dist. LEXIS 8836, at *5-6 (S.D.N.Y. Sept. 23, 1987) ("Where 'true res judicata' or 'claim preclusion' is involved, '[a] final judgment on the merits of an action precludes the same parties from relitigating issues that were or could have been raised in that action." ... "Where 'collateral estoppel' or 'issue preclusion' is the assertion, if an issue or fact of law was actually litigated and a valid and final judgment received, the determination of that issue is conclusive in a subsequent action between the same parties, whether it is the same or a different claim.") (internal citations omitted). Defendant expressly announced that her motion is based on the assertion of collateral estoppel. (*See* Def's. Mem. of Law at 3, 5.) But even if Defendant were properly to assert *res judicata*, as described further below, such a claim should likewise be denied.

element for the simple reason that ACS was not, and is not, a party to the Bronx Action. In order for collateral estoppel to apply, the entity against whom it is asserted must have been a party to, or in privity with a party to, the prior proceedings.[7] *See, e.g., Comi v. Breslin & Breslin*, 257 A.D.2d 754 (App. Div. 1999). This is so because "due process mandates that in order for a person to be bound by an adverse determination made in a prior proceeding, that person must have been a party, or in privity with a party, in the prior proceeding." *Id.* at 757 (internal citation omitted).

It is beyond dispute that at no time was ACS a party to, or in privity with a party to, the Bronx Action. ACS was not named as a party in the Bronx Action and was never properly joined as a party to that action.[8] In fact, Defendant's counsel, in the affidavit he submitted in support of Mrs. Figueiredo's motion for an Order to Show Cause, expressly asserts that ACS was a "non-party" to that action. (*See* Kownacki Aff. in Bronx Action at ¶ 1, attached as Ex. A to Kownacki Aff. in Support of Motion to Dismiss.) The Order to Show Cause in the Bronx Action, on which Defendant relies, directed that cause be shown by the "defendants" in that action—which does not include ACS—and contained no provision for service on non-parties such as ACS. (*See* Francois Aff., Ex. A.) ("let the *defendants* show cause before this Court ..." and "let personal service of a copy of this Order and a copy of the papers upon which it is based upon the attorney for the *defendants* ... be deemed good and sufficient service.") (emphasis

---

[7] This element is also required for any assertion of *res judicata* to apply and, consequently, this defect would be fatal to any proper assertion of that doctrine by Defendant. *See, e.g., N.Y. Site Dev. Corp. v. N.Y. State Dep't of Envtl. Conservation*, 217 A.D.2d 699 (App. Div. 1995).

[8] Defendant does not assert that ACS was ever in privity with any of the parties to the Bronx Action and were she to do so, that argument would fail. *See, e.g., Zois v. Cooper*, 268 B.R. 890, 894 (S.D.N.Y. 2001) (applying New York law) ("The interests of the non-party must have been effectively represented at trial to invoke the doctrine of collateral estoppel.")

added). Merely serving that Order to Show Cause on ACS did not make ACS a party to that action and consequently Defendant's attempt to assert collateral estoppel must fail.[9]

## CONCLUSION

For all of the foregoing reasons, Defendant's motion to dismiss dated November 14, 2007 should be denied in its entirety.

                Respectfully submitted,

                DAY PITNEY LLP

                By: /s/ Mikhal Francois
                    M. Alexander Bowie, II
                    Mikhal Francois
                    7 Times Square, Times Square Tower
                    New York NY 10036-7311
                    t (212) 297 5800
                    f (212) 682 3485

                *Attorneys for Plaintiff ACS Recovery Services, Inc.*

Dated: December 3, 2007
       New York, New York

---

[9] Because ACS was not a party to, or privy with a party to, the Bronx Action, it was not required to delay filing its complaint in the federal court until after resolution of the state court action. (*See* Def's. Mem. of Law at 5, 8.) In any event, the state court judgment will remain subject to re opening upon a finding of "excusable default"—which ACS believes it can show—for a period of one year following service of a copy of the order with written notice of its entry (on October 9, 2007) upon ACS. *See* CPLR § 5015. Also, Defendant's sweeping assertion that "damages for medical expenses reimbursed by a private policy of health insurance were not recoverable in the state court action," in addition to being irrelevant to her motion to dismiss, is simply wrong. (*See* Def's. Mem. of Law at 8 (referring to CPLR § 4545(c).) New York courts have found that CPLR § 4545 does not negate recovery of such reimbursed medical expenses in all circumstances. *See, e.g., Reiss v. Roadhouse Rest.*, 2007 NY Slip Op 50178U, 1 (N.Y. Misc. 2007).