UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ACS RECOVERY SERVICES, INC.,

                               Plaintiff,        Case No. 07cv7359 (CLB) (LMS)

              -against-                            **AFFIDAVIT**

MARIA B. FIGUEIREDA, as Executrix of the Estate
of Antonio Figueiredo, Deceased, and MARIA B.
FIGUEIREDO, Individually,
                             Defendant.

-----------------------------------------------------------------X

STATE OF NEW YORK     )
                             )      ss.:
COUNTY OF NEW YORK   )

      **MIKHAL T. FRANCOIS, ESQ.,** being duly sworn deposes and says:

      1.      I am an attorney associated with the law firm Day Pitney LLP, counsel for plaintiff ACS Recovery Systems, Inc. ("ACS") in the above-captioned action. As such, I am familiar with the facts and circumstances set forth herein.

      2.      I submit this affidavit in support of ACS's opposition to the motion to dismiss pursuant to Fed. R. Civ. R. 12 (b)(6), filed on November 14, 2007 by the defendant Maria B. Figueiredo, as Executrix of the Estate of Antonio Figueiredo, Deceased, and Maria B. Figueiredo, Individually ("Mrs. Figueiredo" or "Defendant").

      3.      Defendant argues in her motion to dismiss that ACS is barred from litigating this instant action because of the preclusive effect of a previous action commenced by Mrs. Figueiredo in the Supreme Court of the State of New York, Bronx County against New Palace Painters Supply Co., Inc., Fran-Ju, Inc. and Gerardo Marchese, Inc., captioned *Figueiredo v. New Palace Painters Supply Co., Inc.* and

bearing the Index Number 8151/04 (the "Bronx Action"). (*See* Def's. Mem. of Law at 3 and Kownacki Aff. in Support of Motion to Dismiss at ¶ 5.)

4.      On June 28, 2007, Mrs. Figueiredo moved in the Bronx Action by way of Order to Show Cause, seeking an order (1) approving the parties' settlement, disbursements, attorney's fee and directing payment of the settlement, (2) extinguishing any claimed Great-West Healthcare lien asserted by ACS, and (3) any and other relief that the court may deem just, equitable and proper. The Order to Show Cause, signed by Justice Howard Silver, directed "the defendants [in the Bronx Action to] show cause before this Court" on August 6, 2007 why such order should not be made, and further directed that "personal service of a copy of the Order to Show Cause and the papers upon which it is based upon the attorney for the defendants ... be deemed good and sufficient service." Attached hereto as Exhibit A is a true and complete copy of the Order to Show Cause and the papers upon which it is based.

5.      On August 4, 2007, Glenn Butash, Esq., formerly associated with Day Pitney LLP, requested in a letter to Justice Silver a two-week adjournment, at least to the extent the order seeks to extinguish ACS's lien. Mr. Butash explained in his letter that Day Pitney LLP had been retained only on Friday, August 3, 2007, and that he would be unable to attend the hearing because of other commitments. Mr. Butash also informed the court that ACS's asserted lien arose as a result of an employee welfare benefit plan governed by ERISA and that any recovery obtained as a result of Mr. Figueiredo's injuries is subject to a lien under federal law and the terms of the plan. Attached hereto as Exhibit B is a true and complete copy of the letter from Glenn Butash to Justice Silver, dated August 4, 2007.

6.    ACS's request for adjournment was not granted and, as Mr. Butash did not appear in the hearing on the Order to Show Cause, Justice Silver granted on default Mrs. Figueiredo's motion for an order approving the settlement and extinguishing any claimed Great-West Healthcare lien asserted by ACS.  A true and complete copy of the short form Order, dated August 6, 2007, is attached hereto as Exhibit C.

7.    Subsequently, a second Order dated September 19, 2007 and entered on October 9, 2007, confirming the default was entered by the court in the Bronx Action.  A true and complete copy of this Order is attached hereto as Exhibit D.

8.    During the status tele-conference in the above-captioned action with Magistrate Judge Smith on November 5, 2007, Defendant's counsel, Mr. Kownacki, acknolwedged that a portion of those proceeds corresponding to ACS's lien has been put aside in a dedicated bank account pending resolution of ACS's lien.


_____
Mikhal T. François

Dated:  December 3, 2007
        New York, New York



Sworn to before me this _3rd_ day
of December, 2007


_____
Notary Public

JEREMY KAYE
Notary Public, State of New York
No. 01KA6102515
Qualified in New York County
Commission Expires 12/8/20 0?