Exhibit D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------X
MARIA B. FIGUEIREDO, as Executrix of the
Estate of ANTONIO FIGUEIREDO, deceased,
and MARIA B. FIGUEIREDO, individually,

              Plaintiff(s),         **VERIFIED ANSWER**

      -against-

NEW PALACE PAINTERS SUPPLY CO. INC.,
FRAN-JU, INC. and GERARDO MARCHESE, INC.,   Index No: 8151/04

            Defendant(s).
------------------------------------------X

The answering defendant, NEW PALACE PAINTERS SUPPLY CO. INC., by its attorneys, MOLOD SPITZ & DeSANTIS, P.C., answering the Complaint of the Plaintiff(s) states, upon information and belief:

### ANSWERING THE FIRST CAUSE OF ACTION

FIRST:   Denies knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraphs 1, 2, 7, 8, 28, 29, 52 **and** 53.

SECOND:   Denies each and every allegation in the Complaint designated as paragraphs 9, 10, 11, 13, 14, 15, 16, 17, 19, 22, 24, 25, 26, 27, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 42, 43, 45, 46, 47, 48, 49, 50, 51, 54 **and** 56.

THIRD:   Denies each and every allegation in the Complaint designated as paragraphs 44 **and** 55, and leaves questions of law to the Court.

### ANSWERING THE SECOND CAUSE OF ACTION

FOURTH:   With reference to paragraph 57 of plaintiffs' Complaint, the answering defendant repeats, reiterates and realleges each and every admission and denial heretofore interposed herein to paragraphs marked and numbered 1 **through** 56, inclusive,

with the same force and effect as though more fully set forth herein at length.

FIFTH:    Denies each and every allegation in the Complaint designated as paragraphs 58, 59, 60, 61, 62, 63, 64, 65, 66 and 67.

### ANSWERING THE THIRD CAUSE OF ACTION

SIXTH:    With reference to paragraph 68 of plaintiffs' Complaint, the answering defendant repeats, reiterates and realleges each and every admission and denial heretofore interposed herein to paragraphs marked and numbered 1 through 67, inclusive, with the same force and effect as though more fully set forth herein at length.

SEVENTH:  Denies each and every allegation in the Complaint designated as paragraphs 69, 70, 71 and 72.

### ANSWERING THE FOURTH CAUSE OF ACTION

EIGHTH:   With reference to paragraph 73 of plaintiffs' Complaint, the answering defendant repeats, reiterates and realleges each and every admission and denial heretofore interposed herein to paragraphs marked and numbered 1 through 72, inclusive, with the same force and effect as though more fully set forth herein at length.

NINTH:    Denies each and every allegation in the Complaint designated as paragraphs 74 and 75.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TENTH:    If the plaintiff(s) sustained any injuries and/or damages at the time and place mentioned in the Complaint herein, those injuries or damages were caused solely or in part by reason of the culpable conduct, comparative negligence or assumption of

the risk of the Plaintiff(s) and the answering Defendant(s) herein seek(s) a dismissal of the Complaint or a diminution of any recovery for the proportion which the culpable conduct attributable to the Plaintiff(s) bears to the culpable conduct which caused the injuries or damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

ELEVENTH: Defendant affirmatively pleads the provisions of CPLR Section 4545 insofar as applicable, to the reduction of any recovery the Plaintiff(s) might be awarded.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWELFTH: If this answering defendant is found liable, such liability is less than or equal to 50% of the total liability of all persons who may be found liable and therefore this answering defendant's liability shall be limited in accordance with Article 16, CPLR.

Dated:    New York, New York
          April 19, 2004

                         MOLOD SPITZ & DeSANTIS, P.C.
                         Attorneys for Defendant
                         NEW PALACE PAINTERS SUPPLY CO. INC.
                         104 West 40th Street
                         New York, NY 10018
                         (212) 869-3200
                         Our File No. UN-630

TO:

LAW OFFICES OF ARNOLD I. BERNSTEIN
Attorneys for Plaintiff(s)
599 West Hartsdale Avenue
White Plains, New York 10607
(914) 997-6400

FRAN JU, INC.
534 East 180th Street
Bronx, New York 10457

GERARDO MARCHESE, INC.
1245 Choctaw Place
Bronx, New York 10461

## ATTORNEY'S VERIFICATION

SALVATORE J. DeSANTIS, an attorney duly admitted to practice law before the Courts of the State of New York and a member of the firm of MOLOD SPITZ & DeSANTIS, P.C., attorneys for defendant NEW PALACE PAINTERS  SUPPLY CO. INC.

That your affirmant has read the foregoing **ANSWER** and know the contents thereof; that the same is true to your affirmant's own knowledge except as to the matters which are stated therein to be alleged on information and belief, and as to those matters your affirmant believes them to be true.

The source of your affirmant's information and belief is an investigation caused to be made with respect to the facts in this action, and file contents.

The reason this verification is not made by answering defendant herein, is that the defendant is a corporation and does not have an office within the County of New York where your affirmant's office is maintained.

The undersigned affirms that the foregoing statement is true, under penalties of perjury, pursuant to CPLR 3020(d)(3).

