Exhibit E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Calendar # _____
325 (d) _____

-----------------------------------------------------------------x

_Figueirdo_

Plaintiff(s),

**PRELIMINARY CONFERENCE ORDER**
Pursuant to Part 202 of the Uniform Civil
Rules for the Supreme Court

- against -

_New Palace     et. al._

Defendant(s),

HON. _Roman_ _____
**Preliminary Conference Part**
**Index Number** _8151/04_
**Conference Date** _10/18/04_

-----------------------------------------------------------------x

**APPEARANCES:**    **Plaintiff:** _Figueirdo_
Firm: _Arnold Bernstein_
By Attorney: _David P. Kownacki_                Phone: _212-557-4190_
Carrier: _____ Phone: _____ Coverage Amount: _____

**Defendant 1:** _New Palace_
Firm: _Muluy Spitz + DeSantis_
By Attorney: _Irwin Miller_                Phone: _212-869-3200_
Carrier: _____ Phone: _____ Coverage Amount: _____

**Defendant 2:** _Erun-Ju Inc_
Firm: _Wade Clark Mulcahy_
By Attorney: _Nicole Y. Brown_                Phone: _212-267-1900_
Carrier: _Burlington_ Phone: _____ Coverage Amount: _$1 million_

**Defendant 3:** _Gerardo Marchese, Inc_
Firm: _Thomas J. Leonard_
By Attorney: _____                Phone: _914-251-1244_
Carrier: _____ Phone: _____ Coverage Amount: _____

| | | | |
|---|---|---|---|
| **I** | **INSURANCE COVERAGE:** | ☑ | To be furnished within _30_ days. |

**II    BILL OF PARTICULARS:**

☐1.  Not submitted: Bill of Particulars to be served by _____
☑2.  Served:    ☑2(a). Satisfactory    ☐2(b). Unsatisfactory
☒3.  Supplemental bill of particulars to be served _to specify provisions of_
☐4.  Bill of particulars for affirmative defenses to be served _OSHA and Indus_
_Code violations_
_____
_____

**III    MEDICAL REPORTS AND HOSPITAL AUTHORIZATIONS:**
_all authorizations to include copy of letters testimentary or seal from surrogates court_

☐1.  Furnished (Except: _____ )
☑2.  Medical reports or authorizations for records to be served
☑3.  Hospital authorizations to be served _30 days to extent not yet done_
_- Inc. St Barnabus Hosp_

**IV    PHYSICAL EXAMINATION:**

☐1(a).  Held    ☐1(b)  Waived    _n/a_
☐1(c).  Examination of _____
To be held _____
Defendant to designate physician(s) within 21 days of plaintiff's EBT
☐2(a).  Physician's report furnished
☐2(b).  Copy of physician's report to be furnished to plaintiff
within _____ days of examination.

SC. NO. 8A Rev. 12/04

PRELIMINARY CONFERENCE ORDER

| V | EXAMINATION BEFORE TRIAL: | ☐1. | ☐ Plaintiff   ☐ Defendants   ☑ All parties |
|---|---|---|---|
| | | ☐2. | To be held at *respective offices – unless otherwise agreed* |
| | | | Date: 11 - 12/15/04   Time: 10 am |
| | | ☐3. | Held (Except: _____ )   ☐Waived |

△ New Palace 1/10/05
△ Marchese 1/10/05
△ Fran Ju 1/10/05

| VI | OTHER DISCLOSURE: | ☐1. | None |
|---|---|---|---|

*∆s to provide all contracts regarding this project - 30 days.*

☑2. All parties to exchange names and addresses of all witnesses, opposing parties' statements, and photographs. If none, an affirmation to that effect shall be exchanged.

☑3. Authorizations for plaintiff's employment records (IRS) including W-2 for period *3 years - unless already done if decedent was self employed π to provide tax auth*

☑4. *All parties to respond to all discovery demands to extent not yet done*

☑5. To be completed within *30 days*

| VII | IMPLEADER ACTIONS: | ☐1(a).  None | ☐1(b).  To be commenced *60* days after all EBT's. |
|---|---|---|---|

| VIII | DESIGNATED FOR TRANSFER: | ☐1(a).  CPLR 325 (c) |
|---|---|---|
| | | ☐1(b).  CPLR 325 (d) |

| IX | ADDITIONAL DIRECTIVES: | ☐   See attached page for additional directives |
|---|---|---|

| X | ALL PARTIES: | Are directed to complete discovery on or before *4-1-05*, and appear for a compliance conference on *4-6-05* |
|---|---|---|

Any statutory stays of disclosure due the pendency of motions pursuant to CPLR 3211, 3212 and 3213 are vacated.

Counsel will be required to justify, at the Compliance Conference, failure to adhere to the discovery schedule set forth herein.

In the event of non-compliance, costs or other sanctions may be imposed.

This constitutes the decision and order of this court.

Dated:  *10-18-04*        Enter: _____
                                     J.S.C.

Parties must adhere to all dates contained herein relating to the completion of items in this order. Counsel may not enter into any adjournments without further order of this court.

SC. NO. 8A Rev. 12/04

Exhibit F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------x    Index No.: 8151/04

MARIA B. FIGUEIREDO, as Executrix of the
Estate of ANTONIO FIGUEIREDO, deceased
and MARIA B. FIGUEIREDO, Individually,

                                      Plaintiffs,

        -against-

NEW PALACE PAINTERS SUPPLY CO. INC.,
FRAN-JU, INC. and GERARDO MARCHESE, INC.,

                                        Defendants.

------------------------------------------------------------x

**VERIFIED BILL
OF PARTICULARS**

S I R S :

    PLEASE TAKE NOTICE, that plaintiffs, by their attorney, ARNOLD I. BERNSTEIN, ESQ.,
hereby submit the following as and for their bill of particulars pursuant to the demand of defendant
NEW PALACE PAINTERS SUPPLY CO. INC., upon information and belief:

    1.    Decedent ANTONIO FIGUEIREDO's date of birth was 3/13/50. His social security
number is/was 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. Plaintiffs reside(d) at 46 Edgewood Avenue, Yonkers, NY 10704.

    1a.    Upon information and belief, decedent was not known by another other names.

    1b.    Plaintiff's decedent resided at 46 Edgewood Avenue, Yonkers, NY 10704 for the past
five (5) years.

