# DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

GLENN E. BUTASH
Attorney at Law

7 Times Square
New York, NY 10036
T: (973) 966-8246 F: (212) 916 2940
gbutash@daypitney.com

August 4, 2007

**BY HAND**

Hon. Howard R. Silver, J.S.C.
Supreme Court of the State of New York, Bronx County
851 Grand Concourse
Bronx, New York 10451

    Re:   *Figueiredo v. New Palace Painters Supply Co., Inc.*;
           Index No. 8151/04

Dear Judge Silver:

    On Friday, this firm was retained to represent ACS Recovery Services, Inc. ("ACS") in the above-referenced action. ACS asserts a subrogation lien, in the amount of $51,415.26, against any recovery that plaintiffs may have, by way of judgment, settlement or otherwise, in the above-referenced action. ACS is not a party to the action but was served with an order to show cause, returnable on Monday, August 6, 2007, at 11:00 a.m., by which plaintiffs seek, among other relief, to approve a certain settlement of the action and to extinguish ACS's lien. ACS does not oppose the settlement but does oppose the extinguishment of its lien.

    Unfortunately, I am leaving today (Saturday) for vacation and will not be returning to New York until Monday, August 13, 2007. Accordingly, we respectfully ask for an adjournment of the order to show cause—at least to the extent that it seeks to extinguish ACS's lien—for two weeks, until August 20, 2007.

    ACS intends to show that the lien arose as a result of the payment, by a self-funded employee welfare benefit plan governed by the Employee Retirement Income Security Act, of medical expenses on behalf of Antonio Figueiredo in connection with the injuries that are the subject matter of the present action. Mr. Figueiredo was a participant in the plan, and any recovery that he may obtain as a result of his injuries (and, in this case, death), is, under federal law and the terms of the plan, subject to the plan's subrogation lien, to the extent of the medical expenses paid (here, $51,415.26). ACS is a fiduciary of the plan with respect to the plan's subrogation rights and is the entity that is authorized to pursue enforcement of the plan's subrogation lien.

**dP DAY PITNEY** LLP

Hon. Howard R. Silver, J.S.C.
August 4, 2007
Page 2

  The Court's granting of the requested brief adjournment would be greatly appreciated.

                Respectfully submitted,

                *Glenn Butash*
                Glenn E. Butash

Enclosure

cc: All counsel of record
   (w/ enclosure)