UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ACS RECOVERY SERVICES, INC.,

               Plaintiff,

                                  07CV7359(CLB)(LMS)

       v.

MARIA B. FIGUEIREDO, as Executrix
of the Estate of Antonio Figueiredo,
Deceased, and MARIA B. FIGUEIREDO,
Individually,

               Defendant.
------------------------------------X

# REPLY MEMORANDUM OF LAW

by David P. Kownacki, Esq.
Attorney for Defendant

                  David P. Kownacki, PC
                  122 East 42nd Street
                     Suite 2112
                New York, New York 10168
                   (212) 557-4190

Defendant Maria B. Figueiredo submits this reply memorandum of law in response to the submissions of plaintiff ACS and in further support of her motion to dismiss this matter. The parties essentially agree on the operative facts and the application can be determined as a matter of law. ACS had been served with an Order to Show Cause which it deliberately failed to answer or appear on and a default order was entered against it. The case law demonstrates that the current action should be dismissed on that basis.

The opposition of plaintiff to the application for dismissal is based upon two points. ACS first claims that since it was not a direct party to the underlying state court personal injury action, the decision by Justice Silver granting Mrs. Figueiredo's motion to extinguish its claimed lien is a nullity. The second argument is that collateral estoppel and/or res judicata are inapplicable to a motion decided by default. Neither of these arguments is valid and the cases cited by plaintiff are distinguishable from the facts of the instant matter and the case law cited by plaintiff ACS.

## JURISDICTION

ACS argues that because it was not a party to the prior proceeding, Justice Silver's order is not valid. However, every prosecution by a party in a court of justice, which is not an action, is a "special proceeding", and is commenced

2

by service of a notice or order to show cause. <u>Matter of</u>
<u>Burge</u>, 203 Misc. 677, 118 N.Y.S.2d 23 (N.Y.Sup. 1952),
reversed on other grounds 282 A.D. 219, 122 N.Y.S.2d 232
(1st Dep't 1953), <u>aff'd</u> 306 N.Y. 811, 118 N.E.2d 822 (1954).
The proceeding against ACS was instituted by Order to Show
Cause.  The typographical error use of the term
"defendants," rather than "defendants and ACS" is of no
moment.  The aspect of the application that concerned the
claimed lien clearly involved ACS and ACS was named in the
affidavit setting forth the factual and legal basis asserted
on behalf of Mrs. Figueiredo to extinguish the claim.  ACS
was personally served as specified by Justice Silver and as
required to obtain jurisdiction over a non-party.  ACS
retained counsel to oppose the application.  That attorney
contacted this office after he was retained and after he had
been furnished with the Order to Show Cause by his client.
Clearly, jurisdiction was obtained over ACS for the purpose
of this special proceeding to determine the validity of the
claimed lien.  To assert, as ACS does, that an individual or
other legal entity must be a named party to a lawsuit, or in
privity with a party, in order for the court to exercise
jurisdiction is absurd.

   Unfortunately for the people of this state, insurance
companies that have earned premiums in connection with the
issuance of health insurance policies are increasingly
likely to seek reimbursement of policy benefits paid to

3

those who are successful in personal injury lawsuits.  The
tried and true method for determining the validity of those
claims is via order to show cause in the underlying personal
injury lawsuit.  See <u>Bah v. Malavet</u>, 15 Misc.3d 1135(A), 841
N.Y.S.2d 818 (Table) (N.Y.Sup.2007); <u>Reiss v. Roadhouse
Restaurant</u>,14 Misc.3d 1226(A), 836 N.Y.S.2d 495 (Table)
(N.Y.Sup. 2007); <u>Mossberg v. City of New York</u>, 13 Misc.3d
1223(A), 831 N.Y.S.2d 348 (Table) (N.Y.Sup. 2006); <u>DelRossi
v. Defendant V</u>, 6 Misc.3d 454, 789 N.Y.S.2d 816 (N.Y.Sup.
2004).  Obviously, Mrs. Figueiredo proceeded in accordance
with New York law and precedent and the order obtained from
Justice Silver should be honored by this Court.

## PRECLUSION

Res judicata and collateral estoppel are related
doctrines that are based on the principle that a party
should not be permitted to re-litigate an issue decided
against it, <u>D'Arata v. New York Central Mutual Fire
Insurance Co.</u>, 76 N.Y.2d 659, 563 N.Y.S.2d 24, 564 N.E.2d
634 (1990); <u>Ryan v. New York Telephone Co.</u>, 62 N.Y.2d 494,
478 N.Y.S.2d 823, 467 N.E.2d 487 (1984).  Res judicata or
claim preclusion embodies the idea that a judgment between
the same parties resolves all other claims arising out of
the same transaction, <u>Sound Distributing Corp. v. Ponce
Acquisition Corp.</u>, 179 A.D.2d 469, 577 N.Y.S.2d 863 (1st
Dep't 1992). Collateral estoppel or issue preclusion
prevents re-litigation by a party of an issue decided

4

against it in prior litigation in which it had a full and
fair opportunity to litigate the issue, People of the State
of New York, by Abrams v. Trans World Airlines, Inc., 171
A.D.2d 76, 575 N.Y.S.2d 1 (1st Dep't 1991). These doctrines
avoid the unfairness of allowing a party to obtain multiple
hearings on the same issues, prevent inconsistent results
and conserve judicial resources, Murray v. National
Broadcasting Co., Inc., 178 A.D.2d 157, 576 N.Y.S.2d 578
(1st Dep't 1991).