Dated:  New York, New York
   April 19, 2004

           _____
           SALVATORE J. DESANTIS

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------X
MARIA B. FIGUEIREDO, as Executrix of the
Estate of ANTONIO FIGUEIREDO, deceased,
and MARIA B. FIGUEIREDO, individually,

Plaintiff(s),

  -against-

NEW PALACE PAINTERS SUPPLY CO. INC.,
FRAN-JU, INC. and GERARDO MARCHESE, INC.,

Defendant(s).
-----------------------------------------X

DEMAND FOR VERIFIED
BILL OF PARTICULARS

Index No: 8151/04

     PLEASE TAKE NOTICE, that demand is hereby made that you serve a Verified Bill of Particulars upon the undersigned as to the following matters with respect to the cause of action of each Plaintiff herein within twenty days after the service of this Demand:

1.    The age, social security number, date of birth and residence of each Plaintiff.

1a.   State whether the decedent plaintiff was known by any other names, and if so, state same.

1b.   State the decedent's plaintiff's residence address(es) for the past five (5) years.

2.    The date and time of the occurrence complained of.

3.    The specific location of the occurrence in sufficient details as to permit identification.

4.    The defect or condition causing the alleged occurrence.

5.    The acts or omission constituting the negligence claimed.

6.    The manner in which the accident occurred.

7.    Whether the Defendant(s) had actual and/or constructive notice:

    a.   If such notice was actual, to whom, by whom, and when and where same was given.

    b.   If constructive notice, the length of time the condition existed.

8.   If it is claimed that negligent repairs were made, identify when, where and by whom and in what respects the repairs were negligently made.

9.   The specific statutes, ordinances, rules, regulations and laws claimed to have been violated by Defendant.

10.  The injuries sustained and conditions resulting therefrom; the injuries and conditions claimed to be permanent and the duration of those claimed not to be permanent.

11.  The length of time, giving dates, confined:

    a.   to hospitals, giving the names and locations;

    b.   to bed, other than in hospitals, and

    c.   to home.

12.  State the following information, whether or not a claim for lost income is being made:

    a.   The vocation of injured or deceased Plaintiff at the time of the occurrence;

    b.   The name and address of the employer;

    c.   The period of time lost from work, giving specific dates;

    d.   The average weekly income at the time of occurrence; and

    e.   The total income claimed lost by reason of occurrence.

13.  If the Plaintiff was a student, set forth the name and address of the school the Plaintiff attended and the dates of absence.

14. The expenses incurred for:

    a. hospital;
    b. doctors;
    c. medicines;
    d. appliances;
    e. services;
    f. funeral and burial expenses, and
    g. miscellaneous.

15. If any of the injuries claimed by the Plaintiff are aggravations of preexisting illnesses or injuries, then set forth an itemized and detailed statement regarding the following data:

    a. The extent of the aggravation thereof alleged to have been caused by this incident.

    b. A statement setting forth in detail any information regarding any such illnesses or injuries which may have been incurred by the Plaintiff during a ten years period previous to the incident in question.

    c. A statement setting forth any treatment for any such prior injury or illness.

    d. An itemized and detailed statement setting forth any illness or injuries which may have ben incurred by the Plaintiff subsequent to the accident in question, together with the description of the treatment therefor and the progress to date.

16. If applicable, state the amount the Plaintiff(s) will claim for being deprived of the services and society of spouse and/or child and the nature of said services.

17. State precisely the negligent acts of each Defendant.

18. The date and place of death of decedent.

19. The age and residence of decedent at the time of death.

20. The injuries and conditions sustained by decedent, and those resulting in death.

21. Whether decedent was conscious following the occurrence and the period thereof.

22. The names, residences, ages and relationship to decedent and nature and extent of dependency of those dependent on decedent at the time of the occurrence.

PLEASE TAKE FURTHER NOTICE, that in the event of the Plaintiffs' failure to comply with the foregoing demand within twenty days, the Defendant will move to preclude the offering of any evidence as to the matters herein demanded.

Dated:   New York, New York
         April 19, 2004

                          MOLOD SPITZ & DeSANTIS, P.C.
                          Attorneys for Defendant
                          NEW PALACE PAINTERS SUPPLY CO. INC.
                          104 West 40th Street
                          New York, NY 10018
                          (212) 869-3200
                          Our File No. UN-630

TO:

LAW OFFICES OF ARNOLD I. BERNSTEIN
Attorneys for Plaintiff(s)
599 West Hartsdale Avenue
White Plains, New York 10607
(914) 997-6400

FRAN JU, INC.
534 East 180th Street
Bronx, New York 10457

GERARDO MARCHESE, INC.
1245 Choctaw Place
Bronx, New York 10461

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------------------x

MARIA B. FIGUEIREDO, as Executrix of the Estate
of ANTHONY FIGUEIREDO, deceased, and
MARIA B. FIGUEIREDO, individually,

                                        Plaintiffs,

Index No.: 8151/04

*VERIFIED ANSWER*

        -against-

NEW PALACE PAINTERS SUPPLY CO. INC.,
FRAN-JU, INC. and GERARDO MARCHESE,
INC.,

                                       Defendants.