    2.    The occurrence complained of herein took place on January 22, 2003 at approximately
2:30 p.m.

    3.    The occurrence complained of herein took place at premises located at 534 East 180th
Street (3rd Avenue), County of Bronx, City and State of New York.

    4&5.    The acts and omissions constituting the negligence, recklessness and carelessness of
the defendants, their agents, servants and/or employees, consisted of, among other things, negligently,
recklessly and carelessly owning, operating, managing, maintaining and controlling the subject
premises; in failing to use due care and caution; in causing, permitting and/or allowing the aforesaid
premises to become and remain in an unsafe, improper and dangerous condition, which constituted a

hazard, trap and nuisance to plaintiff's decedent and others lawfully working thereat; in failing to keep said premises in a reasonable and proper state of repair; in failing to provide a safe place to work for plaintiff's decedent and others lawfully employed thereat; in violating relevant and applicable provisions of the Labor Law of the State of New York, including, but not limited to Sections 200, 240 and 241(6); in violating relevant and applicable provisions of the New York Industrial Code; in failing to construct, shore, equip, guard, arrange, operate and/or conduct the area in and about the area where plaintiff's decedent was working in such a manner so as to prevent the happening of the occurrence herein; in failing to provide proper machinery, equipment and/or other devices which were adequately constructed, placed, guarded, managed and operated so as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein including plaintiff's decedent herein; in failing to provide safety equipment in compliance with the requirements of Labor Law Sections 200, 240 and 241(6) and the New York Industrial Code; in failing to furnish plaintiff's decedent with any hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes or other devices so constructed, placed and operated so as to give proper protection to plaintiff thereat; in failing to supply plaintiff's decedent with any safety lines, safety harnesses or other safety equipment; in allowing and permitting a dangerous and defective condition to exist for an unreasonably long period of time; in failing to provide adequate protection for safety to persons employed in the areas in which work was being performed; in failing to hire and/or supervise competent and adequate personnel; in causing and creating obstructions and/or other hazards in and about the area where plaintiff was working; in failing to properly or adequately supervise the area; in permitting a dangerous, hazardous and defective condition to exist and remain for an unreasonable period of time; in failing to give the plaintiff's decedent warning or notice of the dangerous and unsafe condition existing at the aforesaid premises; in failing to erect barricades or signs or other warning devices around the condition to warn persons, and more particularly, the plaintiff's decedent herein, of the dangerous conditions then and there existing; in failing to barricade or otherwise prevent others from traversing the area where a dangerous and defective condition existed; in permitting the aforementioned area to be used while in a dangerous,

2

defective and trap like condition; in causing, allowing and permitting said dangerous and defective conditions to exist for an unreasonable length of time, under the circumstances then and there prevailing without remedying same; in failing to inspect and/or negligently inspecting the aforesaid premises; in failing to maintain and repair the aforesaid premises in such a manner as to avoid the occurrence complained of herein; in failing to timely and properly remedy said dangerous and defective condition; in failing to take timely and adequate precautions to prevent the happening of the occurrence complained of; in failing to provide proper equipment and appurtenances which were necessary under the circumstances; in failing to adequately and properly design the subject premises; and in failing to use due care and caution so as to avoid the happening of the occurrence complained of. Plaintiff(s) may also rely upon the doctrine of res ipsa loquitur, to the extent applicable.

6. Plaintiff(s) object to any inquiry as to *"the manner in which the accident occurred..."* as evidentiary in nature and improper for a bill of particulars. Notwithstanding the foregoing objection, at the time and place as aforesaid, plaintiff's decedent ANTONIO FIGUEIREDO fell off a scaffold while working at the subject premises.

7. Notice is not a prerequisite to defendants' violations of applicable law which impose strict liability upon defendants for the occurrence complained of herein. However, it is claimed that defendants, their agents, servants and/or employees had actual knowledge in that they caused and/or created the condition complained of and had a non-delegable duty to construct, place and operate safety devices so as to give proper protection to plaintiff's decedent herein. Plaintiff(s) further claim that defendants herein by and through their agents, servants and/or employees had constructive notice and knowledge of the aforesaid dangerous and defective condition and failed to timely and properly remedy same and provide a safe place for decedent to work.

8. Reference is made to #5 hereinabove as to any negligent repairs.

9. Plaintiffs claim defendants, their agents, servants and/or employees violated the relevant and applicable provisions of the Labor Law of the State of New York, including, but not limited to Section 200, 240(1) and 241(6); and in violating relevant and applicable provisions of the New York

3

Industrial Code and the NYCRR. Plaintiffs reserve the right to amend and/or supplement this paragraph after completion of discovery.

10.    As a result of the occurrence complained of herein, plaintiff's decedent ANTONIO FIGUEIREDO suffered severe conscious pain and suffering and resultant death, including the following known personal injuries:

Blunt impact injury of head with subscalpular hemorrhage,    occipital fracture, subdural and epidural hemorrhage,    subarachnoid hemorrhage, cerebral edema with bilateral    transtentorial herniation;

Blunt impact injury of torso with contusion, left flank, bilateral rib fractures, T12 anamnestic vertebral fracture; emboli of the lung and left pleural adhesions;

Esophageal erosion;

The exact cause of death was blunt injuries of head and trunk;

11.    As a result of the occurrence complained of herein and resulting injuries therefrom, plaintiff's decedent ANTONIO FIGUEIREDO was taken to St. Barnabas Hospital, 4422 Third Avenue, Bronx, NY on January 22, 2003 through February 5, 2003. Thereafter, he was transferred to NY Presbyterian Hospital, 525 East 68th Street, New York, NY from February 5, 2003 through February 7, 2003. He was then transferred back to St. Barnabas on February 7, 2003 through February 14, 2003. He was not confined to bed or home.

12. At the time of the occurrence, plaintiff's decedent ANTONIO FIGUEIREDO was self-employed as a contractor. In 2002, decedent earned approximately $26,444 as a contractor. Additional, during 2001 and 2002, decedent constructed two one-family residences that sold in 2003 for a net profit of approximately $400,000.

13.    Not applicable. Plaintiff's decedent was not a student at the time of the occurrence.

14.    Plaintiffs' special damages to be provided under separate cover.

15.    Not applicable. Plaintiff's decedent did not sustain any injuries in a prior accident and is not claiming exacerbation or aggravation of any pre-existing condition.