A default may be used for collateral estoppel purposes.
Collateral estoppel may be applied to default judgments
where the party against whom preclusion is sought appears in
the prior action, yet wilfully and deliberately refuses to
participate in those litigation proceedings, or abandons
them, despite a full and fair opportunity to do so, In re
Abady, 22 A.D.3d 71, 800 N.Y.S.2d 651 (1st Dep't 2005).  The
fact that this claimed lien had been dismissed in an order
entered on ACS's default does not prevent it from having
preclusive effect where ACS deliberately refused to
participate in the proceedings leading to the default, Brown
v. Suggs, 39 A.D.3d 395, 834 N.Y.S.2d 526 (1st Dep't 2007).
Collateral estoppel based on a default is well recognized in
New York and has even been invoked to bar medical
malpractice actions where a prior judicial determination of
the value of the defendant physician's services had been
entered on default, Hunt v. Godesky, 189 A.D.2d 854, 592

N.Y.S.2d 781 (2nd Dep't 1993).

The cases cited by plaintiff in its Memorandum of Law concern the inapplicability of the doctrine to cases where it was sought to be invoked against a different party then the defaulting party. In the motor vehicle accident case cited by plaintiff for the proposition that a default may not be used to invoke collateral estoppel, <u>Chambers v. City of New York</u>, 309 A.D.2d 81, 764 N.Y.S.2d 708 (2nd Dep't 2003), the court refused to apply the doctrine to grant summary judgment on liability against the defendant City of New York after a default had been taken in a separate action against the defendant driver. The driver was a City employee, but the issue of the vicarious liability of defendant City had not been decided on the default and that precluded summary judgment against the City. The City had not even been a party to the action against the driver when the default was obtained. Since vicarious liability had not been determined in the prior litigation, collateral estoppel was not applicable. The Third Department holding in <u>Watrous v. Autera</u>, 284 A.D2d 792, 726 N.Y.S.2d 595 (3rd Dep't 2001), came to the same conclusion regarding summary judgment against a defendant when a co-defendant defaulted in a case involving an alleged fraudulent transfer of property. In an unreported decision, <u>Perez v. Nationwide Mut. Fire Ins. Co.,</u> 2001 WL 716924 (S.D.N.Y.,2001), the same principle was applied to the efforts of a plaintiff in a personal injury

case who had obtained a default against defendant tortfeasor
to gain summary judgment in a direct action against that
defendant's insurance company.  Coverage issues had not been
previously litigated and precluded summary judgment. A
slightly different variation of the same theme was decided
in Summa Environmental Services, Inc. v. Fifth Ave.
Partners, 176 A.D.2d 664, 575 N.Y.S.2d 317 (1st Dep't 1991),
another case cited by ACS.  There a mechanics lien filed
under the wrong name was vacated on default after a second
mechanic's lien was filed under the correct name and an
action initiated to foreclose on the correct lien.  The
court declined to dismiss the action on collateral estoppel
grounds since that first lien named incorrect parties and
the issues, therefore, not identical.

     In contrast, here state court jurisdiction had been
obtained over ACS, via an order to show cause.  There is a
complete identity of parties and issues.  ACS was the actual
party to the special proceeding and was on notice of the
application, having been personally served.  There is no
claim that ACS was not properly served or that it did not
have the opportunity to retain counsel and contest, appeal
or reargue the application.  The claim that ACS was somehow
prejudiced because it allegedly only retained counsel three
days before the motion was to be heard has no merit.  We
have no evidence in admissible form regarding when counsel
was obtained and, if true, ACS must live with the

7

ramifications of its delay.  Further, no excuse has been given for counsel's failure to appear for argument on the motion, either personally or through a partner or associate. The firm representing ACS is not a one lawyer practice.  The failure to appear or defend the application in state court can only be characterized as wilful and deliberate.  This was further demonstrated by the failure to either appeal the state court ruling or seek reconsideration of the motion. The burden here is on ACS to show that it did not have a full or fair opportunity to litigate this matter in the state court proceeding, <u>Halyalkar v. Board of Regents</u>, 72 N.Y.2d 261, 532 N.Y.S.2d 85, 527 N.E.2d 1222 (1988).  ACS has utterly failed to meet this burden here and this matter should be dismissed.

## CONCLUSION

Defendant's motion should be granted in its entirety.  Plaintiff here is simply seeking to re-litigate a matter that has already been determined in the state court proceeding.


Dated:      New York, New York
            December 10, 2007


                        Respectfully submitted,


                        _____
                        David P. Kownacki, Esq. (2601)
                        Attorney for Defendant
                        122  East 42nd Street
                        Suite 2112
                        New York, New York 10168
                        (212) 557-4190


.

\\Server\client\A to G\Figueiredo, A\reply memo of law revised.wpd