-----------------------------------------------------------------x

       Defendant FRAN-JU, INC. by its attorneys, WADE CLARK MULCAHY, as and for a verified answer to the plaintiff's verified complaint, respectfully allege:

       1.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

       2.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

       3.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

       4.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

       5.     Admits.

       6.     Admits.

       7.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

8.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

9.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

10.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

11.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

12.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

13.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

14.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

15.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

16.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

17.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

18.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

19.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

20.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

21.    Admits.

22.    Admits.

23.    Admits.

24.    Denies.

25.    Denies except admits that defendant owned the premises.

26.    Denies except admits that defendant owned the premises.

27.    Denies except admits that defendant owned the premises.

28.    Denies except admits that defendant owned the premises.

29.    Denies.

30.    Denies.

31.    Denies.

32.    Denies.

33.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

34.    Denies.

35.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

36.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

37.    Denies.

38.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

39.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

40.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

41.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

42.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

43.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

44.    Denies and leaves all matters of law to the honorable court.

45.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

46.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

47.    Denies upon information and belief.

48.    Denies upon information and belief.

49.    Denies upon information and belief.

50.    Denies upon information and belief.

51.    Denies upon information and belief.

52.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

53.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

54.     Denies and leaves all matters of law to the honorable court.

55.     Denies and leaves all matters of law to the honorable court.

56.     Denies upon information and belief.

57.     Defendant FRAN-JU, INC. repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "56" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "57."

58.     Denies and leaves all matters of law to the honorable court.

59.     Denies upon information and belief.

60.     Denies upon information and belief.

61.     Denies upon information and belief.

62.     Denies upon information and belief.

63.     Denies upon information and belief.

64.     Denies upon information and belief.

65.     Denies upon information and belief.

66.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

67.     Denies upon information and belief.

68.    Defendant FRAN-JU, INC. repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "67" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "68."

69.    Denies and leaves all matters of law to the honorable court.

70.    Denies and leaves all matters of law to the honorable court.

71.    Denies upon information and belief.

72.    Denies upon information and belief.

73.    Defendant FRAN-JU, INC. repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "72" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "73."

74.    Denies upon information and belief.

75.    Denies upon information and belief.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

76.    The complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

77.    That the plaintiff could with due diligence have obtained personal jurisdiction over tortfeasors not made parties to this lawsuit and thus the culpability of such missing or absent tortfeasors is to be apportioned into the total culpability allegedly causing the subject occurrence.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

78.    That by entering into the activity in which the plaintiff(s) was engaged at the time of the occurrence set forth in the complaint, said plaintiff(s) knew the hazards thereof

and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff(s) herein as alleged in the complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiff(s) in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

79.    Pursuant to CPLR Article 16, the liability of defendant FRAN-JU, INC. to the plaintiff herein for non-economic loss is limited to defendant FRAN-JU, INC. equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

80.    Plaintiff(s) have recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources.  Any award made to plaintiff(s) shall be reduced in accordance with the provisions of CPLR 4545(c).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

81.    Any damages sustained by the plaintiff(s) were caused by the culpable conduct of the plaintiff(s), including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant.  But if a verdict of judgment is awarded to the plaintiff(s), then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff(s) bears to the culpable conduct which caused the damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

82.    Plaintiff may have failed to mitigate damages.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

83.    Plaintiff's alleged loss and damage, if any, resulted wholly and solely from the fault, neglect and want of care of the plaintiff or persons or parties other than defendant, for whose acts said defendant is not liable or responsible and not as a result of any negligence.

## AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION

84.    That if plaintiff(s) was caused to sustain damages by reason of the claims set forth in the complaint, all of which are specifically denied, such damages were sustained by reason of the acts, conduct, misfeasance or nonfeasance, of co-defendants NEW PALACE PAINTERS SUPPLY CO. INC. and GERARDO MARCHESE, INC. their agents, servants and/or employees, and not by this answering defendant, and if any judgment is recovered by plaintiff(s) against this answering defendant, such defendant will be damaged thereby, and co-defendants NEW PALACE PAINTERS SUPPLY CO. INC. and GERARDO MARCHESE, INC. is or will be responsible therefore in whole or in part.

## AS AND FOR A CROSS-CLAIM FOR INDEMNITY

85.    That if plaintiff(s) was caused to sustain damages by reason of the claims set forth in the complaint, all of which are specifically denied, and if any judgment is recovered by the plaintiff(s) against this answering defendant, that under a contract entered into between the parties or by reason of express or implied warranty, the co-defendants NEW PALACE PAINTERS SUPPLY CO. INC. and GERARDO MARCHESE, INC. will be liable over to this answering defendant pursuant to the terms of the indemnity agreement in said contract or warranty, for the full amount of any verdict or judgment awarded to the

plaintiff(s) against this answering defendant, together with attorneys fees, costs and disbursements.

### AS AND FOR A THIRD CROSS-CLAIM
### (Kinney Claim)

86.    Upon information and belief, the defendant FRAN-JU, INC. entered into a written contract and/or lease with regard to the premises in question. The written contract and/or lease was in full force and effect on the date of plaintiff's incident. Under the terms of the written contract and/or lease, the defendant agreed to purchase a liability policy for the benefit of an providing coverage for this defendant for claims such as those asserted by plaintiff in this action. Upon information and belief, the defendant failed to obtain such a liability insurance policy as required by the terms of the written contract and/or lease. This failure by the defendant is a breach of the written contract and/or lease.