16.     As a result of the injuries suffered by decedent ANTONIO FIGUEIREDO, plaintiff MARIA B. FIGUEIREDO, his wife, residing at 46 Edgewood Avenue Yonkers, New York, lost the services of her husband in that he was unable to perform the full range of services he provided prior to his injury including those of a sexual nature. In addition, plaintiff MARIA B. FIGUEIREDO was caused to be deprived of the care, comfort, services, companionship, consortium and society of her husband, decedent ANTONIO FIGUEIREDO.

17.     Reference is made to plaintiffs' bill of particulars as to co-defendant, annexed herewith.

18.     Plaintiff's decedent died on February 14, 2003 at St. Barnabas Hospital.

19.     Decedent was 52 years old at the time of his death and resided at 46 Edgewood Avenue, Yonkers, NY 10704.

20.     Reference is made to #10 hereinabove as to the injuries sustained by decedent.

21.     Decedent suffered conscious pain and suffering from the date of the occurrence up to and including his untimely death on February 14, 2003.

22.     Decedent left surviving the following next of kin:

–    Maria B. Figueiredo (wife), 46 Edgewood Avenue, Yonkers, NY, D.O.B.: 8/1/48; and

    Miguel Figueiredo (son), 46 Edgewood Avenue, Yonkers, NY, age 27.

By virtue of the foregoing, decedent=s next of kin have suffered pecuniary loss, loss of services, loss of parental guidance and loss of society and have been damaged in an amount to be provided prior to the time of trial.

Dated:  New York, New York
        May 14, 2004

                              Yours, etc.,

                              ARNOLD I. BERNSTEIN
                              Attorney for Plaintiffs
                              599 West Hartsdale Avenue
                              White Plains, NY 10607
                              (914) 997-6400

5

TO:     MOLOD, SPITZ & DeSANTIS, ESQS.
        Attorneys for Defendant
        NEW PALACE PAINTERS SUPPLY CO. INC.
        104 West 40th Street – 9th Floor
        New York, NY 10018
        (212) 869-3200
        File No.: UN-630

        WADE, CLARK, MULCAHY
        Attorneys for Defendant
        FRAN-JU, INC.
        111 Broadway – 9th Floor
        New York, NY 10006
        (212) 267-1900
        File No.: 190.3547.3

        LAW OFFICES of
        THOMAS J. LEONARD
        Attorneys for Defendant
        GERARDO MARCHESE INC.
        108 Corporate Park Drive, Suite 115
        White Plains, NY 10604
        (914) 251-1244

6

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK, COUNTY OF WESTCHESTER ss.:

I, the undersigned, am an attorney admitted practice in the Courts of New York State, and say that: I am the attorney of record, or of counsel with the attorney(s) of record, for plaintiffs. I have read the annexed BILL OF PARTICULARS know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matter therein not stated upon knowledge, is based upon the following:

Information contained within the file and conversations with plaintiffs.

Plaintiffs do not reside in the same County where deponent maintains his office or in the alternative that plaintiffs do reside in the same County; your deponent is familiar with the facts upon which this suit is based.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: White Plains, New York
       May 25, 2004

_____
ARNOLD I. BERNSTEIN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------x
MARIA B. FIGUEIREDO, as Executrix of the
Estate of ANTONIO FIGUEIREDO, deceased
and MARIA B. FIGUEIREDO, Individually,

Index No.: 8151/04

Plaintiffs,

**VERIFIED BILL
OF PARTICULARS**

-against-

NEW PALACE PAINTERS SUPPLY CO. INC.,
FRAN-JU, INC. and GERARDO MARCHESE, INC.,

Defendants.
-------------------------------------------------------------------x

S I R S :

      PLEASE TAKE NOTICE, that plaintiffs, by their attorney, ARNOLD I. BERNSTEIN, ESQ.,

hereby submit the following as and for their bill of particulars pursuant to the demand of defendant

FRAN-JU, INC., upon information and belief:

      1.      Decedent ANTONIO FIGUEIREDO's date of birth was 3/13/50. His social security

number was 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. Plaintiffs reside(d) at 46 Edgewood Avenue, Yonkers, NY 10704.

      2.      The occurrence complained of herein took place on January 22, 2003 at approximately

2:30 p.m. at premises located at 534 East 180th Street (3rd Avenue), County of Bronx, City and State

of New York.

      3.      Plaintiff(s) object to any inquiry as to *"the manner in which the accident occurred..."*

as evidentiary in nature and improper for a bill of particulars. Notwithstanding the foregoing objection,

at the time and place as aforesaid, plaintiff's decedent ANTONIO FIGUEIREDO fell off a scaffold

while working at the subject premises.

      4.      The acts and omissions constituting the negligence, recklessness and carelessness of

the defendants, their agents, servants and/or employees, consisted of, among other things, negligently,

recklessly and carelessly owning, operating, managing, maintaining and controlling the subject

premises; in failing to use due care and caution; in causing, permitting and/or allowing the aforesaid

1

premises to become and remain in an unsafe, improper and dangerous condition, which constituted a hazard, trap and nuisance to plaintiff's decedent and others lawfully working thereat; in failing to keep said premises in a reasonable and proper state of repair; in failing to provide a safe place to work for plaintiff's decedent and others lawfully employed thereat; in violating relevant and applicable provisions of the Labor Law of the State of New York, including, but not limited to Sections 200, 240 and 241(6); in violating relevant and applicable provisions of the New York Industrial Code; in failing to construct, shore, equip, guard, arrange, operate and/or conduct the area in and about the area where plaintiff's decedent was working in such a manner so as to prevent the happening of the occurrence herein; in failing to provide proper machinery, equipment and/or other devices which were adequately constructed, placed, guarded, managed and operated so as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein including plaintiff's decedent herein; in failing to provide safety equipment in compliance with the requirements of Labor Law Sections 200, 240 and 241(6) and the New York Industrial Code; in failing to furnish plaintiff's decedent with any hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes or other devices so constructed, placed and operated so as to give proper protection to plaintiff thereat; in failing to supply plaintiff's decedent with any safety lines, safety harnesses or other safety equipment; in allowing and permitting a dangerous and defective condition to exist for an unreasonably long period of time; in failing to provide adequate protection for safety to persons employed in the areas in which work was being performed; in failing to hire and/or supervise competent and adequate personnel; in causing and creating obstructions and/or other hazards in and about the area where plaintiff was working; in failing to properly or adequately supervise the area; in permitting a dangerous, hazardous and defective condition to exist and remain for an unreasonable period of time; in failing to give the plaintiff's decedent warning or notice of the dangerous and unsafe condition existing at the aforesaid premises; in failing to erect barricades or signs or other warning devices around the condition to warn persons, and more particularly, the plaintiff's decedent herein, of the dangerous conditions then and there existing; in failing to barricade or otherwise prevent others from traversing the area where a dangerous