By reason of the foregoing, this defendant has been damaged and is entitled to indemnification for any verdict or judgment that plaintiff may obtain against it including, but not limited to, attorneys fees, costs or disbursements.

**WHEREFORE,** defendant FRAN-JU, INC. demands judgment dismissing the complaint herein together with the costs and disbursements of this action.

Dated: New York, New York
      April 5, 2004

                                  WADE CLARK MULCAHY

                                  John Mulcahy, Esq.
                                  Attorneys for Defendant:
                                  Fran-Ju, Inc.
                                  111 Broadway, 9th Floor
                                  New York, New York 10006
                                  (212) 267-1900
                                  Our File No.: 190.3547.3

TO:    (See Attached Affidavit)

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss:

Donald Payne being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Bronx, New York.

That on April 5, 2004, deponent served the within *Verified Answer* upon the attorneys and parties listed below by United States prepaid mail:

TO:

Arnold I. Bernstein, Esq.
Attorney for Plaintiff
599 West Hartsdale Avenue
White Plains, NY  10607
(914) 997-6400

Donald Payne

Sworn to before me this
5th day of April, 2004

K:\8547\legal\Ver. Answer.doc

JOHN MULCAHY
Notary Public, State of New York
No. 02MU5005320
Qualified in Westchester County
Commission Expires Dec. 7, 20___

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------x

MARIA B. FIGUEIREDO, as Executric of the Estate
of ANTHONY FIGUEIREDO, deceased, and
MARIA B. FIGUEIREDO, individually,

Index No.: 8151/04

                             Plaintiffs,

*DEMAND FOR*
*BILL OF PARTICULARS*

      -against-

NEW PALACE PAINTERS SUPPLY CO. INC.,
FRAN-JU, INC. and GERARDO MARCHESE,
INC.,

                       Defendants.
------------------------------------------------------------x

     **PLEASE TAKE NOTICE**, that you are hereby required to serve and file the following verified particulars of plaintiff's alleged cause of action herein, within ten (10) days from the date hereof:

1. The date of birth, social security number and residence of each plaintiff.

2. Date, approximate time, location and condition of weather at time of accident.

3. State the exact manner in which plaintiff alleges or will allege the accident occurred.

4. A statement of the acts or omissions constituting the negligence claimed.

5. Give the nature, extent, location and duration of each and every injury claimed to have been sustained by each plaintiff specifying each injury which is claimed permanent or that none is permanent.

6. How long will it be claimed that each plaintiff was confined to (a) hospital or hospitals, giving specific dates of admission and discharge, (b) bed and (c) home, giving the specific dates of confinement.

7.    If x-rays, MRIs, CT scans, EMGs or other diagnostic tests were taken, state the name and address of the place where they were taken, the name and address of the person who took them, the date each was taken and what it disclosed.

8.    If treated by doctors or medical care providers, state the name and present address of each doctor or medical care provider, the dates and places where treatments were received and the date of last treatment.  Annex true copies of all written reports rendered to you by any such doctors whom you propose to have testify in your behalf.

9.    If still being treated, the name and address of each doctor rendering treatment, where and how often treatment is received and the nature thereof.

10.    If a previous injury, disease, illness or condition is claimed to have been aggravated, accelerated or exacerbated, specify in detail the nature of each and the name and present address of each doctor, if any, who rendered treatment for said condition.

11.    If employed at the time of accident, state:  (a) The name and address of the employer.  (b) Position held and nature of work performed.  (c) Average weekly wages for past year.  (d) Period of time lost from employment, giving dates.  (e) Amount of wages lost, if any.

12.    If other loss of income, profit or earnings is claimed:

(a)    State total amount of said loss.

(b)    Give a complete detailed computation of said loss.

(c)    State nature and source of loss of such income, profit and earnings and date of deprivation thereof.

13.    Itemize any and all other losses or expenses incurred not otherwise set forth.

14.  State what earnings, if any, each plaintiff claims to have lost.

15.  If there has been a return to employment or occupation, state:

    (a)  Name and address of present employer.

    (b)  Position held and nature of work performed.

    (c)  Present weekly wages, earnings, income or profit.

16.  State the sum of money claimed incurred or spent by or on behalf of each plaintiff for:

    (a)  medicines,

    (b)  physicians services,

    (c)  hospitalization and

    (d)  nurses' services, itemizing amounts paid to each doctor or hospital.

17.  Describe all injuries sustained by you in any prior accident.

18.  Annex hereto copies of all interrogatories or bill of particular ever signed by you in said prior incidents.

19.  If damage to property is claimed to have resulted from such accident:

    a.  describe in detail each and every item of property allegedly damaged;

    b.  state the cost to repair or replace each and every item of damage to plaintiff's property;

    c.  state the amount of damages sustained by plaintiff for loss of profits and how this amount was calculated.

20.  If the accident involves property or premises, state:

    a.  the exact part or portion of the premises wherein the alleged accident occurred;

b.   if said occurrence took place upon a stairway the location and the step thereon.   If accident happened on sidewalk, the distance from the nearest intersection and the nearest curb or building line;

c.   the exact defect which caused the alleged occurrence and in what manner the defendants were negligent;

d.   whether this defendant had actual and/or constructive notice of the alleged defective condition;

e.   if such notice was actual, state who gave such notice, to whom same was given and the date and who gave such notice.   If constructive, the length of time the condition existed.

f.   if it is claimed that negligent repairs were made, state when, where and by whom on behalf of the defendant they were made, and in what manner such repairs were negligent.