2

and defective condition existed; in permitting the aforementioned area to be used while in a dangerous, defective and trap like condition; in causing, allowing and permitting said dangerous and defective conditions to exist for an unreasonable length of time, under the circumstances then and there prevailing without remedying same; in failing to inspect and/or negligently inspecting the aforesaid premises; in failing to maintain and repair the aforesaid premises in such a manner as to avoid the occurrence complained of herein; in failing to timely and properly remedy said dangerous and defective condition; in failing to take timely and adequate precautions to prevent the happening of the occurrence complained of; in failing to provide proper equipment and appurtenances which were necessary under the circumstances; in failing to adequately and properly design the subject premises; and in failing to use due care and caution so as to avoid the happening of the occurrence complained of.  Plaintiff(s) may also rely upon the doctrine of res ipsa loquitur, to the extent applicable.

  5. As a result of the occurrence complained of herein, plaintiff's decedent ANTONIO FIGUEIREDO suffered severe conscious pain and suffering and resultant death, including the following known personal injuries:

  Blunt impact injury of head with subscalpular hemorrhage, occipital fracture, subdural and epidural hemorrhage, subarachnoid hemorrhage, cerebral edema with bilateral transtentorial herniation;

  Blunt impact injury of torso with contusion, left flank, bilateral rib fractures, T12 anamnestic vertebral fracture; emboli of the lung and left pleural adhesions;

  Esophageal erosion;

  The exact cause of death was blunt injuries of head and trunk;

  6. As a result of the occurrence complained of herein and resulting injuries therefrom, plaintiff's decedent ANTONIO FIGUEIREDO was taken to St. Barnabas Hospital, 4422 Third Avenue, Bronx, NY on January 22, 2003 through February 5, 2003.  Thereafter, he was transferred to NY Presbyterian Hospital, 525 East 68th Street, New York, NY from February 5, 2003 through February 7, 2003.  He was then transferred back to St. Barnabas on February 7, 2003 through February 14, 2003.  He was not confined to bed or home.

7.     Any and all x-rays, Mir's, CT scans, EMGs or other diagnostic testing were performed at the aforementioned hospital facilities.

8.     Plaintiff's decedent was not treated by any other doctors or medical care providers other than those at the aforementioned hospital facilities.

9.     Not applicable.  Plaintiffs are not still treating.

10.    Not applicable.  Plaintiff's decedent did not have a previous injury or illness.

11-15.   At the time of the occurrence, plaintiff's decedent ANTONIO FIGUEIREDO was self-employed as a contractor.  In 2002, decedent earned approximately $26,444 as a contractor. Additionally, during 2001 and 2002, decedent constructed two one-family residences that sold in 2003 for a net profit of approximately $400,000.

16.    Plaintiffs' special damages to be provided under separate cover.

17-18.   Not applicable.  Plaintiff's decedent did not sustain any injuries in a prior accident.

19.    Not applicable.  Plaintiffs have not asserted a claim for property damage.

20.    Reference is made to #2 hereinabove as to the location of the occurrence.

21.    Not applicable.  No intentional tort is claimed.

22.    Plaintiffs claim defendants, their agents, servants and/or employees violated the relevant and applicable provisions of the Labor Law of the State of New York, including, but not limited to Section 200, 240(1) and 241(6); and in violating relevant and applicable provisions of the New York Industrial Code and the NYCRR.  Plaintiffs reserve the right to amend and/or supplement this paragraph after completion of discovery.

4

23.    As a result of the injuries suffered by decedent ANTONIO FIGUEIREDO, plaintiff MARIA B. FIGUEIREDO, his wife, residing at 46 Edgewood Avenue Yonkers, New York, lost the services of her husband in that he died.  In addition, plaintiff MARIA B. FIGUEIREDO has been deprived of the care, comfort, services, companionship, consortium and society of her husband, decedent ANTONIO FIGUEIREDO.

Dated:  New York, New York
        May 14, 2004

Yours, etc.,


ARNOLD I. BERNSTEIN
Attorney for Plaintiffs
599 West Hartsdale Avenue
White Plains, NY 10607
(914) 997-6400

TO:    MOLOD, SPITZ & DeSANTIS, ESQS.
       Attorneys for Defendant
       NEW PALACE PAINTERS SUPPLY CO. INC.
       104 West 40th Street – 9th Floor
       New York, NY 10018
       (212) 869-3200
       File No.: UN-630

       WADE, CLARK, MULCAHY
       Attorneys for Defendant
       FRAN-JU, INC.
       111 Broadway – 9th Floor
       New York, NY 10006
       (212) 267-1900
       File No.: 190.3547.3

       LAW OFFICES of
       THOMAS J. LEONARD
       Attorneys for Defendant
       GERARDO MARCHESE INC.
       108 Corporate Park Drive, Suite 115
       White Plains, NY 10604
       (914) 251-1244

5

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK, COUNTY OF WESTCHESTER ss.:

I, the undersigned, am an attorney admitted practice in the Courts of New York State, and say that: I am the attorney of record, or of counsel with the attorney(s) of record, for plaintiffs. I have read the annexed BILL OF PARTICULARS know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matter therein not stated upon knowledge, is based upon the following:

Information contained within the file and conversations with plaintiffs.

Plaintiffs do not reside in the same County where deponent maintains his office or in the alternative that plaintiffs do reside in the same County; your deponent is familiar with the facts upon which this suit is based.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: White Plains, New York
      May 25, 2004

ARNOLD I. BERNSTEIN

## CERTIFICATION

This is to certify that, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of this paper or the contentions therein are not frivolous as defined in subsection (c) of section 130-1.1 of the Rules of the Chief Administrator (22NYCRR).