21.   If an intentional act or tort is claimed:

a.   set forth in detail the circumstances leading up to the alleged intentional act, including but not limited to, the physical acts, verbal threats, etc.,

b.   set forth the exact acts which are alleged to constitute the intentional act.

22.   State what statutes, regulations, rules, ordinances, industry wide customs or practices it will be claimed were violated by this defendant, specifying the chapter, section, subdivision, article or practice thereof:

a.   the date of each alleged violation;

        b.     how and in what manner was each violation committed by this

defendant.

    23.    State whether plaintiff was married at the time of the occurrence alleged in the

Complaint.

    24.    Set forth the name and address of plaintiff's spouse.

    25.    If a claim will be made for loss of service or consortium set forth the manner

in which such damages are calculated.

        a.     identify the nature of the loss of services or consortium;

        b.     set forth the length of time for which such claim is made.

**PLEASE TAKE FURTHER NOTICE,** that in the event of the plaintiff's failure to

comply with the foregoing demand within ten (10) days, the defendant will move to preclude

the offering of any evidence as to the matters herein demanded.

Dated: New York, New York
       April 5, 2004

                      WADE CLARK MULCAHY

                      John Mulcahy, Esq.
                      Attorneys for Defendant:
                      Pran-Ju, Inc.
                      111 Broadway, 9th Floor
                      New York, New York 10006
                      (212) 267-1900
                      Our File No.: 190.3547.3

TO:    (See Attached Affidavit)

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss:

Donald Payne being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Bronx, New York.

That on April 5, 2004, deponent served the within *Demand for Bill of Particulars* upon the attorneys and parties listed below by United States prepaid mail:


TO:

Arnold I. Bernstein, Esq.
Attorney for Plaintiff
599 West Hartsdale Avenue
White Plains, NY  10607
(914) 997-6400

_____
Donald Payne

Sworn to before me this
5th day of April, 2004

K:\2547\legal\BP Demand.doc

JOHN MULCAHY
Notary Public, State of New York
No. 02MU5005320
Qualified in Westchester County
Commission Expires Dec. 7, 20__

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

MARIA B. FIGUEIREDO, as Executrix of the Estate of
ANTONIO FIGUEIREDO, deceased, and MARIA B.
FIGUEIREDO individually,

                                                    Plaintiff(s),

                        -against-

NEW PALACE PAINTERS SUPPLY CO., INC. FRAN-
JU, INC. and GERARDO MARCHESE INC.

-------------------------------------------------------------------X

**VERIFIED ANSWER
WITH AFFIRMATIVE
DEFENSES, CROSS
CLAIMS AND DEMAND
FOR BILL OF
PARTICULARS**

Index number: 8151-04

Defendant, **GERARDO MARCHESE INC.**, by its attorney, at the **LAW OFFICES OF**

**THOMAS J. LEONARD**, answers the complaint of the plaintiff,  upon information and belief

herein as follows:

### ANSWERING A FIRST CAUSE OF ACTION

### "ON BEHALF OF  PLAINTIFF MARIA B. FIGUEIREDO, AS EXECUTRIX OF

### THE ESTATE OF ANTONIO FIGUEIREDO"

1.      Denies  knowledge or information sufficient to form a belief as to the truth of each

and every allegation contained in the paragraphs of the complaint designated,  "1", "2", "3", "4",

"5", "6", "9", "10", "11", "12", "13", "14",  "15", "16",  "21", "22", "23", "24", 25", "26",

"27", "28", "34", "35", "37", "38", "48",  and "53".

2.      Denies each and every allegation contained in the paragraphs of the complaint

designated,  "17" and "18" reserving the right to refer to the purported contract at the time of

trial

3.     Denies each and every allegation contained in the paragraph of the complaint designated "19", except admits defendant, **GERARDO MARCHESE INC.**, performed certain work at the subject premises.

4.     Denies each and every allegation contained in the paragraph of the complaint designated , "20", except admits that on or prior to **January 22, 2003**, defendant **GERARDO MARCHESE INC.**, was engaged by defendant **NEW PALACE** to at all times hereinafter mention, perform certain work, labor, renovation and/or services at the subject premises.

5.     Denies each and every allegation contained in the paragraphs of the complaint designated "29", "30", "31", "32", "33", "36", "40", "42", "43", "47", "50", "51", "52", and "56".

6.     Denies each and every allegation contained in the paragraphs of the complaint "39", "41", "44", "45", "46", "54", and "55",  respectfully referring all questions of law to the Court to be decided at the time of trial.

7.     Denies each and every allegation contained in the paragraph of the complaint designated, "49", as to this answering defendant respectfully referring all questions of law to the Court to be decided at the time of trial.

## ANSWERING A SECOND CAUSE OF ACTION

8.     Defendant makes the same admissions and denials to paragraphs of the complaint designated "1 " through "56 " referred to in the paragraph of the complaint designated "57".