Yours, etc.,

ARNOLD I. BERNSTEIN
Attorney for Plaintiffs
599 West Hartsdale Avenue
White Plains, NY 10607
(914) 997-6400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------x
MARIA B. FIGUEIREDO, as Executrix of the                    Index No.: 8151/04
Estate of ANTONIO FIGUEIREDO, deceased
and MARIA B. FIGUEIREDO, Individually,

                   Plaintiffs,

     -against-                                   **VERIFIED BILL**
                                   **OF PARTICULARS**

NEW PALACE PAINTERS SUPPLY CO. INC.,
FRAN-JU, INC. and GERARDO MARCHESE, INC.,

                   Defendants.
----------------------------------------x
S I R S :

    PLEASE TAKE NOTICE, that plaintiffs, by their attorney, ARNOLD
I. BERNSTEIN, ESQ., hereby submit the following as and for their bill
of particulars pursuant to the demand of defendant GERARDO MARCHESE
INC., upon information and belief:

    1.    The occurrence complained of herein took place on January
22, 2003 at approximately 2:30 p.m.

    2.    Plaintiff resides at 46 Edgewood Avenue, Yonkers, NY 10704.

    3.    The acts and omissions constituting the negligence,
recklessness and carelessness of the defendants, their agents,
servants and/or employees, consisted of, among other things,
negligently, recklessly and carelessly owning, operating, managing,
maintaining and controlling the subject premises; in failing to use
due care and caution; in causing, permitting and/or allowing the
aforesaid premises to become and remain in an unsafe, improper and
dangerous condition, which constituted a hazard, trap and nuisance
to plaintiff's decedent and others lawfully working thereat; in
failing to keep said premises in a reasonable and proper state of

1

repair; in failing to provide a safe place to work for plaintiff's decedent and others lawfully employed thereat; in violating relevant and applicable provisions of the Labor Law of the State of New York, including, but not limited to Sections 200, 240 and 241(6); in violating relevant and applicable provisions of the New York Industrial Code; in failing to construct, shore, equip, guard, arrange, operate and/or conduct the area in and about the area where plaintiff's decedent was working in such a manner so as to prevent the happening of the occurrence herein; in failing to provide proper machinery, equipment and/or other devices which were adequately constructed, placed, guarded, managed and operated so as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein including plaintiff's decedent herein; in failing to provide safety equipment in compliance with the requirements of Labor Law Sections 200, 240 and 241(6) and the New York Industrial Code; in failing to furnish plaintiff's decedent with any hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes or other devices so constructed, placed and operated so as to give proper protection to plaintiff thereat; in failing to supply plaintiff's decedent with any safety lines, safety harnesses or other safety equipment; in allowing and permitting a dangerous and defective condition to exist for an unreasonably long period of time; in failing to provide adequate protection for safety to persons employed in the areas in which work was being performed; in failing to hire and/or supervise competent and adequate personnel; in causing and creating obstructions and/or other hazards in and about the area

2

where plaintiff was working; in failing to properly or adequately supervise the area; in permitting a dangerous, hazardous and defective condition to exist and remain for an unreasonable period of time; in failing to give the plaintiff's decedent warning or notice of the dangerous and unsafe condition existing at the aforesaid premises; in failing to erect barricades or signs or other warning devices around the condition to warn persons, and more particularly, the plaintiff's decedent herein, of the dangerous conditions then and there existing; in failing to barricade or otherwise prevent others from traversing the area where a dangerous and defective condition existed; in permitting the aforementioned area to be used while in a dangerous, defective and traplike condition; in causing, allowing and permitting said dangerous and defective conditions to exist for an unreasonable length of time, under the circumstances then and there prevailing without remedying same; in failing to inspect and/or negligently inspecting the aforesaid premises; in failing to maintain and repair the aforesaid premises in such a manner as to avoid the occurrence complained of herein; in failing to timely and properly remedy said dangerous and defective condition; in failing to take timely and adequate precautions to prevent the happening of the occurrence complained of; in failing to provide proper equipment and appurtenances which were necessary under the circumstances; in failing to adequately and properly design the subject premises; and in failing to use due care and caution so as to avoid the happening of the occurrence complained of. Plaintiff(s) may also rely upon the doctrine of <u>res ipsa</u>

<u>loquitur</u>, to the extent applicable.

4.    The occurrence complained of herein took place at premises located at 534 East 180th Street (3rd Avenue), County of Bronx, City and State of New York.

5.    Plaintiffs claim defendants, their agents, servants and/or employees violated the relevant and applicable provisions of the Labor Law of the State of New York, including, but not limited to Section 200, 240(1) and 241(6); and in violating relevant and applicable provisions of the New York Industrial Code and the NYCRR. Plaintiffs reserve the right to amend and/or supplement this paragraph after completion of discovery. Notice is not a prerequisite to defendants' violations of applicable law which impose strict liability upon defendants for the occurrence complained of herein. However, it is claimed that defendants, their agents, servants and/or employees had actual knowledge in that they caused and/or created the condition complained of and had a non-delegable duty to construct, place and operate safety devices so as to give proper protection to plaintiff's decedent herein.   Plaintiff(s) further claim that defendants herein by and through their agents, servants and/or employees had constructive notice and knowledge of the aforesaid dangerous and defective condition and failed to timely and properly remedy same and provide a safe place for decedent to work.

6.    Not applicable.

7.    Not applicable.

4

8.   Plaintiffs' special damages to be provided under separate cover.

Dated: White Plains, New York
       June 2, 2004

                                        Yours, etc.,

                                        _____
                                        ARNOLD I. BERNSTEIN
                                        Attorney for Plaintiffs
                                        599 West Hartsdale Avenue
                                        White Plains, NY 10607
                                        (914) 997-6400


TO:    LAW OFFICES of
       THOMAS J. LEONARD
       Attorneys for Defendant
       GERARDO MARCHESE INC.
       108 Corporate Park Drive, Suite 115
       White Plains, NY 10604
       (914) 251-1244

       MOLOD, SPITZ & DeSANTIS, ESQS.
       Attorneys for Defendant
       NEW PALACE PAINTERS SUPPLY CO. INC.
       104 West 40th Street - 9th Floor
       New York, NY 10018
       (212) 869-3200
       File No.: UN-630

       WADE, CLARK, MULCAHY
       Attorneys for Defendant
       FRAN-JU, INC.
       111 Broadway - 9th Floor
       New York, NY 10006
       (212) 267-1900
       File No.: 190.3547.3

5

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK, COUNTY OF WESTCHESTER ss.:

I, the undersigned, am an attorney admitted practice in the Courts of New York State, and say that: I am the attorney of record, or of counsel with the attorney(s) of record, for plaintiffs. I have read the annexed BILL OF PARTICULARS know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matter therein not stated upon knowledge, is based upon the following:

Information contained within the file and conversations with plaintiffs.