9. Denies each and every allegation contained in the paragraphs of the complaint designated, "58", "59", "60", "61", "62", "63", and "64" as to this answering defendant.

10. Denies each and every allegation contained in the paragraphs of the complaint designated, "65", "66", and "67"

## ANSWERING A THIRD CAUSE OF ACTION

11. Defendant makes the same admissions and denials to paragraphs of the complaint designated "1 " through "67 " referred to in the paragraph of the complaint designated "68".

12. Denies each and every allegation contained in the paragraphs of the complaint designated "69", "70", and "71", as to this answering defendant respectfully referring all questions of law to the Court to be decided at the time of trial.

13. Denies each and every allegation contained in the paragraph of the complaint designated "72".

## ANSWERING A FOURTH CAUSE OF ACTION

14. Defendant makes the same admissions and denials to paragraphs of the complaint designated "1 " through "72 " referred to in the paragraph of the complaint designated "73".

15. Denies each and every allegation contained in the paragraph of the complaint designated "74.

16. Denies each and every allegation contained in the paragraph of the complaint designated "75", respectfully referring all questions of law to the Court to be decided at the time of trial.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

### FAILURE TO STATE A CAUSE OF ACTION

17.    That plaintiff fails to state a cause of action as against this answering defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

### ARTICLE 16

18.    That if any liability is found against this answering defendants, then said liability

will constitute 50 percent or less of the total liability assigned to all persons liable and, as such, the

liability of the defendants for non-economic loss shall be limited and shall not exceed this

answering defendant's equitable share as provided by Article 16 of the CPLR.

## AS AND FOR A THIRD  AFFIRMATIVE DEFENSE

### PURSUANT TO SECTION 1412 CPLR

### THE DEFENDANT, GERARDO MARCHESE INC. SETS FORTH AND ALLEGES:

19.    a)    That if plaintiff sustained the injuries and damages alleged in the complaint,

same were wholly caused by the culpable conduct of plaintiff, **MARIA B. FIGUEIREDO, as**

**Executrix of the Estate of ANTONIO FIGUEIREDO, deceased, and MARIA B.**

**FIGUEIREDO individually,**  and the defendant, **GERARDO MARCHESE INC.**, is entitled to

judgment dismissing the complaint herein.

b)    That if plaintiff  sustained the injuries and damages alleged in the

complaint, same were caused if not in whole then in part by the culpable conduct of plaintiff,

MARIA B. FIGUEIREDO, as Executrix of the Estate of ANTONIO FIGUEIREDO, deceased, and MARIA B. FIGUEIREDO individually, and the defendant, GERARDO MARCHESE INC., is entitled to judgment assessing and fixing the culpable conduct of plaintiff contributing to said injuries and damages in proportion to plaintiff's culpable conduct as determined after trial.

WHEREFORE, the answering defendant demands judgment dismissing the complaint herein as to answering defendant, or diminishing the damages recoverable by plaintiff herein proportion to the culpable conduct attributable to plaintiff, together with costs and disbursements to abide the action.

## CROSS-CLAIM

### AS A BASIS FOR AFFIRMATIVE RELIEF AND AS AND

### FOR A CROSS CLAIM AGAINST THE DEFENDANTS,

### NEW PALACE PAINTERS SUPPLY CO., INC. and FRAN-JU, INC.

### THE DEFENDANT, GERARDO MARCHESE INC.

### ALLEGE UPON INFORMATION AND BELIEF:

That if the plaintiff was caused to sustain damages at the time and place set forth in the plaintiff's complaint through any carelessness, recklessness, and negligence other than plaintiff's own, said damages arose in whole or in part from the negligence of co-defendants, NEW PALACE PAINTERS SUPPLY CO., INC. and FRAN-JU, INC., and if any judgment is recovered herein by the plaintiff against this answering defendant, they will be damaged thereby and the answering defendant will be entitled to proportionate indemnity on the basis of proportionate responsibility in negligence form the co-defendants above named.

WHEREFORE, the answering defendant demands judgment dismissing the complaint herein as to answering defendant with costs and further demand that the ultimate rights of the answering defendant and the co-defendants as between themselves be determined in this action, and that the answering defendant has judgment over and against the co-defendants for all or a part of any verdict or judgment which may be obtained herein by the plaintiff against the answering defendant, together with costs and disbursements of this action.

## CROSSCLAIM

## AS AND FOR A SECOND CROSS-CLAIM AGAINST THE CO-DEFENDANTS,

## NEW PALACE PAINTERS SUPPLY CO., INC. and  FRAN-JU, INC.

## THE DEFENDANT, GERARDO MARCHESE INC.

## ALLEGES UPON INFORMATION AND BELIEF:

That at all times hereinafter mentioned, the co-defendants, **NEW PALACE PAINTERS SUPPLY CO., INC. and FRAN-JU, INC.,** entered into a contract agreement with **GERARDO MARCHESE INC.**

That the said contract agreement provided, in substance that the co-defendants, **NEW PALACE PAINTERS SUPPLY CO., INC. and FRAN-JU, INC.** hereby agree to defend, pay, indemnify and save free and harmless, **GERARDO MARCHESE INC.**, resulting from or in connection with loss of life, bodily or personal injury or property damage, directly or indirectly, out of or from or on account of any occurrence in, upon, about at or from the demised premises, etc.