Plaintiffs do not reside in the same County where deponent maintains his office or in the alternative that plaintiffs do reside in the same County; your deponent is familiar with the facts upon which this suit is based.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: White Plains, New York
      June 2, 2004

_____
ARNOLD I. BERNSTEIN

## CERTIFICATION

This is to certify that, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of this paper or the contentions therein are not frivolous as defined in subsection (c) of section 130-1.1 of the Rules of the Chief Administrator (22NYCRR).

Yours, etc.,

ARNOLD I. BERNSTEIN
Attorney for Plaintiffs
599 West Hartsdale Avenue
White Plains, NY 10607
(914) 997-6400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------X
MARIA B. FIGUEIREDO, as Executrix of the
Estate of ANTONIO FIGUEIREDO, deceased          Index No. 8151/04
and MARIA B. FIGUEIREDO, Individually,

                    Plaintiff,          **Amended Verified**
                                              **Bill of Particulars**

     -against-

NEW PALACE PAINTERS SUPPLY CO., INC.,
FRAN-JU, INC. and GERARDO MARCHESE, INC.,

                    Defendants.
----------------------------------------X

*C O U N S E L O R S:*

     ***PLEASE TAKE NOTICE***, that the plaintiff's, by their

attorneys, DAVID P. KOWNACKI, P.C., as and for their response to

the defendants' demands for a bill of particulars, amend that

previously provided as follows:

     1.  The accident occurred at the premises known as 538

East 180th Street, County of Bronx, City and State of New York.


Dated:    New York, New York
          May 3, 2005

                                 Yours, etc.

                                  Stephen A. Skor, Esq.
                                  DAVID P. KOWNACKI, P.C.
                                  *Attorney for Plaintiff*
                                  122 East 42nd Street
                                  Suite 2112
                                  New York, NY 10168
                                  (212) 557-4190

TO:
**LAW OFFICES OF THOMAS J. LEONARD**
*Attorneys for Defendant*
*Gerardo Marchese, Inc.*
108 Corporate Drive, Suite 115
White Plains, New York 10604
(914) 251-1244

**MOLOD SPITZ & DeSANTIS, P.C.**
*Attorneys for Defendant*
*New Palace Painters Supply*
104 West 40th Street
New York, New York 10018
(212) 869-3200
Your File No. UN-630

**WADE, CLARK, MULCAHY**
*Attorneys for Defendant*
*Fran-Ju, Inc.*
111 Broadway, 9th Floor
New York, New York 10006
(212) 267-1900
File No. 267-1900

\\Server\client\A to G\Figueiredo, A\amendedbp.wpd

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------X
MARIA B. FIGUEIREDO, as Executrix of the
Estate of ANTONIO FIGUEIREDO, deceased          Index No. 8151/04
and MARIA B. FIGUEIREDO, Individually,

              Plaintiff,                      **Supplemental
Verified Bill of
Particulars**

     -against-

NEW PALACE PAINTERS SUPPLY CO., INC.,
FRAN-JU, INC. and GERARDO MARCHESE, INC.,

             Defendants.
----------------------------------------X

*C O U N S E L O R S:*

     ***PLEASE TAKE NOTICE***, that the plaintiff's, by their

attorneys, DAVID P. KOWNACKI, P.C., as and for their response to

the defendants' demands for a bill of particulars, supplements

that previously provided as follows:

     1.   The defendants violated Section 23-1.7(b)(1)(i),

(ii) and (iii) of the Industrial Code as they pertain to

"Hazardous Openings" and thus Labor Law section 241(6).

Dated:   New York, New York
        August 29, 2005

                        Yours, etc.

                        Stephen A. Skor, Esq.
                        DAVID P. KOWNACKI, P.C.
                        *Attorney for Plaintiff*
                        122 East 42nd Street
                        Suite 2112
                        New York, NY 10168
                        (212) 557-4190

TO:

LAW OFFICES OF THOMAS J. LEONARD
*Attorneys for Defendant*
*Gerardo Marchese, Inc.*
108 Corporate Drive, Suite 115
White Plains, New York 10604
(914) 251-1244

MOLOD SPITZ & DeSANTIS, P.C.
*Attorneys for Defendant*
*New Palace Painters Supply*
104 West 40th Street
New York, New York 10018
(212) 869-3200
Your File No. UN-630

WADE, CLARK, MULCAHY
*Attorneys for Defendant*
*Fran-Ju, Inc.*
111 Broadway, 9th Floor
New York, New York 10006
(212) 267-1900
File No. 267-1900

\\Server\client\A to G\Figueiredo, A\suppbp.wpd

-2-

## ATTORNEY'S VERIFICATION

STEPHEN A. SKOR , ESQ., an attorney associated with DAVID P. KOWNACKI, P.C., attorneys for plaintiff in the within action, and duly admitted to practice in the Courts of the State of New York affirms the following under the penalties of perjury, pursuant to Rule 2106 of CPLR:

That he has read the foregoing **BILL OF PARTICULARS** and knows the contest thereof; that the same is true to his own knowledge, except as to the matters herein stated to be alleged upon information and belief, and that as to those matters he believes to be true.

Affiant further states that the source of his information and the grounds of his belief are derived from the file maintained in the normal course of business.

Affiant further states that the reason this verification is not made by the plaintiff is that the plaintiff resides outside the County of New York, which is the County where the attorney for the plaintiff herein maintains his office.

Dated:    New York, New York
           August 29, 2005

                                    _____
                                    Stephen A. Skor, Esq.

Exhibit G

# RETAINER AGREEMENT

To: The Law Offices of Arnold I. Bernstein
599 West Hartsdale Avenue
White Plains, New York 10607

1. **I, Maria B. Figueiredo proposed executrix of the estate of Antonio Figueiredo**, of **46 Edgewood Avenue Yonkers NY 10704** hereby employ and engage The Law Offices of Arnold I. Bernstein to represent me in connection with any and all claims which I may have against any and all persons, arising on **January 22, 2003 through February 14, 2003.**

2. You are authorized to fully investigate my claim, and should you file suit or other legal proceedings on my behalf, to fully prepare for and prosecute the same. If, after reasonable investigation of such claim or claims, you determine that it is not feasible to prosecute such claim, upon notification to me of such fact, you may withdraw from representation under this agreement.