That upon information and belief, the co-defendants have breached the aforesaid provision of the lease agreement, in that co-defendants have failed to defend and save harmless

the defendant, **GERARDO MARCHESE INC.**, from the lawsuit arising out of the above entitled action.

That by reason thereof, in the event plaintiff recovers a judgment against defendant, **GERARDO MARCHESE INC.**, the co-defendants will be bound to indemnify defendants for any and all costs arising out of the defense of the action, and to pay the aforesaid judgment.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST THE CO-DEFENDANTS, NEW PALACE PAINTERS SUPPLY CO., INC. and FRAN-JU, INC. THE DEFENDANT, GERARDO MARCHESE INC. ALLEGES UPON INFORMATION AND BELIEF:

That the aforesaid lease agreement provided that the lessee, co-defendants obtain liability insurance coverage for the benefit and in the name of **NEW PALACE PAINTERS SUPPLY CO., INC. and FRAN-JU, INC.**, and for the benefit of **GERARDO MARCHESE INC.**, and to designate, **GERARDO MARCHESE INC.**, as an additional insured.

That upon information and belief, co-defendants, **NEW PALACE PAINTERS SUPPLY CO., INC. and FRAN-JU, INC.**, have failed to obtain the required insurance overage for the benefit of this answering defendant, **GERARDO MARCHESE INC.**, and thereby breached their agreement with this answering defendant.

That the said breach of the agreement by co-defendants will result in damages to this answering defendant in that this defendant may be found liable to the plaintiff in this action.

<u>AS AND FOR A FOURTH CROSS-CLAIM AGAINST THE CO-DEFENDANTS,</u>

<u>NEW PALACE PAINTERS SUPPLY CO., INC. and FRAN-JU, INC.</u>

<u>THE DEFENDANT, GERARDO MARCHESE INC.,</u>

<u>ALLEGES UPON INFORMATION AND BELIEF:</u>

That the aforesaid contract agreement provided that the co-defendants, **NEW PALACE PAINTERS SUPPLY CO., INC. FRAN-JU, INC. and GERARDO MARCHESE INC.,** shall at their own cost and expense take good care of and make necessary repairs to the demised premises.

That in the event plaintiff recovers damages against this answering defendant, said judgment arose solely as a result of co-defendants' failure to comply with the terms and conditions of the contract agreement, and by reason thereof, this answering defendant is entitled to be indemnified in whole or in part by the co-defendants.

**WHEREFORE,** the defendant, **GERARDO MARCHESE INC.,** demands judgment dismissing the complaint herein and demands judgment on the cross-claim herein that the ultimate rights of the defendant, **GERARDO MARCHESE INC.,** and the co-defendants, as between themselves be determined in this action and that the defendant has judgment over and against the co-defendants for all or part of any verdict or judgment which may be obtained by the plaintiff

against the answering defendant, all together with the costs and disbursements of this action.

DATED:     WHITE PLAINS, NEW YORK
           May 11, 2004

                                   HOWARD T. CODE
                                   **LAW OFFICES OF THOMAS J. LEONARD**
                                   Attorneys for Defendant,
                                   **GERARDO MARCHESE INC.**
                                   108 Corporate Park Drive, Suite 115
                                   White Plains, NY  10604
                                   (914) 251-1244

TO:

      **LAW OFFICES OF ARNOLD I. BERSTEIN**
      Attorney for plaintiff,
      **MARIA B. FIGUEIREDO, as Executrix of the Estate of ANTONIO FIGUEIREDO,
      deceased, and MARIA B. FIGUEIREDO individually,**
      599 West Hartsdale Avenue
      White Plains, New York 10607
      914 997 6400

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

**DEMAND FOR BILL OF PARTICULARS**

MARIA B. FIGUEIREDO, as Executrix of the Estate of
ANTONIO FIGUEIREDO, deceased, and MARIA B.
FIGUEIREDO individually,

**Index number: 8151-04**

Plaintiff(s),

-against-

NEW PALACE PAINTERS SUPPLY CO., INC. FRAN-
JU, INC. and GERARDO MARCHESE INC.

Defendants.

-----------------------------------------------------------------------X

S I R S:

PLEASE TAKE NOTICE, that pursuant to Rules 3041, 3042 and 3043 of the Civil

Practice Law and Rules, a notice is hereby served upon you to serve upon the attorney for the

defendant, **GERARDO MARCHESE INC.**, within ten (10) days after service of this notice

upon you, a verified bill of particulars setting forth in detail the following:

I.      The exact date and the approximate hour on said date when it is claimed the alleged
accident occurred.

II.      The present residence address of plaintiff, stating street and number as well as City and
State.

III.      A statement of the acts of omission and commission constituting the negligence
claimed.

IV.      A statement of the location of the occurrence set forth in the complaint with sufficient
detail so that same can be identified; stating whether it is claimed that the occurrence took place
within the intersection, giving the names of such street, or outside an intersection, and if the latter,
the approximate distance from the stated intersection, and on what street.

V.      A statement of the statutes, ordinances, regulation or rules of the State, Municipality,
or any of their departments or subdivisions, which are claimed to have been violated by defendant,
specifying the chapter or chapters, section of sections of the particular statute, ordinance,
regulation of rule.