3. I understand that the legal representation that you will provide will include all aspects of the handling of my case from initial settlement negotiations through the commencement of suit and entry of judgment. I further understand that the services to be provided through this agreement will not extend through the prosecution of an appeal or representation on an appeal brought by any of the parties to the law suit.

4. In consideration of the services rendered and to be rendered, Clients agree to pay and ARNOLD I. BERNSTEIN is authorized to retain out of any monies that may come into their possession by reason of the above claim <u>Thirty-Three and One-Third (33 Percent of the net settlement or award</u>; provided, however, that if any portion of the recovery is based on a claim for medical malpractice, then the contingent fees shall conform to those set forth in the Medical Malpractice Reform Law of July 2, 1985, as set forth below. Fees shall be computed on the net sum after deducted costs. For the following or similar items there shall be no deduction in computing fees: Liens, assignments or claims in favor of health care providers, self insurers or carriers. In the event of extraordinary services, Attorneys may apply to the Court for greater compensation.

5. <u>IN THE EVENT OF NO RECOVERY CLIENTS SHALL OWE ATTORNEYS NOTHING FOR SERVICES RENDERED.</u>

6. <u>CLIENTS AGREE THAT ATTORNEYS HAVE MADE NO PROMISES OR GUARANTEES REGARDING THE OUTCOME OF CLIENTS' CLAIM. Clients understand Attorneys will investigate Clients' claim and, if after so investigating, claim does not appear to them to have merit, or in the event that it appears defendants have no insurance coverage, then Attorneys shall have the right to cancel this agreement.</u>

7. If this is a medical malpractice case, the maximum Attorneys' fee applied for, after a jury has begun to be selected or any appeal taken shall be Thirty-Three and One-Third

(33_%) Percent.  Clients have discussed the Medical Malpractice Sliding Scale retainer with ARNOLD I. BERNSTEIN, ESQ.  and understand that the fees are restricted by the Judiciary Law as follows:        30% of the first $250,000.00;

25% of the next $250,000.00;
20% of the next $500,000.00;
15% of the next $250,000.00;
10% of anything over $1,250,000.00

unless otherwise ordered by the Court.


8.  Such percentages shall be computed on the net sum recovered after deducting from the amount recovered, expenses and disbursements for expert testimony, and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action.  In computing the fee, the costs as taxed, including interest upon a judgment, shall be deemed part of the amount recovered.  For the following or similar items there shall be no deduction in computing such percentages:  liens, assignments or claims in favor of hospitals, for medical care, dental care, podiatric care and treatment by doctors and nurses or of self-insurers or insurance carriers.

9.  I further agree that from the proceeds of any such recovery, whether by settlement, judgment or otherwise, you may deduct the attorney's fees to which you are entitled, and all costs, expenses and interest which remain unpaid.  Should this matter be concluded on the bases of a "structured settlement" your entire fee plus all costs advanced on my behalf shall be deducted from the initial cash payment.

10.  It is understood that I remain fully responsible for all court costs and disbursements whether they be incurred for expert testimony, investigation or other services properly chargeable to the enforcement of the claim or prosecution of the action.  The Law Offices of Arnold I. Bernstein reserves the right to elect to make payment in the first instance of these expenses and disbursements so as not to hinder the efficient investigation of the claim or prosecution of the action.  If The Law Offices of Arnold I. Bernstein have advanced these payments I understand that I remain fully responsible to reimburse them and give them the right to deduct the amounts which might still be due and owing from any sum recovered by settlement or judgment.

11.  I acknowledge, before signing this retainer agreement, that I have received and read it and understand each of the statements made herein.

Dated:  2/28/2003

Maria B.   Figueiredo
46 Edgewood Avenue
Yonkers NY  10704

Exhibit H

# ACS Recovery Services

formerly Primax Recoveries Incorporated
P.O. Box 4003, Schaumburg, IL 60168-4003

November 8, 2006       REC'D NOV 15 2006

Mr. David Kownacki
Attorney at Law
122 E. 42nd St.  Suite 2112
New York, NY 10168

|  |  |
|---|---|
| Claimant: | Ahtonio Figueiredo |
| Our Case ID: | 4389009 |
| Date of Loss: | 01/22/2003 |
| Our Client: | Great-West Healthcare |
| WC Commission Number: | |

Dear Mr. Kownacki:

We have been notified that you represent the claimant for injuries sustained in a work related accident.  Great-West Healthcare paid for medical expenses that were incurred in treating these injuries.

Work related injuries are not covered by the claimant's health plan.  Injuries arising out of and in the course of employment are excluded from coverage if the benefits should be covered under any Workers' Compensation Act or comparable law.  This exclusion applies whether the benefits are recovered from a workers' compensation insurance carrier or other liable third party.

ACS Recovery Services claims a right of reimbursement, on behalf of our client, from any proceeds paid as a result of this work related injury.  Please advise us of the status of this claim.

Sincerely,

Schaumburg Recovery Team
ACS Recovery Services
(847) 755-7489

Great-West Healthcare refers to products and services provided by Great-West Life & Annuity Insurance Company. Its subsidiaries (Alta Health & Life Insurance Company and One Health Plan HMO/HCSC companies) and New England Life Insurance Company or its affiliate, Metropolitan Life Insurance Company. Great-West Life & Annuity Insurance Company is not licensed to do business in New York. Products are sold in New York by its subsidiary First Great-West Life & Annuity Insurance Company, Albany N.Y.

Law Offices Of

# DAVID P. KOWNACKI, P.C.
122 EAST 42nd STREET - SUITE 2112
NEW YORK, NEW YORK 10168-0001
TEL: (212) 557-4190  FAX: (212) 557-4188
E-mail: dpk@ix.netcom.com

November 16, 2006

ACS RECOVERY SERVICES
PO Box 4003
Schaumburg, Illinois 60168-4003

RE: ANTONIO FIGUEIREDO, deceased      Your Case No. 4389009
Your Client: Great-West Healthcare

Dear Sir/Madam:

I acknowledge receipt of an unsigned letter dated November 8, 2006, from your office stating your right of reimbursement on behalf of Great-West Healthcare for health insurance benefits paid in connection with injuries suffered in an accident on January 22, 2003.