VI.     The license number, year, engine number, model and make of the said motor vehicle claimed to have been damaged.

VII.     A statement setting forth the items of damage claimed to have been sustained by the plaintiff to said property, setting forth in detail each part claimed to have been damaged or replaced and the costs of repair or replacement for each part so damaged or replaced.

VIII.     A statement of any other expenses incurred on account of the occurrence set forth in the complaint, and for what incurred.

**PLEASE TAKE FURTHER NOTICE**, that unless you comply with this demand within ten (10) days a motion will be made to preclude the plaintiff from presenting any evidence at the trial of this action, as to any of the items for which a verified bill of particulars has been demanded and has not been complied with, with costs.

DATED:     WHITE PLAINS, NEW YORK
                May 11, 2004

HOWARD T. CODE
**LAW OFFICES OF THOMAS J. LEONARD**
Attorneys for Defendant,
**GERARDO MARCHESE INC.**
108 Corporate Park Drive, Suite 115
White Plains, NY 10604
(914) 251-1244

TO:
        **LAW OFFICES OF ARNOLD I. BERSTEIN**
        Attorney for plaintiff,
        **MARIA B. FIGUEIREDO, as Executrix of the Estate of ANTONIO FIGUEIREDO,
        deceased, and MARIA B. FIGUEIREDO individually,**
        599 West Hartsdale Avenue
        White Plains, New York 10607
        914 997 6400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

                                                 **DEMAND FOR BILL OF**
                                                 **PARTICULARS**

MARIA B. FIGUEIREDO, as Executrix of the Estate of
ANTONIO FIGUEIREDO, deceased, and MARIA B.
FIGUEIREDO individually,
                                                 **Index number: 8151-04**

                                    Plaintiff(s),

        -against-

NEW PALACE PAINTERS SUPPLY CO., INC. FRAN-
JU, INC. and GERARDO MARCHESE INC.
                                   Defendants.
-------------------------------------------------------------------X

S I R S:

        **PLEASE TAKE NOTICE**, that pursuant to Rule 3041, et eq., you are hereby

required to serve upon **LAW OFFICE OF CYGAN & HULTEN**, attorneys for the defendant,

**GERARDO MARCHESE INC.**, within twenty (20) days after service of a copy of this

Demand, a Verified Bill of Particulars of the Complaint setting forth in detail the following:

1.     A statement of the nature, extent and location of the injuries allegedly sustained by the
plaintiff's intestate.

2.     A description of those injuries claimed to have resulted in the death of the plaintiff's
intestate.

3.     The exact date and the approximate hour on said date when it is claimed the alleged
accident occurred.

4.     The nature of the alleged vocation of the plaintiff's intestate.

5.     The average weekly or monthly earnings of the plaintiff's intestate at the time of the
occurrence set forth in the complaint.

6.     State the name and address of the plaintiff's intestate's employer at the time of the alleged
accident; if unemployed at the time of the alleged accident, state the name and address of
the employer upon whose wage payments loss of earnings is based.

7.     Set forth the date of death of plaintiff's intestate and his age at the time of his death.

8.    An itemized account of the expenditures incurred for the funeral and burial of the plaintiff's intestate.

9.    The present residence address of the plaintiff, stating street and number as well as City and State.

10.   A statement of the acts of omission and commission constituting the negligence claimed.

11.   A statement of the location of the occurrence set forth in the complaint, with sufficient detail so that same can be identified, stating whether it is claimed that the occurrence took place within the intersection of streets, giving the names of such streets, or outside an intersection and if the latter, the approximate distance from the stated intersection, and on what street.

12.   A statement of the statutes, ordinances, regulations or rules of the state, municipality, or any of their departments or sub-divisions, which are claimed to have been violated by defendant, specifying the chapter or chapters, section or sections of the particular statute, ordinance, regulation or rule.

13.   The respective names, ages, residence addresses and relationship of the next of kin who service the death of plaintiff's intestate.

14.   State the total monetary amount the deceased contributed each month to each of the survivors financially dependent upon him.

15.   State the names addresses and ages of those survivors of the deceased who were financially dependent upon him.

16.   State the gross earnings of the deceased for the years 2003 to present.

17.   A statement of any other expenses incurred on account of the occurrence set forth in the complaint, and for what incurred.

**PLEASE TAKE FURTHER NOTICE**, that unless you comply with this notice within twenty (20) days, a motion will be made to preclude the plaintiff from presenting any evidence at the trial of this action as to any of the items for which a verified bill of particulars has

been noticed and has not been complied with, with costs.

DATED:    WHITE PLAINS, NEW YORK
           May 11, 2004

**HOWARD T. CODE**
**LAW OFFICES OF THOMAS J. LEONARD**
Attorneys for Defendant,
**GERARDO MARCHESE INC.**
108 Corporate Park Drive, Suite 115
White Plains, NY  10604
(914) 251-1244

TO:

    **LAW OFFICES OF ARNOLD I. BERSTEIN**
    Attorney for plaintiff,
    **MARIA B. FIGUEIREDO, as Executrix of the Estate of ANTONIO FIGUEIREDO,**
    **deceased, and MARIA B. FIGUEIREDO individually,**
    599 West Hartsdale Avenue
    White Plains, New York 10607
    914 997 6400