Please be advised that Mr. Figueiredo was self employed and no workers' compensation benefits were available.

Accordingly, we do not recognize your right to recovery from any third-party action instituted on behalf of Mr. Figueiredo's Estate.

I suggest that you send to this office a copy of the policy under which benefits were paid. I also request that you advise me of the amount that you are claiming a right to recover.

The matter that I am handling is still pending and we do not yet have a trial date.

If you have any questions, please feel free to contact me directly.

Very truly yours,

David P. Kownacki

DPK:vh
COPY TO:
Maria B. Figueiredo          Arnold I. Bernstein, Esq.
46 Edgewood Avenue           599 West Hartsdale Road
Yonkers, New York  10704     White Plains, New York  10607

\\Server\client\A to G\Figueiredo, A\ltr to acs recovery lien claimed.wpd

# ACS Recovery Services

formerly Primax Recoveries Incorporated
P.O. Box 4003, Schaumburg, IL 60168-4003

November 28, 2006



Mr. David Kownacki
Attorney at Law
122 E. 42nd St. Suite 2112
New York, NY 10168

|  |  |
|---|---|
| Claimant: | Antonio Figueiredo |
| Our Case ID: | 4389009 |
| Date of Loss: | 01/22/2003 |
| Our Client: | Great-West Healthcare |
| WC Commission Number: | |

Dear Mr. Kownacki:

We have been notified that you represent the claimant for injuries sustained in a work related accident. Great-West Healthcare paid for medical expenses that were incurred in treating these injuries.

Work related injuries are not covered by the claimant's health plan. Injuries arising out of and in the course of employment are excluded from coverage if the benefits should be covered under any Workers' Compensation Act or comparable law. This exclusion applies whether the benefits are recovered from a workers' compensation insurance carrier or other liable third party.

ACS Recovery Services claims a right of reimbursement, on behalf of our client, from any proceeds paid as a result of this work related injury. Please advise us of the status of this claim.

Sincerely,

WMueller

Wendy Mueller
ACS Recovery Services
(847) 755-7459

Great-West Healthcare refers to products and services provided by Great-West Life & Annuity Insurance Company. Its subsidiaries (Alta Health & Life Insurance Company and One Health Plan HMO/HCSC companies) and New England Life Insurance Company or its affiliate, Metropolitan Life Insurance Company. Great-West Life & Annuity Insurance Company is not licensed to do business in New York. Products are sold in New York by its subsidiary First Great-West Life & Annuity Insurance Company, Albany N.Y.

# ACS Recovery Services

P.O. Box 4003
Schaumburg, IL 60168-4003

April 4, 2007



Mr. David Kownacki
Attorney at Law
122 E. 42nd St.  Suite 2112
New York, NY 10168

|  |  |
|---|---|
| Claimant: | Antonio Figueiredo |
| Our Case ID: | 4389009 |
| Date of Loss: | 01/22/2003 |
| Our Client: | Great-West Healthcare |

Dear Mr. Kownacki:

Enclosed please find an itemized list of Medical Providers, Dates of Service, Claim Amounts and Benefits Paid.  As you can see our lien amount to date is $51,415.26.  Please call prior to settlement or judgment to determine the total amount of benefits paid by our client.

Also, would you kindly provide us with a list of the medical specials you have submitted to the insurance carrier.  The purpose for this list is to crosscheck with our information to verify that we are not making a claim for any expenses that were not a result of the above accident, and to ensure that all charges that are related to the accident are included in the claim.

Thank you for your cooperation.

Very truly yours,

Wendy Mueller
ACS Recovery Services
(847) 755-7459

Great-West Healthcare refers to products and services provided by Great-West Life & Annuity Insurance Company. Its subsidiaries (Alta Health & Life Insurance Company and One Health Plan HMO/HCSC companies) and New England Life Insurance Company or its affiliate, Metropolitan Life Insurance Company. Great-West Life & Annuity Insurance Company is not licensed to do business in New York. Products are sold in New York by its subsidiary First Great-West Life & Annuity Insurance Company, Albany N.Y.

Law Offices Of

# DAVID P. KOWNACKI, P.C.
122 EAST 42nd STREET - SUITE 2112
NEW YORK, NEW YORK 10168-0001
TEL: (212) 557-4190  FAX: (212) 557-4188
E-mail: dpk@ix.netcom.com

---

April 10, 2007

Wendy Mueller
**ACS RECOVERY SERVICES**
PO Box 4003
Schaumburg, Illinois 60168-4003

**RE: ANTONIO FIGUEIREDO, deceased     Your Case No. 4389009
Your Client: Great-West Healthcare**

Dear Ms. Mueller:

I acknowledge receipt of two letters dated March 23 and April 4, 2007, respectively, as well as a "notice of lien" dated March 23, 2007.

Please be advised that we do not recognize your claimed lien. I reference terms and conditions of the contract of insurance. You have not responded to my request for a complete copy of the contract.

Very truly yours,

David P. Kownacki

DPK:vh
\\Server\client\A to G\Figueiredo, A\ltr to acs no contract recvd.wpd

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX                                    Index No. 8151/04
_____

MARIA B. FIGUEIREDO, as Executrix of the
Estate of ANTONIO FIGUEIREDO, deceased
and MARIA B. FIGUEIREDO, Individually,

         Plaintiff,

   -against-

NEW PALACE PAINTERS SUPPLY CO., INC.,
FRAN-JU, INC. and GERARDO MARCHESE, INC.,

        Defendants.
_____

ORDER TO SHOW CAUSE
_____
_____

Law Offices of
DAVID P. KOWNACKI, P.C.
*Attorney for Plaintiffs*
*Office and Post Office Address*
122 East 42nd Street, Suite 2112
New York, New York 10168
Telephone: (212) 557-4190
_____
_____

**PART - 130 SIGNING REQUIREMENT**
Pursuant to Section 130-1.1-a of the Rules
of the Chief Administrator (22 NYCRR).

By _____
    David P. Kownacki, Esq.

Dated: June 20, 2007